IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**LUXPRO CORPORATION**                                                              **PLAINTIFF**

**VS.**                      **NO.**       **4-08-CV-4092 HFB**

**APPLE INC. f/k/a Apple Computer, Inc.**                              **DEFENDANT**

## DEFENDANT APPLE INC'S MOTION TO DISMISS
## FOR FAILURE TO STATE A CLAIM

COMES now the Defendant, Apple Inc. f/k/a Apple Computer, Inc., and for its Motion to Dismiss for Failure to State a Claim, states:

1. The plaintiff in this action, Luxpro Corporation, is a Taiwanese company that manufactures and sells unauthorized copies (sometimes called "knock-offs") of Apple's uniquely designed digital music player iPod products. Apple first became aware of Luxpro's unlawful activities in 2005, when Apple learned that Luxpro displayed a knock-off of Apple's iPod shuffle at a tradeshow in Germany. Apple responded by acting to enforce its intellectual property rights against Luxpro. Apple first sought and obtained an injunction from a German court that prohibited Luxpro from selling its unauthorized copy of the iPod shuffle. Apple then wrote letters to Luxpro demanding that Luxpro stop selling infringing products. When Luxpro refused, Apple commenced litigation against Luxpro in Taiwan and won a preliminary injunction prohibiting Luxpro from selling certain infringing products. Apple also contacted companies selling or attempting to sell Luxpro's knock-off products, informing them that they were infringing Apple's intellectual property.

2. Now, more than three years later, Luxpro has brought suit in a forum that has no connection to this dispute, claiming that Apple's legitimate attempts to stop Luxpro from infringing its intellectual property violated state law. Setting aside the impropriety of commencing suit in this District, which Apple addresses in the accompanying motion to transfer, Luxpro's claims are legally deficient for multiple reasons and should be dismissed.

3. Because Luxpro alleges nothing more than Apple's enforcement of intellectual property rights, its claims fall squarely within the *Noerr-Pennington* doctrine and must be dismissed. That doctrine immunizes from liability a defendant's attempt to protect its intellectual property by bringing litigation — including litigation in foreign countries — and by engaging in pre-litigation conduct such as sending demand letters. That is exactly what Luxpro alleges here. The *Noerr-Pennington* doctrine does not apply to "sham activities," such as bringing litigation that lacks an objectively reasonable basis, but Luxpro does not even attempt to make such an allegation. Nor could it. Luxpro concedes that Apple obtained injunctive relief in two separate courts — a measure of litigation success that conclusively establishes Apple's objectively reasonable basis for pursuing Luxpro.

4. *Noerr-Pennington* disposes of all of Luxpro's claims, but it is not the only basis for dismissal. Luxpro alleges two claims for tortious interference that are defective for additional reasons. These claims are barred by the applicable statute of limitations because they were brought more than three years after Luxpro discovered the basis for these claims. In addition, tortious interference claims may be based upon litigation *only* if the litigation was commenced without probable cause; Luxpro does not and cannot allege that Apple lacked probable cause where Apple obtained injunctions in its favor. Luxpro also fails to allege any

independently wrongful conduct by Apple, as is required for tortious interference. Luxpro cannot state tortious interference claims in these circumstances.

5. Luxpro's claim for "attempted common law monopolization" fails because no such claim is recognized under California law (the law that applies to all of Luxpro's common law claims). Luxpro's claim under California's Business and Professions Code, Section 17200, fails to allege unfair, unlawful, or deceptive conduct within the meaning of the statute. For example, because this is a claim brought by a competitor (albeit one that "competes" by selling infringing copies), Luxpro would have to allege conduct amounting to an antitrust violation to state a claim for "unfair" conduct. The complaint fails to allege such conduct. Finally, Luxpro's "commercial disparagement" claim is alleged only in vague and conclusory terms; it could be a claim for either defamation or trade libel. Either way, it fails to plead the words constituting the alleged libel or the damages that allegedly resulted. It thus is fatally defective and must be dismissed.

6. Apple has filed herewith a Brief in support of the Motion to Dismiss

For all of the reasons, if the Court does not grant Apple's motion to transfer, it should dismiss all of Luxpro's claims with prejudice.

Respectfully submitted,

JAMES M. PRATT, JR.
Attorney at Law
Post Office Box 938
Camden, Arkansas 71701-0938
Telephone: 870-836-7328
jamiepratt@cablelynx.com

KEVIN A. CRASS (84029)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas  72201-3522
Telephone:  (501) 376-2011
Crass@fec.net

**CO-COUNSEL:**
PENELOPE A. PREOVOLOS
STUART C. PLUNKETT
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415-268-7000
ppreovolos@mofo.com
splunkett@mofo.com

Attorneys for Defendant,
Apple Inc. f/k/a Apple Computer, Inc.


BY: /s/  Kevin A. Crass
        KEVIN A. CRASS


## CERTIFICATE OF SERVICE

I, Kevin A. Crass, hereby certify that on December 19, 2008, the foregoing was electronically filed with the Clerk which shall send notification of such filing to the following:

- **Richard A. Adams**
  radams@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com
- **Phillip N. Cockrell**
  pcockrell@pattonroberts.com,kharris@pattonroberts.com
- **Patrick J. Conroy**
  pconroy@shorechan.com,ldalton@shorechan.com
- **Jeremy Young Hutchinson**
  jhutchinson@pattonroberts.com,kbraswell@pattonroberts.com
- **Glenn E. Janik**
  gjanik@shorechan.com,ldalton@shorechan.com
- **Corey Darnell McGaha**
  cmcgaha@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com,ssrebalus@pattonroberts.com
- **Nicholas H. Patton**
  nickpatton@texarkanalaw.com,mlong@texarkanalaw.com

- **Leisa B. Pearlman**
  lpearlman@pattonroberts.com,shicks@pattonroberts.com,pdesantis@pattonroberts.com,kgarrett@pattonroberts.com
- **Patricia L. Peden**
  ppeden@pedenlawfirm.com
- **Stuart Christopher Plunkett**
  rpelletier@mofo.com,splunkett@mofo.com
- **James M. Pratt , Jr**
  jamiepratt@cablelynx.com
- **Penelope A. Preovolos**
  PPreovolos@mofo.com,kfranklin@mofo.com
- **Sean F. Rommel**
  srommel@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com,kgarrett@pattonroberts.com

/s/ Kevin A. Crass
KEVIN A. CRASS (84029)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522
Telephone: (501) 376-2011
Crass@fec.net
Attorneys for Defendant,
Apple Inc. f/k/a Apple Computer, Inc.