# IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF ARKANSAS

### TEXARKANA DIVISION

| | |
|---|---|
| LUXPRO CORPORATION, a Taiwanese corporation, | ) ) |
| | ) |
| Plaintiff, | ) |
| | )     Civil Action No. 4:08-CV-04092-HFB |
| v. | ) |
| | ) |
| APPLE, INC. f/k/a Apple Computer, Inc., | ) ) |
| | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT APPLE INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... iii

INTRODUCTION ............................................................................................ 1

BACKGROUND ............................................................................................. 3

I.   PARTIES ............................................................................................... 3

II.  ALLEGATIONS ..................................................................................... 3

    A.   Litigation in Germany .................................................................4

    B.   Demand Letters to Luxpro and Litigation in Taiwan .............................4

    C.   Demand Letters to Nonparties ......................................................5

III. CAUSES OF ACTION ........................................................................... 5

LEGAL STANDARD ..................................................................................... 5

ARGUMENT ................................................................................................. 7

I.   LUXPRO'S CLAIMS ARE GOVERNED BY CALIFORNIA LAW ............................. 7

II.  LUXPRO'S CLAIMS ARE ALL BARRED BY THE *NOERR-PENNINGTON* DOCTRINE ............................................................................ 8

    A.   Apple Is Immune Under *Noerr-Pennington* Because Luxpro Alleges Nothing More Than Apple's Attempts To Enforce Intellectual Property Rights ............................................................8

    B.   Luxpro's Allegations Demonstrate that the "Sham" Litigation Exception to *Noerr-Pennington* Is Inapplicable Here ...........................10

III. LUXPRO'S FIRST AND SECOND CAUSES OF ACTION FOR TORTIOUS INTERFERENCE ARE BARRED FOR ADDITIONAL REASONS .................................................................................. 13

    A.   The Tortious Interference Claims Are Barred By the Statute of Limitations ...........................................................................13

    B.   Luxpro's Allegations Are Insufficient to State a Claim for Tortious Interference ..............................................................................14

        1.   The Allegations Regarding Litigation Fail to State a Claim for Tortious Interference, Because the Litigation was Brought with Probable Cause ....................................................14

        2.   The Allegations Regarding the Letters Sent to Luxpro and the German Litigation Fail To State a Claim for Tortious

i

                        Interference, Because they Fail To Establish Actual
Interference .................................................................................16

       3.    Luxpro Fails To Allege that Apple's Conduct was
Independently Actionable ..................................................17

       4.    Luxpro Fails Adequately To Allege a Probability of
Economic Advantage or the Existence of a Contract ................................17

       5.    Luxpro Has Not Sufficiently Alleged any Disruption of an
Economic Relationship or Contract ...........................................18

IV.    LUXPRO'S THIRD CAUSE OF ACTION FOR ATTEMPTED
COMMON LAW MONOPOLIZATION FAILS BECAUSE NO SUCH
CLAIM EXISTS UNDER CALIFORNIA LAW .............................................19

V.     LUXPRO'S FOURTH CAUSE OF ACTION FOR VIOLATION OF
SECTION 17200 FAILS TO STATE A CLAIM .............................................21

   A.    Luxpro Fails To Allege Unlawful, Unfair or Deceptive Conduct by
Apple Within the Meaning of Section 17200 .......................................21

       1.    Luxpro Fails to Allege "Unlawful" Conduct ............................21

       2.    Luxpro Fails to Allege "Unfair" Conduct .................................21

       3.    Luxpro Fails to Allege "Deceptive" Conduct ...........................23

   B.    If Luxpro's Section 17200 Claim Is Not Dismissed, Its Prayer for
Damages Should Be Stricken.......................................................23

VI.    LUXPRO'S FIFTH CAUSE OF ACTION FOR COMMERCIAL
DISPARAGEMENT IS NOT ADEQUATELY PLEADED...........................................24

CONCLUSION.......................................................................................27

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aguilar v. Atlantic Richfield Co.*,
25 Cal. 4th 826, 107 Cal. Rptr. 2d 841 (2001).......................................................22

*Atlantic Recording Corp. v. Raleigh*,
No. 4:06-cv-1708 (EJ), 2008 U.S. Dist. LEXIS 62977 (E.D. Mo. Aug. 18, 2008).............8, 10

*Bank of the West v. Superior Court*,
2 Cal. 4th 1254, 10 Cal. Rptr. 2d 538 (1992).........................................................24

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955 (2007)...................................................5, 6, 18, 22

*Benton v. Merrill Lynch & Co.*,
524 F.3d 866 (8th Cir. 2008) ...............................................................................6

*Beroiz v. Wahl*,
84 Cal. App. 4th 485, 100 Cal. Rptr. 2d 905 (2000)..............................................26

*BJC Health Sys. v. Columbia Cas. Co.*,
478 F.3d 908 (8th Cir. 2007) .............................................................................23

*Cal. Motor Transp. Co. v. Trucking Unlimited*,
404 U.S. 508 (1972)............................................................................................8

*Carpet Group Int'l v. Oriental Rug Importers Ass'n*,
256 F. Supp. 2d 249 (D.N.J 2003) ......................................................................9

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*,
20 Cal. 4th 163, 183 Cal. Rptr. 2d 548 (1999)............................................21, 22, 23

*Chavez v. Whirlpool Corp.*,
93 Cal. App. 4th 363, 113 Cal. Rptr. 2d 175 (2001)..............................................22

*Coastal States Mktg., Inc. v. Hunt*,
694 F.2d 1358 (5th Cir. 1983) .........................................................................9, 10

*Coca-Cola Co. v. Omni Pac. Co.*,
No. C 98-0784 S1, 1998 U.S. Dist. LEXIS 23277 (N.D. Cal. Dec. 9, 1998).........12

*Daly v. Viacom*,
238 F. Supp. 2d 1118 (N.D. Cal. 2002) ..............................................................21

*Dial A Car, Inc. v. Transportation, Inc.*,
884 F. Supp. 584 (D.D.C. 1995) ...................................................................................20

*Dimidowich v. Bell & Howell*,
803 F.2d 1473 (9th Cir. 1988) ................................................................................19, 20

*Dryden v. Tri-Valley Growers*,
65 Cal. App. 3d 990, 135 Cal. Rptr. 720 (1977).....................................................16, 19

*Eastern R. Presidents Conference v. Noerr Motor Freight, Inc.*,
365 U.S. 127 (1961) ....................................................................................................8

*Eldorado Stone, LLC v. Renaissance Stone, Inc.*,
No. 04 cv 2562 SM (LSP), 2005 U.S. Dist. LEXIS 45237 (S.D. Cal. Aug. 9, 2005) .............25

*Farm Credit Servs. of Am. v. Am. State Bank*,
339 F.3d 764 (8th Cir. 2003) .........................................................................................6

*Faulkner v. Ark. Children's Hosp.*,
347 Ark. 941, 69 S.W. 3d 393 (2002).............................................................................25

*First Advantage Background Servs. Corp. v. Private Eyes, Inc.*,
569 F. Supp. 2d 929 (N.D. Cal. 2008) .............................................................................25

*Fleishman v. Superior Court*,
102 Cal. App. 4th 350, 125 Cal. Rptr. 2d 383 (2002).....................................................11, 15

*Franchise Realty Interstate Corp. v. S.F. Local Joint Executive Bd. of Culinary Workers*,
542 F.2d 1076 (9th Cir. 1976) .......................................................................................12

*Freeman v. Bechtel Constr. Co.*,
87 F.3d 1029 (8th Cir. 1996) .........................................................................................25

*Freeman v. San Diego Ass'n of Realtors*,
77 Cal. App. 4th 171, 91 Cal. Rptr. 2d 534 (1999)..........................................................19

*Genetic Sys. Corp. v. Abbott Labs.*,
691 F. Supp. 407 (D.D.C. 1988) ....................................................................................21

*Gilliland v. Safeway, Inc.*,
No. 2:08-cv-01134-MCE-CMK, 2008 U.S. Dist. LEXIS 80354 (E.D. Cal. Oct. 10,
2008)...........................................................................................................................25

*Glass Equip. Dev., Inc. v. Besten, Inc.*,
174 F.3d 1337 (Fed. Cir. 1999)...................................................................................8, 10

*Graham v. Bryce Corp.*,
348 F. Supp. 2d 1038 (E.D. Ark. 2004) ...........................................................................25

*Harris v. City of Memphis,*
    119 F. Supp. 2d 893 (E.D. Ark. 2000) ...................................................................7

*Hi-Top Steel Corp. v. Lehrer,*
    24 Cal. App. 4th 570, 29 Cal. Rptr. 2d 646 (1994) ...............................................9

*Hufsmith v. Weaver,*
    817 F.2d 455 (8th Cir. 1987) ............................................................................8, 9

*In re IBP Confidential Business Documents Litigation,*
    755 F.2d 1300 (8th Cir. 1985) ..........................................................................10

*In re Intel Corp. Microprocessor Antitrust Litig.,*
    496 F. Supp. 2d 404 (D. Del. 2007) ...................................................................20

*Isuzu Motors Ltd. v. Consumers Union of United States, Inc.,*
    12 F. Supp. 2d 1035 (C.D. Cal. 1998) ..........................................................24, 25

*Jackson v. Roe,*
    273 F.3d 1192 (9th Cir. 2001) ..........................................................................21

*Jones v. Thyssenkrupp Elevator Corp.,*
    No. C-05-3539 EMC, 2006 U.S. Dist. LEXIS 13978 (N.D. Cal. Mar. 14, 2006) ...................24

*Klaxon Co. v. Stentor Elec. Mfg. Co.,*
    313 U.S. 487 (1941) ............................................................................................7

*Knoell v. Petrovich,*
    76 Cal. App. 4th 164, 90 Cal. Rptr. 2d 162 (1999) .............................................13

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal. 4th 1134, 131 Cal. Rptr. 2d 29 (2003) ........................................16, 17, 19

*Lane v. Celadon Trucking, Inc.,*
    543 F.3d 1005 (8th Cir. 2008) ............................................................................7

*Lovesy v. Armed Forces Benefit Ass'n,*
    No. C 07-2745 SBA, 2008 U.S. Dist. LEXIS 93479 (N.D. Cal. Mar. 13, 2008) ..............23, 24

*Ludwig v. Superior Court,*
    37 Cal. App. 4th 8, 43 Cal. Rptr. 350 (1995) ...............................................8, 9, 11

*McGuire Oil Co. v. Mapco, Inc.,*
    958 F.2d 1552 (11th Cir. 1992) .........................................................................10

*Mountain Grove Cemetery Ass'n v. Norwalk Vault Co. of Bridgeport,*
    428 F. Supp. 951 (D. Conn. 1977) ....................................................................12

*Omni Resource Dev. Corp. v. Conoco, Inc.*,
    739 F.2d 1412 (9th Cir. 1984) ..................................................................11

*Pacific Gas & Elec. Co. v. Bear Stearns*,
    50 Cal. 3d 1118, 270 Cal. Rptr. 1 (1990).................................14, 16, 18

*Paiva v. Nichols*,
    No. H031451, 2008 Cal. App. LEXIS 2366 (Cal. App. Nov. 26, 2008) ..........11, 15

*Pickering v. Walker*,
    No. 4:07-cv-4120, 2008 U.S. Dist. LEXIS 76545 (W.D. Ark. Sept. 16, 2008) ......6

*Plumley v. Mockett*,
    164 Cal. App. 4th 1031, 79 Cal. Rptr. 3d 822 (2008)............................15

*Porous Media Corp. v. Pall Corp.*,
    186 F.3d 1077 (8th Cir. 1999) ..................................................................6

*Premier Med. Mgmt. Sys., Inc. v. Calif. Ins. Guar. Ass'n*,
    136 Cal. App. 4th 464, 39 Cal. Rptr. 3d 43 (2006).............................9, 10

*Quality Optical of Jonesboro, Inc. v. Trusty Optical, L.L.C.*,
    365 Ark. 106, 225 S.W. 3d 369 (Ark. 2006) ..........................................13

*Rambus Inc. v. Samsung Elecs. Co.*,
    No. C-05-02298 RMW, 2007 U.S. Dist. LEXIS 3088 (N.D. Cal. Jan. 4, 2007)....13

*Razorback Ready Mix Concrete Co. v. Weaver*,
    761 F.2d 484 (8th Cir. 1985) ..................................................................11

*Reudy v. Clear Channel Outdoors, Inc.*,
    No. C-02-5438SC, 2007 U.S. Dist. LEXIS 26322 (N.D. Cal. Mar. 23, 2007)......13

*Silicon Knights v. Crystal Dynamics*,
    983 F. Supp. 1303 (N.D. Cal. 1997) .......................................................24

*Sosa v. DIRECTV, Inc.*,
    437 F.3d 923 (9th Cir. 2006) ..................................................................10

*Spanish Int'l Communications Corp. v. Leibowitz*,
    608 F. Supp. 178 (S.D. Fla. 1985), *aff'd mem.*, 778 F.2d 791 (11th Cir. 1985)......12

*Speegle v. Bd. of Fire Underwriters of the Pac.*,
    29 Cal. 2d 34, 172 P.2d 867 (1946) .......................................................19

*StaffPro v. Elite Show Servs.*,
    136 Cal. App. 4th 1392, 39 Cal. Rptr. 3d 682 (2006)............................16

*Stalley v. Catholic Health Initiatives,*
    509 F.3d 517 (8th Cir. 2007) ........................................................................6

*Sybersound Records, Inc. v. UAV Corp.,*
    517 F.3d 1137 (9th Cir. 2008) ....................................................................22

*Transphase Sys., Inc. v. S. Cal. Edison Co.,*
    839 F. Supp. 711 (C.D. Cal. 1993) .............................................................9

*United Mine Workers of Am. v. Pennington,*
    381 U.S. 657 (1965).....................................................................................8

*Van Slyke v. Capital One Bank,*
    No. C 07-00671 WHA, 2007 U.S. Dist. LEXIS 82690 (N.D. Cal. Nov. 7, 2007) .................23

*Westside Ctr. Assocs. v. Safeway Stores 23, Inc.,*
    42 Cal. App. 4th 507, 49 Cal. Rptr. 2d 793 (1996).................................18

*Wilson v. Parker, Covert & Chidester,*
    28 Cal. 4th 811, 123 Cal. Rptr. 2d 19 (2002).........................................11

## STATUTES

California Business and Professions Code § 17200 ............................. passim

California Civil Code § 47(b) .......................................................................26

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 9(g)............................................................ 26

Federal Rule of Civil Procedure 12(b)(6) ............................................1, 5, 6

Federal Rule of Civil Procedure 12(f) .......................................................23

Defendant Apple Inc. ("Apple") submits this memorandum of law in support of its motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

The plaintiff in this action, Luxpro Corporation, is a Taiwanese company that manufactures and sells unauthorized copies (sometimes called "knock-offs") of Apple's uniquely designed digital music player iPod products. Apple first became aware of Luxpro's unlawful activities in 2005, when Apple learned that Luxpro displayed a knock-off of Apple's iPod shuffle at a tradeshow in Germany. Apple responded by acting to enforce its intellectual property rights against Luxpro. Apple first sought and obtained an injunction from a German court that prohibited Luxpro from selling its unauthorized copy of the iPod shuffle. Apple then wrote letters to Luxpro demanding that Luxpro stop selling infringing products. When Luxpro refused, Apple commenced litigation against Luxpro in Taiwan and won a preliminary injunction prohibiting Luxpro from selling certain infringing products. Apple also contacted companies selling or attempting to sell Luxpro's knock-off products, informing them that they were infringing Apple's intellectual property.

Now, more than three years later, Luxpro has brought suit in a forum that has no connection to this dispute, claiming that Apple's legitimate attempts to stop Luxpro from infringing its intellectual property violated state law. Setting aside the impropriety of commencing suit in this District, which Apple addresses in the accompanying motion to transfer, Luxpro's claims are legally deficient for multiple reasons and should be dismissed.

Because Luxpro alleges nothing more than Apple's enforcement of intellectual property rights, its claims fall squarely within the *Noerr-Pennington* doctrine and must be dismissed.

That doctrine immunizes from liability a defendant's attempt to protect its intellectual property by bringing litigation — including litigation in foreign countries — and by engaging in pre-litigation conduct such as sending demand letters. That is exactly what Luxpro alleges here. The *Noerr-Pennington* doctrine does not apply to "sham activities," such as bringing litigation that lacks an objectively reasonable basis, but Luxpro does not even attempt to make such an allegation. Nor could it. Luxpro concedes that Apple obtained injunctive relief in two separate courts — a measure of litigation success that conclusively establishes Apple's objectively reasonable basis for pursuing Luxpro.

*Noerr-Pennington* disposes of all of Luxpro's claims, but it is not the only basis for dismissal. Luxpro alleges two claims for tortious interference that are defective for additional reasons. These claims are barred by the applicable statute of limitations because they were brought more than three years after Luxpro discovered the basis for these claims. In addition, tortious interference claims may be based upon litigation *only* if the litigation was commenced without probable cause; Luxpro does not and cannot allege that Apple lacked probable cause where Apple obtained injunctions in its favor. Luxpro also fails to allege any independently wrongful conduct by Apple, as is required for tortious interference. Luxpro cannot state tortious interference claims in these circumstances.

Luxpro's claim for "attempted common law monopolization" fails because no such claim is recognized under California law (the law that applies to all of Luxpro's common law claims). Luxpro's claim under California's Business and Professions Code, Section 17200, fails to allege unfair, unlawful, or deceptive conduct within the meaning of the statute. For example, because this is a claim brought by a competitor (albeit one that "competes" by selling infringing copies), Luxpro would have to allege conduct amounting to an antitrust violation to state a claim for

2

"unfair" conduct. The complaint fails to allege such conduct. Finally, Luxpro's "commercial disparagement" claim is alleged only in vague and conclusory terms; it could be a claim for either defamation or trade libel. Either way, it fails to plead the words constituting the alleged libel or the damages that allegedly resulted. It thus is fatally defective and must be dismissed.

For all of the reasons, if the Court does not grant Apple's motion to transfer, it should dismiss all of Luxpro's claims with prejudice.

## BACKGROUND

### I.     PARTIES

Plaintiff Luxpro is a Taiwanese corporation with its principal place of business in Taiwan. (First Amended Complaint ("Compl.") ¶ 1.) Luxpro develops and sells digital music players. (*Id.*) Luxpro began selling digital music players under various brand names in 2004. (*Id.* ¶ 15.)

Defendant Apple is a California corporation with its principal place of business in Cupertino, California. (*Id.* ¶ 2.) Apple distributes and sells digital music players throughout the world under the brand name iPod, including the iPod shuffle. (*Id.*)

### II.    ALLEGATIONS

Luxpro alleges that Apple engaged in conduct intended to damage Luxpro's digital music player business and interfere with its business relations. (*Id.* ¶ 6.) This alleged conduct involved Apple initiating supposedly "[a]busive litigation" against Luxpro in Germany and Taiwan regarding the similarity of its digital music players to Apple's iPod products, as well as Apple's attempts to protect its intellectual property rights with respect to nonparties doing business with Luxpro. (*Id.* ¶¶ 25-36.)

## A.    Litigation in Germany

In February 2005, Luxpro conducted a "trial run" of one of its digital music players at the CeBit Tradeshow in Hanover, Germany.  (*Id.* ¶ 26.)  Luxpro called this digital music player the "Super shuffle."  (*Id.*)  In response, Apple applied for injunctive relief from a German court.  (*Id.*)  The German court granted Apple's request and issued an injunction.  (*Id.*)  The injunction prevented Luxpro from offering a clone of the iPod shuffle digital music player.  (Declaration of Thomas R. La Perle in Support of Defendant Apple Inc.'s Motion to Transfer and Motion to Dismiss ("La Perle Decl.") Exhibits 1 and 2.) [1]

## B.    Demand Letters to Luxpro and Litigation in Taiwan

Following the CeBit Tradeshow, in April 2005, Apple sent letters to Luxpro demanding that Luxpro stop marketing or selling certain of its digital music players — those marketed under the names Super Tangent, Top Tangent, and EZ Tangent.  (Compl., ¶ 27.)  Luxpro did not comply with Apple's demand.  (*Id.*)

Apple then commenced litigation against Luxpro in Taiwan, "alleging that the appearance" of Luxpro's Super Tangent, Top Tangent, and EZ Tangent products "closely resembled the iPod Shuffle."  (*Id.* ¶ 28.)  Apple succeeded in obtaining a preliminary injunction from the Taiwanese court.  (*Id.*; La Perle Decl. Exhibits 3 and 4.)  The injunction prohibited Luxpro from manufacturing, distributing, or marketing the digital music players at issue.  (Compl. ¶ 28; La Perle Decl. Exhibits 3 and 4.)  Luxpro appealed the injunction, which was partially lifted in November 2005 with respect to certain of Luxpro's products.  (Compl. ¶ 28.)

Apple also filed a motion with the Taiwan Fair Trade Commission alleging that Luxpro had violated the Taiwan Fair Trade Act.  (*Id.* ¶ 29.)

---

[1] The exhibits to the La Perle declaration may be judicially noticed for the reasons stated in Apple's concurrently-filed Request for Judicial Notice.

### C. Demand Letters to Nonparties

Apple also sought to enforce its intellectual property rights associated with its iPod products by sending "warning letters" regarding infringement or potential infringement to companies selling Luxpro's products. (*Id.* ¶ 30.) The complaint identifies several nonparties allegedly contacted by Apple regarding Luxpro's digital music players, including InterTAN (in Canada), Starbucks (in Japan), Orchard Company (in Singapore), and Kaga Electronics Co. Ltd. (in Japan). (*Id.* ¶¶ 30-33.)

### III. CAUSES OF ACTION

The complaint asserts five causes of action. The first cause of action is for interference with prospective economic advantage, and alleges that Apple interfered with Luxpro's business relations by engaging in the conduct set forth above. (*Id.* ¶¶ 36-41.) The second cause of action is for tortious interference with contract. It alleges that Apple interfered with contracts that "call[ed] for Luxpro's MP3 players to be distributed, marketed and sold throughout the world in well known stores . . . ." (*Id.* ¶¶ 42-46.) The third cause of action is for "attempted common law monopolization," and alleges that Apple attempted to monopolize the MP3 player market. (*Id.* ¶¶ 47-52.) The fourth cause of action is for violation of California Business & Professions Code § 17200. It alleges that Apple's conduct "constitutes unfair competition and unlawful, unfair, and fraudulent business acts and practices within the meaning of [Section 17200]." (*Id.* ¶¶ 53-57.) The fifth cause of action is for "commercial disparagement," and alleges that "Apple published false statements concerning Luxpro's business and products." (*Id.* ¶¶ 58-62.)

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007); *accord*

*Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008); *Pickering v. Walker*, No. 4:07-cv-4120, 2008 U.S. Dist. LEXIS 76545, at *3 (W.D. Ark. Sept. 16, 2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citations omitted).

The complaint must allege facts which, when taken as true, raise more than a speculative right to relief. *Id.* at 1965; *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) ("The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . . , rather than facts that are merely consistent with such a right."). The Court need not accept "legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Servs. of Am. v. Am. State Bank*, 339 F.3d 764, 767 (8th Cir. 2003).

"When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint,' as well as materials that are 'necessarily embraced by the pleadings.'" *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted).

## I.  LUXPRO'S CLAIMS ARE GOVERNED BY CALIFORNIA LAW

Luxpro's claim under Section 17200 of California's Business and Professions Code is plainly governed by California law, and so are its four common-law claims. Indeed, under Arkansas choice-of-law principles, the only state law that could apply here is California law.[2]

Arkansas requires courts to determine which state has the most significant relationship to the parties and the issues. *Lane v. Celadon Trucking, Inc.*, 543 F.3d 1005, 1010 (8th Cir. 2008). That state is without question California. California is the only state in the United States that has any relationship to the parties and the issues here; Arkansas has no relationship to the parties or issues.

Arkansas also requires courts to consider five other factors: (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law. *Lane*, 543 F.3d at 1010 (citing *Ganey v. Kawasaki Motors Corp., U.S.A.*, 366 Ark. 238, 251, 234 S.W.3d 838, 846 (Ark. 2006)). These factors also favor California law. For example, advancement of the respective forums' governmental interests is considered the most significant factor in tort actions. *Harris v. City of Memphis*, 119 F. Supp. 2d 893, 896 (E.D. Ark. 2000). This factor dictates application of California law. Apple has its principal place of business in California, while the present dispute has no connection to Arkansas. None of the factors favors application of Arkansas law.

---

[2] Because this is a diversity case, Arkansas choice-of-law rules apply. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (when jurisdiction is based on diversity of citizenship, federal district courts apply the choice-of-law rules of the state in which they sit).

As demonstrated below, Luxpro fails to state a claim against Apple under California law. Luxpro's action would also fail under Arkansas law.

## II. LUXPRO'S CLAIMS ARE ALL BARRED BY THE *NOERR-PENNINGTON* DOCTRINE

### A. Apple Is Immune Under *Noerr-Pennington* Because Luxpro Alleges Nothing More Than Apple's Attempts To Enforce Intellectual Property Rights

The *Noerr-Pennington* doctrine provides immunity for the exercise of First Amendment petitioning activity, including petitioning courts to enforce rights. *See Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508 (1972); *United Mine Workers of Am. v. Pennington*, 381 U.S. 657 (1965); *Eastern R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961). The *Noerr-Pennington* doctrine retains "full vitality" under California law, and the doctrine is applied broadly to all "commercial speech and competitive activity — even *anticompetitive* activity." *Ludwig v. Superior Court*, 37 Cal. App. 4th 8, 21-22, 43 Cal. Rptr. 350, 360 (1995) (emphasis in original).[3]

Under the *Noerr-Pennington* doctrine, Apple is immune from liability for seeking to enforce its intellectual property rights with respect to the similarity of Luxpro's digital music player products and Apple's iPod shuffle. Luxpro's claims against Apple are based *entirely* on Apple's attempts to enforce its intellectual property rights with respect to Luxpro's digital music player products. Apple sought to enforce its rights by filing litigation in Germany and Taiwan and by sending demand letters regarding Luxpro's products. Attempts to enforce intellectual property rights fall squarely within the *Noerr-Pennington* doctrine and are therefore barred as a matter of law. *See, e.g., Glass Equip. Dev., Inc. v. Besten, Inc.*, 174 F.3d 1337, 1343-44 (Fed. Cir. 1999) (dismissing antitrust suit based on enforcement of patent rights); *Atlantic Recording*

---

[3] The *Noerr-Pennington* doctrine would apply under Arkansas law as well. *See Hufsmith v. Weaver*, 817 F.2d 455, 459 (8th Cir. 1987) (applying *Noerr-Pennington* to Arkansas tort claims).

*Corp. v. Raleigh*, No. 4:06-cv-1708 (EJ), 2008 U.S. Dist. LEXIS 62977, at *12 (E.D. Mo. Aug. 18, 2008) (dismissing claims under *Noerr-Pennington* based on enforcement of copyright protections); *Transphase Sys., Inc. v. S. Cal. Edison Co.*, 839 F. Supp. 711, 717 (C.D. Cal. 1993) (dismissing claims based on enforcement of intellectual property rights).

The *Noerr-Pennington* doctrine bars each of Luxpro's five causes of action. Although the doctrine arose in the antitrust context, the law is clear that it applies equally to Luxpro's Section 17200 and common law claims. *Ludwig*, 37 Cal. App. 4th at 21 n.17, 43 Cal. Rptr. at 360 n.17 ("the principle applies to virtually any tort, including unfair competition and interference with contract"); *see also Hufsmith*, 817 F.2d at 458-59 (doctrine not limited to antitrust context); *Premier Med. Mgmt. Sys., Inc. v. Calif. Ins. Guar. Ass'n*, 136 Cal. App. 4th 464, 470-71 & 478, 39 Cal. Rptr. 3d 43, 47-48 & 53-54 (2006) (*Noerr-Pennington* bars state antitrust claim, Section 17200 claim, and tort claim for negligent interference); *Hi-Top Steel Corp. v. Lehrer*, 24 Cal. App. 4th 570, 577-78, 29 Cal. Rptr. 2d 646, 650 (1994) (*Noerr-Pennington* doctrine applies "regardless of the underlying cause of action," because to hold otherwise "would effectively chill the defendants' First Amendment rights") (citations omitted).

Luxpro makes no allegations that would take its claims outside the protection of *Noerr-Pennington*. The fact that Apple's enforcement actions took place in foreign countries does not change the analysis. In *Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358, 1367-68 (5th Cir. 1983), the Court held that petitioning activity in a foreign country is entitled to *Noerr-Pennington* protection: "We see no reasons why acts that are legal and protected if done in the United States should in a United States court become evidence of illegal conduct because performed abroad." *Id.* at 1366; *accord Carpet Group Int'l v. Oriental Rug Importers Ass'n*, 256

F. Supp. 2d 249, 266 (D.N.J 2003), ("lobbying of foreign governments, whether performed at home or abroad, is protected from antitrust liability under *Noerr-Pennington*.").

There is also no question that *Noerr-Pennington* applies to pre-litigation conduct, such as sending demand letters. *Premier Medical*, 136 Cal. App. 4th at 479, 39 Cal. Rptr. at 54 (immunity extends to actions taken "in anticipation of, or during" litigation); *see also Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 935-36 (9th Cir. 2006) (holding, consistent with California law and the "law of the majority of other circuits that have considered the issue," that *Noerr-Pennington* immunity extends to "presuit demand letters"); *Glass Equipment*, 174 F.3d at 1343-44 (threat of patent enforcement litigation could not subject patent holder to antitrust liability); *McGuire Oil Co. v. Mapco, Inc.*, 958 F.2d 1552, 1560 (11th Cir. 1992) (threats of litigation are protected under *Noerr-Pennington*); *Coastal States*, 694 F.2d at 1367-68 (extending petitioning immunity to generalized threats to litigate to protect claim to oil assets); *Atlantic Recording*, 2008 U.S. Dist. LEXIS 62977 at *12 (*Noerr-Pennington* bars claims based on demand letters). As the Eight Circuit has held, the "right to petition means more than simply the right to communicate directly with the government. *It necessarily includes those activities reasonably and normally attendant to effective petitioning.*" *In re IBP Confidential Business Documents Litigation*, 755 F.2d 1300, 1310 (8th Cir. 1985) (emphasis added); *accord Premier Medical*, 136 Cal. App. 4th at 479, 39 Cal. Rptr. 3d at 54. Luxpro's allegations concern only activities of Apple "reasonably and normally attendant to effective petitioning," and therefore fall within the *Noerr-Pennington* doctrine.

### B. Luxpro's Allegations Demonstrate that the "Sham" Litigation Exception to *Noerr-Pennington* Is Inapplicable Here

There is one exception to *Noerr-Pennington* — it does not apply to "sham activities." *See Premier Medical*, 136 Cal. App. 4th at 479, 39 Cal. Rptr. 3d at 54. But Luxpro does not

even attempt to assert that Apple's efforts to assert its intellectual property rights were a "sham,"
let alone allege any facts that would invoke this exception. To the contrary, the complaint's
allegations establish conclusively that the exception does not apply.

Sham litigation means the "pursuit of claims so baseless that no reasonable litigant could
realistically expect to secure favorable relief." *Wilson v. Parker, Covert & Chidester*, 28 Cal.
4th 811, 820, 123 Cal. Rptr. 2d 19, 25 (2002) (quoting *Professional Real Estate Investors, Inc. v.
Columbia Pictures Indus., Inc.*, 508 U.S. 49, 62 (1993)); *see also Razorback Ready Mix
Concrete Co. v. Weaver*, 761 F.2d 484, 487 (8th Cir. 1985) (lawsuit is "sham" only if it is
objectively baseless and subjectively motivated by bad faith). "Absent such a patent lack of
merit," conduct protected by the *Noerr-Pennington* doctrine "cannot be the basis for litigation."
*Ludwig*, 37 Cal. App. 4th at 23, 43 Cal. Rptr. 2d at 360 (citing *Professional Real Estate*, 508
U.S. at 59-61).

The complaint does not allege that Apple's pursuit of litigation in Germany or Taiwan, or
any threat of litigation regarding Luxpro's products, was objectively baseless or that Apple
engaged in any "sham activities." Instead, the complaint alleges (correctly) that in both the
German and in the Taiwanese litigation Apple succeeded in obtaining preliminary injunctive
relief against Luxpro. (Compl. ¶¶ 26, 28.) Apple's success in obtaining preliminary injunctive
relief conclusively establishes that the litigation was not objectively baseless. *See, e.g., Omni
Resource Dev. Corp. v. Conoco, Inc.*, 739 F.2d 1412, 1414 (9th Cir. 1984) ("Indeed, the suit can
not be characterized as baseless at all; for although we do not know the outcome, at least to the
point of a preliminary injunction the state court plaintiffs were successful."); *Paiva v. Nichols*,
No. H031451, 2008 Cal. App. LEXIS 2366, at *27-28 (Cal. App. Nov. 26, 2008) (success in
obtaining preliminary injunction established probable cause for bringing action); *Fleishman v.*

*Superior Court*, 102 Cal. App. 4th 350, 357, 125 Cal. Rptr. 2d 383, 390 (2002) (issuance of preliminary injunction "conclusively establishes probable cause for bringing the underlying causes of action.").

Luxpro's allegation that the preliminary injunction in Taiwan was later partially overturned does not change the analysis. *See, e.g., Coca-Cola Co. v. Omni Pac. Co.*, No. C 98-0784 S1, 1998 U.S. Dist. LEXIS 23277, at *26 n.2 (N.D. Cal. Dec. 9, 1998) (fact that preliminary injunction entered by New Jersey court was eventually dissolved does not establish that suit was "objectively baseless").

Luxpro's failure to plead any facts that would take this case outside the *Noerr-Pennington* doctrine justifies dismissal of the complaint. *See Franchise Realty Interstate Corp. v. S.F. Local Joint Executive Bd. of Culinary Workers*, 542 F.2d 1076, 1082-83 (9th Cir. 1976) ("the danger that the mere pendency of the action will chill the exercise of First Amendment rights requires more specific allegations than would otherwise be required"); *Spanish Int'l Communications Corp. v. Leibowitz*, 608 F. Supp. 178, 181 (S.D. Fla. 1985) (conclusory allegations of sham litigation insufficient to overcome *Noerr-Pennington* immunity), *aff'd mem.*, 778 F.2d 791 (11th Cir. 1985). As one court explained, the "pleader who fails to allege circumstances indicating that the suit against him is clearly within the Noerr 'sham exception,' must expect his claim to fail at the outset." *Mountain Grove Cemetery Ass'n v. Norwalk Vault Co. of Bridgeport*, 428 F. Supp. 951, 956 (D. Conn. 1977) (dismissing claim based on conclusory allegation that litigation was "baseless").

For all of these reasons, Apple is immune from liability under *Noerr-Pennington* for all of the conduct alleged in the complaint, and Luxpro's claims should therefore be dismissed. As

discussed in the following sections, Luxpro's claims are legally deficient for additional and independent reasons.

### III. LUXPRO'S FIRST AND SECOND CAUSES OF ACTION FOR TORTIOUS INTERFERENCE ARE BARRED FOR ADDITIONAL REASONS

#### A. The Tortious Interference Claims Are Barred By the Statute of Limitations

Luxpro's interference with prospective economic advantage and interference with contract claims fail as a matter of law because they are time-barred.  Statutes of limitations are generally considered procedural (unless the claim did not exist at common law and was created by statute), and thus the law of the forum applies.  The statute of limitations for both interference claims in Arkansas is three years. *Quality Optical of Jonesboro, Inc. v. Trusty Optical, L.L.C.*, 365 Ark. 106, 109-10, 225 S.W. 3d 369, 372 (Ark. 2006).[4]  Under Arkansas law, "[i]t is well established that a cause of action accrues the moment the right to commence an action comes into being, and the statute of limitations commences to run from that time." *Quality Optical*, 365 Ark. at 109-10, 225 S.W. 3d at 372.  Arkansas does not recognize a "continuing tort" theory. *Id.* at 110, 225 S.W. 3d at 372 (citations omitted).

Under this standard, Luxpro's tortious interference claims accrued over three years before Luxpro filed its complaint on October 14, 2008.  Luxpro alleges that Apple sought injunctions against Luxpro in Germany and Taiwan.  The allegations demonstrate that this occurred in 2005, over three years before Luxpro filed suit.  The German injunction was sought and obtained in

---

[4] The result would be no different under California law, where the statute of limitations for interference claims is two years. *Reudy v. Clear Channel Outdoors, Inc.*, No. C-02-5438SC, 2007 U.S. Dist. LEXIS 26322, at *49 (N.D. Cal. Mar. 23, 2007) (interference with prospective economic advantage) (citing Cal. Code Civ. Proc. § 339(1)); *Knoell v. Petrovich*, 76 Cal. App. 4th 164, 168, 90 Cal. Rptr. 2d 162, 164 (1999)); *Rambus Inc. v. Samsung Elecs. Co.*, No. C-05-02298 RMW, 2007 U.S. Dist. LEXIS 3088, at *9 (N.D. Cal. Jan. 4, 2007) (interference with contract).

March 2005. (Compl. ¶ 26.) Thus, any interference with economic advantage or contract based on the German injunction must have occurred over three years before Luxpro filed its complaint.

Similarly, the demand letters to Luxpro and the Taiwanese injunction, and any interference resulting therefrom, also occurred over three years before Luxpro filed its complaint. (*Id.* ¶ 27 (letters sent to Luxpro in April 2005); La Perle Decl. Exhibits 3and 4 (Taiwanese injunction issued in August 2005).) Although Luxpro alleges that the appeal of the injunction continued into 2008, Luxpro clearly alleges that the issuance of the injunction caused the alleged tortious interference, not the appeal. (Compl. ¶ 28 (alleging harm caused by issuance of injunction).)

Thus, the complaint's allegations establish that Luxpro's first and second causes of action for tortious interference are time-barred, and should be dismissed.

**B.      Luxpro's Allegations Are Insufficient to State a Claim for Tortious Interference**

Luxpro's tortious interference claims are based on Apple's enforcement of its intellectual property rights through the pursuit of litigation against Luxpro and demand letters directed at Luxpro and nonparties regarding Luxpro's products. These allegations are insufficient to state a tortious interference claim against Apple, for several reasons.

**1.      The Allegations Regarding Litigation Fail to State a Claim for Tortious Interference, Because the Litigation was Brought with Probable Cause**

Where a plaintiff seeks to base an interference with prospective economic advantage or interference with contract claim upon the pursuit of litigation, the plaintiff must plead and prove that the litigation was brought without probable cause and that the litigation concluded in plaintiff's favor. *Pacific Gas & Elec. Co. v. Bear Stearns*, 50 Cal. 3d 1118, 1137, 270 Cal. Rptr. 1, 11-12 (1990) ("*PG&E*") (where tortious interference claim based on litigation, claim should

be evaluated according to standard for malicious prosecution, which requires lack of probable cause and favorable termination).

Luxpro cannot meet these requirements. Both the German and Taiwanese courts granted Apple's request for injunctions against Luxpro, demonstrating that there was probable cause for the litigation. *Fleishman*, 102 Cal. App. 4th at 357, 125 Cal. Rptr. 2d at 390 (issuance of injunction conclusively establishes existence of probable cause in malicious prosecution action). The fact that the Taiwanese injunction was partially overturned on appeal does not change this conclusion. The grant of an injunction establishes probable cause, even if the moving party does not ultimately prevail on its claim. *See, e.g., Paiva*, 2008 Cal. App. LEXIS 2366 at *27-28 (grant of preliminary injunction conclusively established probable cause, notwithstanding that the moving parties did not prevail at trial); *Fleishman*, 102 Cal. App. 4th at 353, 125 Cal. Rptr. 2d at 386 (grant of preliminary injunction established probable cause even though the moving party ultimately dismissed the case without prejudice); *see also Plumley v. Mockett*, 164 Cal. App. 4th 1031, 1052, 79 Cal. Rptr. 3d 822, 838 (2008) ("Claims that have succeeded at a hearing on the merits, even if that result is subsequently reversed by the trial or appellate court, are not so lacking in potential merit that a reasonable attorney or litigant would necessarily have recognized their frivolousness."). Thus, Luxpro cannot meet the requirement of lack of probable cause.

Luxpro also has not pled, and cannot plead, favorable termination of the litigation. Luxpro admits that the German court granted Apple's request for an injunction, and thus cannot dispute that the action terminated in Apple's favor. (Compl. ¶ 26.) The complaint also makes clear that Luxpro's appeal of the Taiwanese injunction was not a complete victory, as the complaint states that the injunction was lifted "as to all of Luxpro's products, except any using the name 'Shuffle.'" (*Id.* ¶ 28.) Luxpro also alleges that Apple sought an injunction against the

sale of Luxpro's Super Tangent, EZ Tangent and Top Tangent players. (*Id.*) But the complaint states that the Taiwanese courts revoked only the preliminary injunction issued against the Top Tangent and EZ Tangent, not the Super Tangent. (*Id.*) In order to meet the requirement of favorable termination under California law, however, the entire action, not a subset of claims, must have terminated favorably for Luxpro. *StaffPro v. Elite Show Servs.*, 136 Cal. App. 4th 1392, 1405, 39 Cal. Rptr. 3d 682, 692 (2006). Thus, Luxpro cannot establish that either litigation terminated in its favor.

> **2.    The Allegations Regarding the Letters Sent to Luxpro and the German Litigation Fail To State a Claim for Tortious Interference, Because they Fail To Establish Actual Interference**

Luxpro fails to allege that either the April 2005 letters Apple sent to it or the German litigation caused any interference with its economic advantage or contracts. To establish a tortious interference claim, the plaintiff must plead and prove that the defendant's acts actually disrupted the relationship. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153, 131 Cal. Rptr. 2d 29, 45 (2003) (acts designed to disrupt the relationship, actual disruption, and proximate cause are elements of a tortious interference claim); *Dryden v. Tri-Valley Growers*, 65 Cal. App. 3d 990, 997, 135 Cal. Rptr. 720, 725 (1977) ("It has been repeatedly held that a plaintiff, seeking to hold one liable for unjustifiably inducing another to breach a contract, must allege that the contract would otherwise have been performed, and that it was breached and abandoned by reason of the defendant's wrongful act and that such act was the moving cause thereof").

Thus, the acts alleged must disrupt the economic relationship or contract, not merely result in allegedly unneeded litigation expenses. A claim for the latter is a claim for malicious prosecution, which Luxpro does not and cannot allege, not tortious interference. *PG&E*, 50 Cal.

3d at 1130-31, 270 Cal. Rptr. at 7 ("[T]he only common law claim that treats the instigation or bringing of a lawsuit as an actionable injury is the action for malicious prosecution. The actionable harm is in forcing the individual to expend financial and emotional resources to defend against a *baseless* claim.") (emphasis added).

Luxpro alleges no causal connection between the April 2005 letters or the German suit and any interference with prospective advantage or contract. Thus, neither the first nor second causes of action in the complaint can be based on these allegations.

### 3. Luxpro Fails To Allege that Apple's Conduct was Independently Actionable

A claim for interference with prospective economic advantage requires "intentional acts on the part of the defendant designed to disrupt the relationship." *Korea Supply*, 29 Cal. 4th at 1153, 131 Cal. Rptr. 2d at 45. In order to meet this requirement, plaintiff must plead and prove that the acts were independently wrongful — *i.e.*, it must be wrongful apart from the interference itself. *Id.* at 1154, 131 Cal. Rptr. 2d at 45-46. An act is independently wrongful if it is "unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id.* at 1159, 131 Cal. Rptr. 2d at 49. In other words, the act must be independently actionable. *Id.*

None of Apple's alleged conduct is independently wrongful. Rather, that conduct consisted entirely of legitimate attempts by Apple to enforce its intellectual property rights through the commencement of litigation and pre-litigation demand letters.

### 4. Luxpro Fails Adequately To Allege a Probability of Economic Advantage or the Existence of a Contract

In addition, Luxpro has failed to sufficiently allege a probability of economic advantage or contract with several of the alleged "distributors" and "clients," as required by either tortious interference claim. *Korea Supply*, 29 Cal. 4th at 1153, 131 Cal. Rptr. 2d at 45 (economic

relationship with probability of future economic benefit to plaintiff must exist to establish tortious interference); *PG&E*, 50 Cal. 3d at 1126, 270 Cal. Rptr. at 3-4 (existence of valid contract is required to establish interference with contract). For example, Luxpro alleges that Starbucks "agreed to initiate a proposal" for Starbucks to place Luxpro products in its Japanese stores. (Compl. ¶ 32.) "Agreeing to initiate a proposal" does not establish a reasonable probability of economic advantage or the existence of a contract that is meets the *Twombly* standard. *Twombly*, 127 S. Ct. at 1964-65; *see also Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507, 524, 49 Cal. Rptr. 2d 793, 804 (1996) (tortious interference "protects the expectation that the relationship eventually will yield the desired benefit, not necessarily the more speculative expectation that a potential beneficial relationship will arise"). Luxpro thus cannot base its tortious interference claim on this allegation.

Similarly, Luxpro's allegations regarding its relationship with Orchard Company, Kaga Electronics, Web Worker, Carrefour, EUPA, 3C, and ET Mail are hopelessly vague. Luxpro cannot base an interference with contract claim on these allegations, because Luxpro fails to allege contracts with these entities. It cannot base its tortious interference claim on these allegations either: the bare, conclusory allegation that Luxpro had "business relationships" is insufficient to plead a reasonable probability of economic advantage. Luxpro's conclusory allegation that it "had a reasonable expectation of economic advantage or benefit" is just the type of "formulaic recitation of the elements of a cause of action" that *Twombly* found to be insufficient to withstand a motion to dismiss. *Twombly*, 127 S. Ct. at 1964-65.

### 5. Luxpro Has Not Sufficiently Alleged any Disruption of an Economic Relationship or Contract

Finally, Luxpro's allegations regarding various entities, if taken as true, do not establish actual disruption of any economic relationship or contract. At best, the complaint alleges only

that Apple or a third party "pressured" certain entities, not that these entities actually cut off their business relations, contractual or otherwise, with Luxpro. The entities include Orchard Company, Kaga Electronics, Web Worker, Compu Import Co., Carrefour, EUPA, 3C and ET Mall. (Compl. ¶¶33-34.) Thus, Luxpro has not pled the required element of causation for either of its tortious interference claims. *Korea Supply*, 29 Cal. 4th at 1153, 131 Cal. Rptr. 2d at 45; *Dryden*, 65 Cal. App. 3d at 995, 135 Cal. Rptr. at 723

## IV.  LUXPRO'S THIRD CAUSE OF ACTION FOR ATTEMPTED COMMON LAW MONOPOLIZATION FAILS BECAUSE NO SUCH CLAIM EXISTS UNDER CALIFORNIA LAW

Luxpro's third cause of action for "attempted common law monopolization" is barred because no such claim exists under California law.

California's antitrust statute — the Cartwright Act — is a statutory codification of California's common law of antitrust. *See Speegle v. Bd. of Fire Underwriters of the Pac.*, 29 Cal. 2d 34, 44, 172 P.2d 867, 873 (1946) ("The Cartwright Act merely articulates in greater detail a public policy against restraint of trade that has long been recognized at common law."). In contrast to Section 2 of the Sherman Act, 15 U.S.C. § 2, the Cartwright Act contains no provision outlawing monopolization or attempted monopolization. *See Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1478 (9th Cir. 1988) ("No California statute deals expressly with monopolization . . . ."); *Freeman v. San Diego Ass'n of Realtors*, 77 Cal. App. 4th 171, 200 n.32, 91 Cal. Rptr. 2d 534, 556 n.32 (1999) ("The Cartwright Act bans combinations but does not have any parallel to Sherman Act section 2's antimonopoly provisions."). The absence of a monopolization provision in the Cartwright Act indicates that California does not recognize the common law tort of monopolization.

Although there is no California Supreme Court or Court of Appeals decision directly addressing the issue, the available authority indicates that common law monopolization is not a

claim in California and should be dismissed. In *Dimidowich*, the Ninth Circuit affirmed the district court's dismissal of plaintiff's monopolization claims, concluding that allegations challenging only the unilateral conduct of the defendant "fail[ed] to state a cognizable claim under California law . . . ." 803 F.2d at 1478. More recently, in *In re Intel Corp. Microprocessor Antitrust Litig.*, 496 F. Supp. 2d 404 (D. Del. 2007), the district court reviewed all available authority on the subject, including California trial court decisions and leading commentary,[5] and concluded that plaintiffs' "claim for damages based upon the common law tort of monopolization is not cognizable under California law." *Id.* at 420. The court therefore dismissed plaintiff's common law monopolization claim. *Id.*[6]

Luxpro's *attempted* common law monopolization claim is even more tenuous than the claims in these cases. There do not appear to be any cases even discussing the supposed tort of "attempted" monopolization.

Finally, to the extent that the elements of such a tort would parallel the elements of a claim for attempted monopolization under Section 2 of the Sherman Act, Luxpro fails to adequately allege these elements. In particular, although Luxpro acknowledges that specific intent is a core element of an attempted monopolization claim by alleging the legal conclusion that Apple had "specific intent" to monopolize the worldwide MP3 player market, it alleges not a single fact to support this legal conclusion. (Compl. ¶ 49.) *See, e.g., Dial A Car, Inc. v. Transportation, Inc.*, 884 F. Supp. 584, 589-90 (D.D.C. 1995) (dismissing Section 2 claim that used only "antitrust buzzwords" to establish elements of claim, including specific intent);

---

[5] The district court cited the most recent California decision on the subject — *Branning v. Apple Computer, Inc.*, (Cal. Super. Ct. May 9, 2006) — which held that "there is no cause of action for common law monopoly under California law." *See In re Intel*, 496 F. Supp. 2d at 419.

[6] Although California law governs this claim, there is also no authority that Arkansas would recognize a claim for attempted common law monopolization.

*Genetic Sys. Corp. v. Abbott Labs.*, 691 F. Supp. 407, 422 (D.D.C. 1988) (dismissing Section 2

claim, holding that "[m]ere use of the word 'intent' . . . does not constitute a *factual allegation* of

specific intent"). Accordingly, even if Luxpro's attempted common law monopolization claim

were not barred by *Noerr-Pennington*, it would fail to state a claim under California's common

law.

## V.  LUXPRO'S FOURTH CAUSE OF ACTION FOR VIOLATION OF SECTION 17200 FAILS TO STATE A CLAIM

### A.  Luxpro Fails To Allege Unlawful, Unfair or Deceptive Conduct by Apple Within the Meaning of Section 17200

#### 1.  Luxpro Fails to Allege "Unlawful" Conduct

Luxpro's claim under the "unlawful" prong of Section 17200 is predicated on Luxpro's

other claims. (Compl. ¶ 54.) Because Luxpro's other claims are meritless, as described above,

Apple's actions were not "unlawful" under Section 17200. *Jackson v. Roe*, 273 F.3d 1192, 1203

(9th Cir. 2001) (Section 17200 "does not give a plaintiff license to 'plead around' the absolute

bars to relief contained in other possible causes of action by recasting those causes of action as

ones for unfair competition"); *Daly v. Viacom*, 238 F. Supp. 2d 1118, 1126 (N.D. Cal. 2002)

(where plaintiff's other claims failed, Section 17200 claim based on the same conduct failed as

well).

#### 2.  Luxpro Fails to Allege "Unfair" Conduct

Luxpro fails to allege conduct by Apple that is "unfair" within the meaning of

Section 17200. In *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*,

20 Cal. 4th 163, 183 Cal. Rptr. 2d 548 (1999), the California Supreme Court substantially

narrowed the scope of conduct that may be held to be "unfair" in cases which, like this one, are

brought by competitors. The *Cel-Tech* court held that in such cases, the defendant's conduct

must amount to an antitrust violation or an incipient antitrust violation:

> When a plaintiff who claims to have suffered injury from a direct competitor's "unfair" act or practice invokes section 17200, the word "unfair" in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.

*Id.* at 187, 183 Cal. Rptr. 2d at 565. As the court explained, "the 'antitrust laws . . . were enacted for the 'protection of *competition*, not *competitors*.'" *Id.* at 186, 183 Cal. Rptr. 2d at 565 (emphasis in original) (citations omitted).

Where a plaintiff that is a competitor fails to plead at least an incipient violation of the antitrust laws, its "unfairness" claim under Section 17200 must be dismissed. *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151-52, 1153 (9th Cir. 2008). Luxpro cannot meet this standard. Tellingly, Luxpro has not even attempted to plead a violation of state or federal antitrust statutes, presumably because it recognizes that such a claim would fail. Although Luxpro includes boilerplate allegations of harm to competition, Luxpro does not come close to meeting *Twombly*'s requirements that it plead *facts* which, if true, would demonstrate actual or threatened harm to *competition* rather than to a competitor. Luxpro does not plead facts that so much as suggest that Apple's efforts to enforce its intellectual property rights against Luxpro harmed competition, as opposed to allegedly harming Luxpro.

Moreover, where the same conduct is alleged to be both an antitrust violation and an unfair business act or practice for the same reason, if the plaintiff fails to adequately plead an antitrust claim, its unfair competition claim must also fail. *Aguilar v. Atlantic Richfield Co.*, 25 Cal. 4th 826, 866-67, 107 Cal. Rptr. 2d 841, 874-75 (2001); *Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363, 375, 113 Cal. Rptr. 2d 175, 184 (2001). Here, because all Luxpro's causes of action are based on Apple's conduct seeking to enforce its intellectual property rights, Luxpro's claim of unfair competition under Section 17200 must fail.

### 3. Luxpro Fails to Allege "Deceptive" Conduct

Finally, Luxpro alleges that Apple engaged in deceptive business practices under Section 17200, but fails to identify any facts supporting the alleged deception. "Section 17200 claims that are grounded in fraud must satisfy the particularity requirements of [Federal Rule of Civil Procedure] 9(b)." *Van Slyke v. Capital One Bank, No. C 07-00671 WHA,* 2007 U.S. Dist. LEXIS 82690 at *27 (N.D. Cal. Nov. 7, 2007) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).) (emphasis omitted) Thus, Luxpro must identify with particularity the statements or omissions that were made. *Id.* Luxpro's complaint does not even attempt to meet this standard — it does not specifically identify any allegedly fraudulent statements or practices, nor does it state when, where, or how they occurred. Luxpro's claim under the "deception" prong of the UCL should accordingly be dismissed.

### B. If Luxpro's Section 17200 Claim Is Not Dismissed, Its Prayer for Damages Should Be Stricken

If the Court does not dismiss Luxpro's Section 17200 claim, it should strike its prayer for damages under that statute. Rule 12(f) allows a court to order stricken from any pleading, "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) can, for example, be used to strike an improper prayer for relief. *See BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (upholding district court's striking of prayer for punitive damages because complaint did not allege fraud with particularity); *see also Lovesy v. Armed Forces Benefit Ass'n*, No. C 07-2745 SBA, 2008 U.S. Dist. LEXIS 93479, *6-7 (N.D. Cal. Mar. 13, 2008) ("A motion to strike may be used to strike any part of the prayer for relief when the relief sought is not recoverable as a matter of law.").

Plaintiff seeks damages under Section 17200. (Compl. ¶¶ 63-64.) Damages are not available under the UCL. *Cel-Tech Communications*, 20 Cal. 4th at 179, 83 Cal. Rptr. 2d at 560;

*Bank of the West v. Superior Court,* 2 Cal. 4th 1254, 1266, 10 Cal. Rptr. 2d 538, 545 (1992);

*Lovesy,* 2008 U.S. Dist. LEXIS 93479 at *16-17 (granting motion to strike prayer for damages

under Section 17200).  Plaintiff's prayer for damages under Section 17200 should accordingly be

stricken.

### VI.  LUXPRO'S FIFTH CAUSE OF ACTION FOR COMMERCIAL DISPARAGEMENT IS NOT ADEQUATELY PLEADED

Luxpro's commercial disparagement claim fails because it is inadequately pleaded.

Because Luxpro alleges both damages for "harm to . . . reputation" and "pecuniary damages," it

is unclear whether Luxpro's "commercial disparagement" claim is a claim for defamation or

trade libel.  *See Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp.

2d 1035, 1044 (C.D. Cal. 1998) (defamation action is "is designed to protect the reputation of the

plaintiff" whereas disparagement action, or trade libel, "is based on pecuniary damages").

Luxpro has not sufficiently alleged either claim.

"The words constituting a libel or slander must be specifically identified, if not plead

verbatim." *Silicon Knights v. Crystal Dynamics*, 983 F. Supp. 1303, 1314 (N.D. Cal. 1997)

(quoting *Chabra v. S. Monterey County Mem. Hosp., Inc.*, 1994 WL 564566, at *6 (N.D. Cal.

1994)).  "While the exact words or circumstances of the slander need not be alleged to state a

claim for defamation, the substance of the defamatory statement must be alleged." *Silicon

Knights,* 983 F. Supp. at 1314 (dismissing claim titled "defamation and commercial

disparagement") (citing *Okun v. Super. Ct.*, 29 Cal. 3d 442, 458, 175 Cal. Rptr. 157, 167 (1981));

*see also Jones v. Thyssenkrupp Elevator Corp.*, No. C-05-3539 EMC, 2006 U.S. Dist. LEXIS

13978, *16-17 (N.D. Cal. Mar. 14, 2006) (dismissing defamation claim because plaintiff did not

identify substance of statements, speaker, recipients, timing, or context in which they were

made).

Similarly, to properly allege trade libel a party must identify the time and place of publication as well as the speaker, the recipient of the statement, the substance of the statements, and special damages. *Eldorado Stone, LLC v. Renaissance Stone, Inc.*, No. 04 cv 2562 SM (LSP), 2005 U.S. Dist. LEXIS 45237, at *10-11 (S.D. Cal. Aug. 9, 2005). In addition, because special damages are required for a claim of trade libel, a "bare allegation of the amount of pecuniary loss is insufficient," for the pleading of a trade libel claim. *Isuzu Motors*, 12 F. Supp. 2d at 1047 (Federal Rule of Civil Procedure 9(g) requires plaintiff to specifically plead special damages to state trade libel claim). To properly plead specific damages for trade libel, a plaintiff must plead established business, the amount of sales for a substantial period preceding the publication, the amount of sales subsequent to the publication, and facts showing that such loss in sales were the natural and probable result of such publication. *Id.*; *see also First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 938 (N.D. Cal. 2008) (special damages improperly pled because plaintiff failed to allege amount of business before alleged trade libel, amount of business after, or value of business).[7]

Under these standards, Luxpro's allegations are fatally deficient. The complaint does not identify the substance of any of the allegedly false statements, the time, and place of those statements, or the speaker or recipient of the statements. The only relevant allegation is the single, conclusory assertion that "Apple published false statements concerning Luxpro's business and products." (Compl. ¶ 59.) This allegation is plainly insufficient. *See, e.g., Gilliland v. Safeway, Inc.*, No. 2:08-cv-01134-MCE-CMK, 2008 U.S. Dist. LEXIS 80354, *26 (E.D. Cal.

---

[7] Luxpro would be subject to equally strict pleading standards to state a claim under Arkansas law. *See Freeman v. Bechtel Constr. Co.*, 87 F.3d 1029, 1031 (8th Cir. 1996) (to properly plead libel or slander, complaint must set forth alleged defamatory statements, manner of their publication, and identify persons to whom they were published); *Graham v. Bryce Corp.*, 348 F. Supp. 2d 1038, 1043 (E.D. Ark. 2004) (pleading standards for slander or libel); *Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 957, 69 S.W. 3d 393, 403 (2002) (pleading standards for defamation).

Oct. 10, 2008) (allegation that defendant "orally and/or in writing made false and unprivileged statements of fact, published to someone other than the plaintiff that injured . . . plaintiff's reputation" insufficient to plead defamation).

With regard to damages, Luxpro makes only a bare allegation that "Apple's disparagement caused harm to Luxpro's reputation and caused Luxpro economic losses and pecuniary damages." (Compl. ¶ 62.) It does not allege any specific business lost as a result of the alleged disparagement or the value of that business. It merely alleges it has been damaged in an amount to be determined at trial. (*Id.* ¶¶ 62-63.) This is insufficient to meet the requirements of Federal Rule of Civil Procedure 9(g). Because Luxpro has not properly pled commercial disparagement, the claim should be dismissed.[8]

---

[8] Because Luxpro's allegations are deficient, Apple cannot determine where and in what context the statements were made. To the extent Luxpro bases its claim on the litigation alleged in the complaint, however, Luxpro's claim fails for an additional reason. Any statements made in a judicial proceeding (even a foreign proceeding) are privileged under California Civil Code section 47(b) and cannot form the basis of a claim. *See Beroiz v. Wahl*, 84 Cal. App. 4th 485, 100 Cal. Rptr. 2d 905 (2000) (absolute privilege applies to communications made in foreign judicial or quasi-judicial proceedings).

# CONCLUSION

For the foregoing reasons, Luxpro's complaint should be dismissed in its entirety.

Respectfully submitted,

*/s/Kevin A. Crass*
Arkansas Bar No.: 84029

KEVIN A. CRASS
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue
Suite 2000
Little Rock, Arkansas 72201-3522
Telephone: (501) 376-2011
Email: crass@fec.net

and

JAMES M. PRATT, JR.
Arkansas Bar No.: 74124
144 Washington Street, Northwest
P.O. Box 938
Camden, Arkansas 71701-0938
Telephone: (870) 836-7328
Email: jamiepratt@cablelynx.com

and CoCounsel

PENELOPE A. PREOVOLOS
California Bar No.: 87607
STUART C. PLUNKETT
California Bar No.:187971
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
E-mail:  PPreovolos@mofo.com
E-mail:  SPlunkett@mofo.com

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

I, Kevin A. Crass, hereby certify that on December 19, 2008, the foregoing was electronically filed with the Clerk which shall send notification of such filing to the following:

- **Richard A. Adams**
  radams@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com
- **Phillip N. Cockrell**
  pcockrell@pattonroberts.com,kharris@pattonroberts.com
- **Patrick J. Conroy**
  pconroy@shorechan.com,ldalton@shorechan.com
- **Jeremy Young Hutchinson**
  jhutchinson@pattonroberts.com,kbraswell@pattonroberts.com
- **Glenn E. Janik**
  gjanik@shorechan.com,ldalton@shorechan.com
- **Corey Darnell McGaha**
  cmcgaha@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com,ssrebalus@pattonroberts.com
- **Nicholas H. Patton**
  nickpatton@texarkanalaw.com,mlong@texarkanalaw.com
- **Leisa B. Pearlman**
  lpearlman@pattonroberts.com,shicks@pattonroberts.com,pdesantis@pattonroberts.com,kgarrett@pattonroberts.com
- **Patricia L. Peden**
  ppeden@pedenlawfirm.com
- **Stuart Christopher Plunkett**
  rpelletier@mofo.com,splunkett@mofo.com
- **James M. Pratt , Jr**
  jamiepratt@cablelynx.com
- **Penelope A. Preovolos**
  PPreovolos@mofo.com,kfranklin@mofo.com
- **Sean F. Rommel**
  srommel@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com,kgarrett@pattonroberts.com

/s/  Kevin A. Crass\
KEVIN A. CRASS (84029)\
FRIDAY, ELDREDGE & CLARK, LLP\
400 West Capitol Avenue, Suite 2000\
Little Rock, Arkansas  72201-3522\
Telephone:  (501) 376-2011\
Crass@fec.net\
Attorneys for Defendant,\
Apple Inc. f/k/a Apple Computer, Inc.

# 695168