# IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF ARKANSAS

## TEXARKANA DIVISION

LUXPRO CORPORATION, a Taiwanese  )
corporation,                                        )
                                                            )
                Plaintiff,                         )
                                                            )    Civil Action No. 4:08-CV-04092-HFB
v.                                                          )
                                                            )
APPLE, INC. f/k/a Apple Computer,     )
Inc.,                                                     )
                                                            )
                                                            )
                Defendant.                      )

## DEFENDANT APPLE INC.'S BRIEF
## IN SUPPORT OF MOTION TO TRANSFER

Dockets.Justia.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

FACTUAL BACKGROUND ................................................................................................ 3

I.      PARTIES ................................................................................................................. 3

II.     ALLEGATIONS AND CLAIMS .............................................................................. 3

III.    NONPARTIES IDENTIFIED IN COMPLAINT ...................................................... 5

ARGUMENT ...................................................................................................................... 6

I.      LUXPRO'S FORUM CHOICE IS NOT ENTITLED TO DEFERENCE .................... 7

        A.      Arkansas Has No Connection to Luxpro or to this Dispute ......................... 7

        B.      As a Foreign Plaintiff, Luxpro Should Have Filed in a District
                With Some Connection to the Dispute ....................................................... 9

        C.      The Circumstances Suggest Luxpro Is Forum Shopping ........................... 11

II.     THE "BALANCE OF CONVENIENCE" FAVORS A TRANSFER TO THE
        NORTHERN DISTRICT OF CALIFORNIA ........................................................... 11

        A.      The Convenience of the Parties and Witnesses, and the Power To
                Subpoena Nonparty Witnesses, Favor Transfer ....................................... 11

        B.      The Location of Relevant Documents and the Location of
                Alleged Conduct Both Favor Transfer ...................................................... 14

        C.      The Applicability of California Law Favors Transfer ................................ 14

III.    THE INTERESTS OF JUSTICE FAVOR A TRANSFER TO THE NORTHERN
        DISTRICT OF CALIFORNIA ................................................................................. 15

CONCLUSION .................................................................................................................. 17

CASES

*Amazin' Raisins Int'l, Inc. v. Ocean Spray Cranberries, Inc.,*
　No. 04-3358 ADM/AJB, 2004 U.S. Dist. LEXIS 23200 (D. Minn. Nov. 15, 2004) ..........8, 10

*Biometics, LLC v. New Womyn, Inc.,*
　112 F. Supp. 2d 869 (E.D. Mo. 2000)................................................................8, 12, 14

*Capital Ford New Holland, Inc. v. AB Volvo,*
　No. 4:00-CV-00715 GH, 2000 U.S. Dist. LEXIS 22671 (E.D. Ark. Dec. 18, 2000)....8, 13, 14

*Coast-To-Coast Stores, Inc. v. Womack-Bowers, Inc.,*
　594 F. Supp. 731 (D. Minn. 1984) ...................................................................................16

*Darchuk v. Kellwood Co.,*
　715 F. Supp. 1438 (E.D. Ark. 1988)...........................................................................9, 12, 14

*Harris v. City of Memphis,*
　119 F. Supp. 2d 893 (E.D. Ark. 2000) ...........................................................................15

*Int'l Administrators, Inc. v. Pettigrew,*
　430 F. Supp. 2d 890 (S.D. Iowa 2006) ........................................................................9, 13

*Jaco Envt'l Inc. v. Appliance Recycling Centers of Am., Inc.,*
　No. C 06-06601 JSW, 2007 U.S. Dist. LEXIS 274221 (N.D. Cal. Mar. 27, 2007) ...............11

*Klaxon Co. v. Stentor Elec. Mfg. Co.,*
　313 U.S. 487 (1941).........................................................................................................15

*Lane v. Celadon Trucking, Inc.,*
　543 F.3d 1005 (8th Cir. 2008) ........................................................................................15

*McEvily v. Sunbeam-Oster Co.,*
　878 F. Supp. 337 (D.R.I. 1994)........................................................................................12

*Nanya Tech. Corp. v. Fujitsu Ltd.,*
　No. 06-00025, 2007 U.S. Dist. LEXIS 46431 (D. Guam June 27, 2007)...............................10

*Nat'l Bank of Harvey v. Bathgate Capital Partners, LLC,*
　No. 1:06-CV-053, 2007 U.S. Dist. LEXIS 25646 (D.N.D. Apr. 4, 2007)........................16, 17

*Nelson v. Soo Line Railroad Co.,*
　58 F. Supp. 2d 1023 (D. Minn. 1999)..............................................................................12

*Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc.,*
　387 F. Supp. 2d 564 (E.D. Va. 2005) ........................................................................9, 12, 13 16

*Ozarks Coca-Cola/Dr. Pepper Bottling Co. v. Coca-Cola Co.*,
  No. 06-03056-CV-W-GAF, 2006 U.S. Dist. LEXIS 14588 (W.D. Mo. Mar. 17, 2006) ..14, 16

*Princess House, Inc. v. Lindsey*,
  136 F.R.D. 16 (D. Mass. 1991)..............................................................................8

*Reiffin v. Microsoft Corp.*,
  104 F. Supp. 2d 48 (D.D.C. 2000) ........................................................................11

*Rudich v. Metro Goldwyn Mayer Studio, Inc.*,
  No. 08-CV-389-BBC, 2008 U.S. Dist. LEXIS (W.D. Wis. Oct. 22, 2008) ............................10

*Saleh v. Titan Corp.*,
  361 F. Supp. 2d 1152 (S.D. Cal. 2005)..................................................................10

*Terra International, Inc. v. Mississippi Chem. Corp.*,
  119 F.3d 688 (8th Cir. 1997) ..................................................................6, 7, 16

*Thornton Drilling Co. v. Stephens Production Co.*,
  No. 4:06-CV-00851 GTE, 2006 U.S. Dist. LEXIS 67961 (E.D. Ark. Sept. 6, 2006)...7, 12, 13

*Travelers Ins. Co. v. Stuart*,
  226 F. Supp. 557 (W.D. Ark. 1964)..................................................................6, 15

*Walker v. Jon Renau Collection, Inc.*,
  423 F. Supp. 2d 115 (S.D.N.Y. 2005)..................................................................10

*Wilson v. United States*,
  No. 4:05-CV-562, 2006 U.S. Dist. LEXIS 87382 (E.D. Ark. Nov. 28, 2006) ...............1, 9, 15

## STATUTES

28 U.S.C. § 1391(a)(1)......................................................................................6

28 U.S.C. § 1404(a) ...............................................................................passim

California Business and Professions Code § 17200 ............................................2, 5, 14

Defendant Apple Inc. ("Apple") submits this memorandum of law in support of its motion to transfer this matter to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## INTRODUCTION

The plaintiff in this action, Luxpro Corporation, is a Taiwanese company that manufactures and sells unauthorized copies (sometimes called "knockoffs") of Apple's uniquely designed iPod digital music player products. Apple first became aware of Luxpro's unlawful activities in 2005, when Apple learned that Luxpro displayed a knockoff of Apple's iPod shuffle digital music player at a tradeshow in Germany. Apple responded by acting to enforce its intellectual property rights against Luxpro, including obtaining preliminary injunctions in Germany and Taiwan. Now, more than three years later, Luxpro has brought suit in a forum that has no connection to this dispute. Luxpro's claim is that Apple's legitimate attempts to stop Luxpro from selling clones of Apple's iPod shuffle violated state statutory and common law.

Apple has brought a motion to dismiss Luxpro's claims, which are legally barred for multiple reasons. Although it is clear that Luxpro's claims must be dismissed, this Court should not reach the merits of the motion to dismiss, because this action should be transferred to the Northern District of California.[1] It is the only forum in the United States that has any connection to this dispute. Apple is headquartered there, and it is the location of relevant witnesses and documents. It is easily the most convenient forum for numerous nonparties identified in the complaint. It is the only district that will have the power to subpoena potential nonparty

---

[1] *See Wilson v. United States*, 2006 U.S. Dist. LEXIS 87382, *8 (E.D. Ark. Nov. 28, 2006) (declining to rule on motion for summary judgment on state law claim, because transferee forum, District of New Mexico, had superior knowledge of New Mexico law applicable to claim).

witnesses to appear at trial. Finally, it would be substantially more convenient for Luxpro to litigate this case in California than in Arkansas, since it is located in Taiwan.

Courts weigh a variety of factors, including whether plaintiff's forum choice is entitled to deference, in evaluating a motion to transfer under section 1404(a). In this case, Luxpro's forum choice is not entitled to deference. First, Luxpro chose a forum that has no connection to this dispute. Luxpro claims that Apple's enforcement of its intellectual property rights against Luxpro in Taiwan and Germany was unlawful. Apple's United States-based conduct with respect to this enforcement occurred entirely in the Northern District of California. Second, Luxpro's only apparent connection to the Western District of Arkansas is the location of its counsel, but courts do not consider the convenience of counsel under section 1404(a).

This Court should also disregard Luxpro's forum choice because, on the facts of this case, it is reasonable to conclude that Luxpro has engaged in forum shopping — a practice that courts uniformly condemn. Luxpro inexplicably chose a forum with no connection to this dispute when the forum with the greatest connection to this dispute *would have been more convenient for Luxpro*. Moreover, Luxpro specifies applicable state law with respect to only one of its claims — and the law it specifies is California's Business & Professions Code Section 17200. Luxpro thus acknowledges that California law applies, not Arkansas law.

Luxpro's choice of an Arkansas forum is also highly inconvenient. The overwhelming majority of relevant documents and witnesses are located in California, Asia and Germany; no documents or witnesses are located in Arkansas. Many nonparty witnesses are located in other countries, particularly Asia, and for all of these nonparty witnesses — at least 11 companies identified in the complaint — California is by far the more convenient forum due to the relative ease of travel. In determining the appropriate forum, courts give great weight to the relative ease

of traveling to the competing venues.  Indeed, the convenience of nonparty witnesses is generally considered the most important factor in determining whether a case should be transferred.

Finally, the interests of justice favor transfer.  Most importantly, California law governs this dispute, including one claim that is expressly brought pursuant to a California statute.  It will also be comparatively less expensive for all involved if this case were to proceed in the Northern District of California, and it would be more efficient for Luxpro to enforce any judgment in California since that is where Apple is located.

For the convenience of the parties and witnesses, and in the interests of justice, this action should be transferred to the Northern District of California.

## FACTUAL BACKGROUND

### I.  PARTIES

Plaintiff Luxpro is a Taiwanese corporation with its principal place of business in Taiwan.  (First Amended Complaint ("Compl.") ¶ 1.)  Luxpro develops and sells digital music players.  (*Id.*)  Luxpro began selling digital music players under various brand names in 2004.  (*Id.* ¶ 15.)  Luxpro's digital music players copied the unique product design of Apple's iPod shuffle, even using the name "shuffle."  Luxpro marketed its products using advertising that copied Apple's distinctive iPod silhouette and included an Apple design that was strikingly similar to the Apple logo.

Defendant Apple is a California corporation with its principal place of business in Cupertino, California.  (*Id.* ¶ 2.)  Apple distributes and sells digital music players throughout the world under the brand name iPod, including the iPod shuffle.  (*Id.*)

### II.  ALLEGATIONS AND CLAIMS

Luxpro alleges that Apple engaged in conduct intended to damage Luxpro's digital music player business and interfere with its business relations.  (*Id.* ¶ 6.)  This alleged conduct involved

Apple initiating supposedly "[a]busive litigation" against Luxpro in Germany and Taiwan regarding the similarity of its MP3 [digital music] players to Apple's iPod products, as well as Apple's attempts to protect its intellectual property rights with respect to nonparties doing business with Luxpro. (*Id.* ¶¶ 25-35.)

In February 2005, Luxpro conducted a "trial run" of one of its digital music players at the CeBit Tradeshow in Hanover, Germany. (*Id.* ¶ 26.) Luxpro called this digital music player the "Super shuffle." (*Id.*) In response, Apple applied for injunctive relief from a German court. (*Id.*; Declaration of Thomas R. La Perle in Support of Apple Inc.'s Motion to Transfer and Motion to Dismiss ("La Perle Decl.") Exhibits 1 and 2.) The German court granted Apple's request and issued an injunction. (Compl. ¶ 26; La Perle Decl. Exhibits 1 and 2.) The injunction prevented Luxpro from offering a clone of the iPod shuffle digital music player. (La Perle Decl. Exhibits 1 and 2.)

Following the CeBit Tradeshow and the issuance of an injunction, in April 2005, Apple sent letters to Luxpro demanding that Luxpro stop marketing or selling certain digital music players — marketed under the names Super Tangent, Top Tangent, and EZ Tangent — that infringed Apple's intellectual property rights. (Compl. ¶ 27.) Luxpro did not comply with Apple's demand. (*Id.*)

Apple then commenced litigation against Luxpro in Taiwan, "alleging that the appearance" of Luxpro's Super Tangent, Top Tangent, and EZ Tangent products "closely resembled the iPod shuffle." (*Id.* ¶ 28.) Apple succeeded in obtaining a preliminary injunction from the Taiwanese court related to Luxpro's unauthorized copying of the iPod shuffle's product configuration. (*Id.*; La Perle Decl. Exhibits 3 and 4.) The injunction prohibited Luxpro from manufacturing, distributing, or marketing the digital music players at issue. (Compl. ¶ 28; La

Perle Decl. Exhibits 3 and 4.) Luxpro appealed the injunction, which was partially lifted in November 2005 with respect to certain of Luxpro's products. (Compl. ¶ 28.) Apple also filed a motion with the Taiwan Fair Trade Commission alleging that Luxpro had violated the Taiwan Fair Trade Act. (*Id.* ¶ 29.)

Finally, Apple sought to enforce its intellectual property rights associated with its iPod products by sending "warning letters" regarding infringement or potential infringement to companies selling Luxpro's products. (*Id.* ¶ 30.)

The complaint asserts that Apple's conduct in seeking to enforce its intellectual property rights constituted interference with contractual and prospective advantage, tortious interference with contract, attempted common law monopolization, and commercial disparagement, and violated California Business & Professions Code § 17200. (*Id.* ¶¶ 36-62.)

## III.   NONPARTIES IDENTIFIED IN COMPLAINT

The complaint identifies several companies relevant to Luxpro's allegations that are not parties to this action. Luxpro alleges that Apple's conduct interfered with Luxpro's business relationships with the following companies:

Beijing Huaqi Informational Digital Technology Co., located in China (*id.* ¶ 17);

Beijing Qian Kun Time Digital Technology Co., Ltd., located in China (*id.* ¶ 18);

InterTAN Canada, Ltd., located in Canada (*id.* ¶ 19);

TC Digital Electronic SBU, located in China (*id.* ¶ 20);

Kaga Electronics Co., Ltd., located in Japan (*id.* ¶¶ 22 & 33);

Starbucks Corporation, located in Seattle Washington, but concerning Starbucks stores in Japan (*id.* ¶ 32);

Orchard Company, located in Singapore (*id.* ¶ 33); and

Web Worker, located in Germany (*id.*)

The complaint identifies other nonparties. Luxpro allegedly contacted GreTai Securities Market in Taipei, Taiwan to undertake listing its stock. (*Id.* ¶¶ 23 & 28.) Luxpro also alleges that Apple indirectly contacted two of its business partners — one in Poland (Compu Import Co.) and four in Taiwan (Carrefour, EUPA, 3C, and ET Mall). (*Id.* ¶ 34.)

In summary, the complaint identifies eight nonparties located in China, one in Canada, one in Singapore, one in Japan, one in Germany, one in Poland, and one in Seattle, Washington (concerning its stores in Japan). The Court must consider the convenience of these nonparties, as discussed below.

## ARGUMENT

Section 1404(a) provides that a case may be transferred to another district court if (1) venue would be proper in the proposed new court,[2] (2) the transfer would serve "the convenience of parties and witnesses," and (3) a transfer would promote "the interests of justice." 28 U.S.C. § 1404(a); *see also Terra International, Inc. v. Mississippi Chem. Corp.,* 119 F.3d 688, 691 (8th Cir. 1997).

Courts have broad discretion to transfer based on these factors. *Travelers Ins. Co. v. Stuart,* 226 F. Supp. 557, 561 (W.D. Ark. 1964). In exercising its discretion, the Court should consider whether plaintiff's choice of forum is entitled to deference. The Court should then consider the "balance of convenience," including the convenience of parties and witnesses, the location of relevant documents, the location of the conduct complained of, and the applicability of the forum state's substantive law. *Terra International,* 119 F.3d at 696. Finally, the Court

---

[2] Venue in diversity cases is proper in any district where the defendant resides. 28 U.S.C. § 1391(a)(1). Here, Apple's principal place of business is in the Northern District of California. (*See* Compl. ¶ 2; La Perle Decl. ¶ 1.)

should consider the interests of justice, including the advantage of having a local court determine questions of local law and the comparative costs to the parties. *Id.*[3]

All these factors indicate that this case should be transferred to the Northern District of California. Luxpro's choice of forum is, on the facts of this case, not entitled to deference. Luxpro is a Taiwanese company with no relationship to Arkansas. And Luxpro complains of conduct that has no connection to Arkansas.

California is more convenient for the parties and witnesses. Apple is located there, and it is more convenient for Luxpro, given that it is easier to travel from Asia to California than to Arkansas. It is also more convenient for the many nonparties identified in the complaint. The overwhelming majority of Apple's documents are also located in California. Finally, justice and judicial economy will be served, because California law applies to this suit and because this litigation would be comparatively less expensive for all concerned if it is transferred to California.

## I.     LUXPRO'S FORUM CHOICE IS NOT ENTITLED TO DEFERENCE

### A.     Arkansas Has No Connection to Luxpro or to this Dispute

Luxpro's choice of the Western District of Arkansas to bring suit against Apple is entitled to little, if any, deference. A plaintiff's forum choice should be given no deference where plaintiff does not reside in the chosen forum or where the forum lacks a significant connection to the dispute. *Thornton Drilling Co. v. Stephens Production Co.*, No. 4:06-CV-00851 GTE, 2006 U.S. Dist. LEXIS 67961, *6-7 (E.D. Ark. Sept. 6, 2006) (transferring case where plaintiff sued in forum "with no connection to the issues in dispute and no apparent or stated connection

---

[3] There is no exhaustive list of factors. *Terra International*, 119 F.3d at 691. Instead, courts conduct "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* We have limited our discussion to factors that are relevant in light of the circumstances of this case.

to the Plaintiff"); *see also Capital Ford New Holland, Inc. v. AB Volvo*, No. 4:00-CV-00715 GH, 2000 U.S. Dist. LEXIS 22671, *7 (E.D. Ark. Dec. 18, 2000) ("where the plaintiff is not a resident of the forum in which the case is brought, a transfer will generally be regarded as less inconvenient to the plaintiffs") (citation omitted); *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 877 (E.D. Mo. 2000) (forum choice given less deference where plaintiff was not resident of forum and operative facts occurred elsewhere).

Both factors are present here. Luxpro does not reside in Arkansas. Rather, it "is a Taiwanese corporation, with its principal place of business in Taiwan." (Compl. ¶ 1 ("Luxpro is a citizen of and is domiciled in Taiwan, a foreign state.").) Luxpro does not allege that it has any connection to Arkansas whatsoever. Luxpro's only apparent connection to Arkansas is the location of certain of its attorneys. But the location of plaintiff's attorneys is not a relevant factor in evaluating transfer. *See Amazin' Raisins Int'l, Inc. v. Ocean Spray Cranberries, Inc.*, No. 04-3358 ADM/AJB, 2004 U.S. Dist. LEXIS 23200, at *9 (D. Minn. Nov. 15, 2004) ("it is axiomatic that convenience to plaintiff's counsel is not a factor") (citation omitted); *Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991) ("No case articulates that the convenience of counsel is a consideration in deciding a motion to transfer pursuant to § 1404(a).").

Nor does the dispute have any connection to Arkansas. None of the alleged conduct occurred in Arkansas. The complaint concerns legal proceedings commenced by Apple in Germany and Taiwan. It also concerns Apple's alleged interference with Luxpro's relations with businesses in Asia, Europe, and Canada. Apple's conduct with respect to these allegations occurred in the foreign countries mentioned; its United States-based conduct occurred in the Northern District of California at Apple's headquarters. (La Perle Decl. ¶ 4.)

Where plaintiff's chosen forum lacks a significant connection to the dispute, courts grant transfer motions *even where the plaintiff is a resident of the forum*. In *Wilson v. United States*, No. 4:05-CV-562, 2006 U.S. Dist. LEXIS 87382 (E.D. Ark. Nov. 28, 2006), for example, plaintiff — an Arkansas resident — filed suit in Arkansas even though the relevant events occurred in New Mexico. *Id.* at \*1-2. The court transferred the case on the ground that "the only connection of this case to Arkansas is that Plaintiff is a resident of Mountain View, Arkansas." *Id.* at \*16 (plaintiff's "choice of forum is assigned less weight if the operative events giving rise to the lawsuit took place in a forum other than that chosen by the plaintiff."); *see also Int'l Administrators, Inc. v. Pettigrew*, 430 F. Supp. 2d 890, 901 (S.D. Iowa 2006) (case transferred to Texas even though plaintiff was Iowa corporation, because Texas was home to more witnesses and documents than Iowa); *Darchuk v. Kellwood Co.*, 715 F. Supp. 1438, 1439-40 (E.D. Ark. 1988) (case transferred even though plaintiff was resident of Arkansas and would incur costs as a result of transfer). The facts here are far more compelling for transfer than in these cases, because Arkansas is not Luxpro's home and it would actually be more convenient for Luxpro to litigate in California than in Arkansas.

### B. As a Foreign Plaintiff, Luxpro Should Have Filed in a District With Some Connection to the Dispute

Courts hold that, for a foreign plaintiff's forum choice "to be given *any* weight, there must be a connection between the [chosen forum] and the claims alleged against the defendants." *Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc.*, 387 F. Supp. 2d 564, 568 (E.D. Va. 2005) (emphasis added). No such connection exists here. Luxpro may cite allegations in the complaint regarding personal jurisdiction, which state that Apple does business in Arkansas because it sells products here. (Compl. ¶¶ 4-5.) But, "[i]n order to give deference to a foreign plaintiff's choice of forum, *the contacts at issue must relate to the plaintiff's claims*." *Original*

*Creatine*, 387 F. Supp. 2d at 568 (emphasis added). Apple's sales in Arkansas do not relate to Luxpro's claims. Moreover, Apple sells products nationwide, and there is nothing unique about its sales in Arkansas. *Id.* (holding that defendant's sales of allegedly infringing products in chosen forum did not afford deference to plaintiff's choice, because defendant sold products nationwide).[4]

Where a foreign plaintiff chooses a forum in the United States that lacks a significant connection to the dispute, courts routinely disregard plaintiff's choice and transfer the action to a district with more substantial ties. *Rudich v. Metro Goldwyn Mayer Studio, Inc.*, No. 08-CV-389-BBC, 2008 U.S. Dist. LEXIS, at *9-10 (W.D. Wis. Oct. 22, 2008) (transferring case brought by Israeli plaintiff to district where defendant is headquartered); *Nanya Tech. Corp. v. Fujitsu Ltd.*, No. 06-00025, 2007 U.S. Dist. LEXIS 46431, at *9-12 (D. Guam June 27, 2007) (transferring case brought by Taiwanese company in forum where none of the defendants resided); *Walker v. Jon Renau Collection, Inc.*, 423 F. Supp. 2d 115, 118-19 (S.D.N.Y. 2005) (transferring case brought by British company to California where defendant resided, even though New York, which had no connection to controversy, would have been more convenient to plaintiff); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157-58 (S.D. Cal. 2005) (transferring case brought by Iraqi plaintiffs in forum with only minimal connection to controversy); *Amazin' Raisins*, 2004 U.S. Dist. LEXIS 23200 at *6 & *14 (transferring case brought by Canadian plaintiff to forum where defendant was headquartered).

The same rule should apply here, and Luxpro's forum choice should not prevent a transfer to the Northern District of California — the only district with any connection to this dispute.

---

[4] Luxpro's allegations are incorrect. Luxpro alleges that Apple has "numerous retail sales locations throughout this District." In fact, Apple does not have any retail store locations in Arkansas. (La Perle Decl. ¶ 2.)

## C.    The Circumstances Suggest Luxpro Is Forum Shopping

If this Court concludes that Luxpro has engaged in forum shopping, that too is a reason to disregard Luxpro's forum choice. *Jaco Envt'l Inc. v. Appliance Recycling Centers of Am., Inc.*, No. C 06-06601 JSW, 2007 U.S. Dist. LEXIS 274221 at *7 (N.D. Cal. Mar. 27, 2007) ("if there is any indication that a plaintiff is forum shopping, its choice will be given little deference"); *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 54 n.12 (D.D.C. 2000) (plaintiff's chosen forum will be accorded little deference where it is apparent that plaintiff is engaged in "forum-shopping" and is offered an equally convenient forum elsewhere).

The circumstances here warrant such a conclusion. Luxpro chose a forum that has no connection to this case when it could have filed suit in the Northern District of California, which does have a connection to this case. Luxpro cannot explain this decision with reference to its own convenience, because it would be *more* convenient for Luxpro to litigate in California. After all, it would be far easier for Luxpro to travel from Taiwan to California. The Court can reasonably conclude on these facts that Luxpro is forum shopping, a practice that the federal courts condemn.

## II.    THE "BALANCE OF CONVENIENCE" FAVORS A TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA

Luxpro could have filed this action in the Northern District of California, which would have been far more convenient for the parties and witnesses. Indeed, the "balance of convenience" weighs heavily in favor of a transfer to the Northern District of California. None of the convenience factors weighs against transfer.

### A.    The Convenience of the Parties and Witnesses, and the Power To Subpoena Nonparty Witnesses, Favor Transfer

The convenience of party and nonparty witnesses is an important, if not the most important, factor to be analyzed in determining whether to change a litigation's venue.

*McEvily v. Sunbeam-Oster Co.*, 878 F. Supp. 337, 344-45 (D.R.I. 1994) ("The convenience of witnesses is said to be a primary, if not the most important, factor in passing on a motion to transfer under § 1404(a).").

The Northern District of California is easily the most convenient forum for the parties. Apple is headquartered in that district, and employees with relevant knowledge are located there. (La Perle Decl. ¶¶ 1, 4.) The defense of this case in Arkansas would thus result in substantial costs in terms of travel and disruption in the work schedules of Apple employees. *See Biometics*, 112 F. Supp. 2d at 875-76 (transferring case where defendant would incur substantial costs for travel and loss of employee time if forced to defend action in original forum); *Darchuk*, 715 F. Supp. at 1439; *Nelson v. Soo Line Railroad Co.*, 58 F. Supp. 2d 1023, 1027 (D. Minn. 1999) ("While it is true that most of the witnesses are employees of defendant, the cost of obtaining these witnesses such as transportation, meals, lodging and work schedules is considerable.").

Importantly, because these witnesses currently work and reside in California, they will likely be outside of this Court's subpoena power should they leave Apple's employ during the pendency of this litigation. The fact that these witnesses are currently employed by Apple and could arguably be required by Apple to appear in this Court does not undercut the importance of this point. As the court in *Thornton Drilling* held, "[p]eople change jobs and there is no assurance that . . . witnesses will remain employed when this case goes to trial." 2006 U.S. Dist. LEXIS 67961 at *10 (granting transfer based in part on court's lack of subpoena power over defendant's employees).

The Northern District of California is also more convenient for Luxpro and its employees. Given that Luxpro's principal place of business is Taiwan, it is likely that many of

its party witnesses will reside in that country. It will be easier for them travel to California than to Arkansas. *See Original Creatine*, 387 F. Supp. 2d at 570 (transferring where it would be more convenient for foreign plaintiff to travel by air to New York than to chosen forum in Virginia); *see also Thornton Drilling*, 2006 U.S. Dist. LEXIS 67961 at *10 (granting transfer where "it would be more convenient to both Plaintiff and Defendant to litigate" in transferee forum); *Capital Ford*, 2000 U.S. Dist. LEXIS 22671 at *10 (granting transfer where plaintiffs, who were located around North America, would have easier time flying to Chicago than to Little Rock, Arkansas). Courts sometimes deny transfer where the burden would simply be shifted from one party to the other, but that is not the case here. Instead, transfer would be more convenient for *both* parties and their witnesses.

Finally, the Court should assign perhaps the greatest weight to the convenience of nonparty witnesses. *Pettigrew*, 430 F. Supp. 2d at 900 ("convenience of nonparty witnesses is generally considered to be one of the most important factors to be weighed in the venue transfer analysis"). This factor overwhelmingly favors transfer. Luxpro's complaint identifies 14 nonparty entities who will undoubtedly possess relevant information. And for all 14, the Northern District of California is far more convenient due to the comparative difficulty of traveling to Texarkana, Arkansas than to San Francisco, California. This includes 11 companies in Asia, two in Europe, one in Canada and one in Seattle, Washington. It will also include current Apple employees who cease to work for the company. The Court should not permit Luxpro to inconvenience all of these nonparties merely because it chose a forum that has no connection to Luxpro or to this case.

### B. The Location of Relevant Documents and the Location of Alleged Conduct Both Favor Transfer

The overwhelming majority of relevant documents in the United States are located in the Northern District of California. (La Perle Decl. ¶ 3.) That is because Apple is headquartered in Cupertino, California, and the United States-based conduct of Apple relevant to this dispute occurred in that district. (*Id.* ¶¶ 1, 4, 5.) By contrast, no relevant events occurred in Arkansas and no documents are located there. (*Id.* ¶¶ 3, 5.) The location of relevant documents and events thus favors transfer to the Northern District of California. *See Ozarks Coca-Cola/Dr. Pepper Bottling Co. v. Coca-Cola Co.*, No. 06-03056-CV-W-GAF, 2006 U.S. Dist. LEXIS 14588 at *20 (W.D. Mo. Mar. 17, 2006) (granting transfer where none of plaintiff's documents were in chosen forum and defendants documents were located primarily in transferee district); *Biometics,* 112 F. Supp. 2d at 876 (transferring case to forum in which research, development and marketing underlying complaint took place); *Darchuk,* 715 F. Supp. at 1440 (transferring case to forum where key events occurred and files and records located).

### C. The Applicability of California Law Favors Transfer

Luxpro asserts five causes of action, all of which are likely governed by California law. One is clearly governed by California law, because it alleges a violation of California Business and Professions Code section 17200. (Compl. ¶¶ 53-57.) The inclusion of a claim under another state's law generally favors transfer to that forum. *See Capital Ford*, 2000 U.S. Dist. LEXIS 22671 at *11 (noting that "one additional factor" in favor of transferring case from Arkansas to Illinois was plaintiff's inclusion of a claim under the Illinois Franchise Disclosure Act). As the court held in *Capital Ford*, a federal district court "is in a better position to interpret" the law of the state in which it sits. *Id.*

Luxpro's other claims are common-law claims that are likely governed by California law. Indeed, it appears under Arkansas choice-of-law principles that the only state law that could apply here is California law.[5]  Arkansas requires courts to determine which state has the most significant relationship to the parties and the issues. *Lane v. Celadon Trucking, Inc.*, 543 F.3d 1005, 1010 (8th Cir. 2008).  California is the *only* state in the United States that has any relationship to the parties and the issues here, as discussed above.[6]

The applicability of California law to all of Luxpro's claims strongly supports transfer. *See Wilson*, 2006 U.S. Dist. LEXIS 87382 at *18 (transferring case to New Mexico because district court there "is more familiar with" the New Mexico law that would govern several of plaintiff's claims); *Travelers Insurance*, 226 F. Supp. at 562 (transferring to California where "substantive law of California governs" several issues in dispute).

## III.   THE INTERESTS OF JUSTICE FAVOR A TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA

The interests of justice also weigh in favor of a transfer to the Northern District of California.  Courts consider a variety of interest-of-justice factors depending on the circumstances of the case.  Here, the relevant factors are (1) the advantages of having a local court determine questions of local law, (2) the comparative costs to the parties of litigating in

---

[5] Because this is a diversity case, Arkansas choice-of-law rules apply. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (when jurisdiction is based on diversity of citizenship, federal district courts apply the choice-of-law rules of the state in which they sit).

[6] Arkansas then requires courts to consider five factors:  (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law. *Lane*, 543 F.3d at 1010 (citing *Ganey v. Kawasaki Motors Corp., U.S.A.*, 366 Ark. 234, 234 S.W.3d 838, 846 (Ark. 2006)).  These factors also favor California law.  For example, advancement of the forum's governmental interests is considered the most significant factor in tort actions. *Harris v. City of Memphis*, 119 F. Supp. 2d 893, 896 (E.D. Ark. 2000).  This factor favors California law, because California has a strong interest given that Apple has its principal place of business there.  None of the factors favors Arkansas.

each forum, and (3) the ability to enforce a judgment. *See Terra International*, 119 F.3d at 696 (listing potential factors).

First, as discussed above, California law applies to Luxpro's claims, including one claim that Luxpro has expressly brought under a California statute. The fact that California law will apply demonstrates that a transfer will serve the interests of justice: "It is in the interest of justice to transfer [an] action to a judge familiar with the law that will control the outcome of the case." *Ozarks Coca-Cola*, 2006 U.S. Dist. LEXIS 14588 at *19 (fact that plaintiff asserted a statutory claim under transferee forum's law favored transfer) (quotation and citation omitted); *see also Nat'l Bank of Harvey v. Bathgate Capital Partners, LLC*, No. 1:06-CV-053, 2007 U.S. Dist. LEXIS 25646, *31 (D.N.D. Apr. 4, 2007) (fact that plaintiff's claim would likely be governed by law of Colorado, and Colorado courts were more familiar with Colorado law, favored transfer); *Coast-To-Coast Stores, Inc. v. Womack-Bowers, Inc.*, 594 F. Supp. 731, 734 (D. Minn. 1984) (transfer to Arkansas in interest of justice because district court in Arkansas in "better position" to construe Arkansas law).

In contrast, there "is little local interest" in having a matter brought by a foreign plaintiff decided in a forum with no connection to the dispute. *Original Creatine*, 387 F. Supp. 2d at 572 (transferring case brought by forum plaintiff to forum where defendant's documents and witnesses were located).

Second, the comparative costs to the parties favor transfer. The costs to Apple of litigating in this forum will substantially exceed the costs of litigating in the Northern District of California, where Apple's witnesses and documents are located. Luxpro, on the other hand, will incur no additional costs by litigating this case in California. Luxpro will be required to hire local counsel and travel regardless of whether this case proceeds in Arkansas or California. *See*

*Nat'l Bank of Harvey*, 2007 U.S. Dist. LEXIS 25646 at *31-32 (granting transfer where defendant would not have to travel or hire local counsel in transferee forum and plaintiff would have to do so in either forum). Luxpro's litigation costs are likely to be *lower* in the Northern District of California, because it is easier for Luxpro's principals and employees to travel to California than to Arkansas.

Third, the ability to enforce a judgment favors a California forum. Apple is located in the Northern District of California, and accordingly, any judgment against it will likely have to be enforced in that district. It will be less expensive to enforce a judgment issued in the Northern District of California, and there will be no need for any recognition of judgment proceedings there. *Nat'l Bank of Harvey*, 2007 U.S. Dist. LEXIS 25646 at *31 (granting transfer where enforcement of judgment would be cheaper in transferee forum and there would be no need for recognition of judgment proceedings, as defendants resided in transferee forum).

In summary, the relevant interest of justice factors all favor a transfer to the Northern District of California.

## CONCLUSION

There is no basis whatsoever for Luxpro's decision to file in this district. Neither Luxpro nor the facts alleged in its complaint have any connection to Arkansas. Each of the factors used to determine whether transfer is appropriate under 28 U.S.C. § 1404(a) overwhelmingly favors transfer to the Northern District of California. Similarly, no deference should be accorded here to plaintiff's choice of forum given the complete absence of any connection to the forum. In

sum, the interest of justice and the convenience of all concerned dictate transfer to the Northern District of California.

Respectfully submitted,

*/s/Kevin A. Crass*
Arkansas Bar No.: 84029

KEVIN A. CRASS
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue
Suite 2000
Little Rock, Arkansas 72201-3522
Telephone: (501) 376-2011
Email: crass@fec.net

and

JAMES M. PRATT, JR.
Arkansas Bar No.: 74124
144 Washington Street, Northwest
P.O. Box 938
Camden, Arkansas 71701-0938
Telephone: (870) 836-7328
Email: jamiepratt@cablelynx.com

and CoCounsel

PENELOPE A. PREOVOLOS
California Bar No.: 87607
STUART C. PLUNKETT
California Bar No.:187971
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
E-mail: PPreovolos@mofo.com
E-mail: SPlunkett@mofo.com

*Attorneys for Defendant Apple Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I, Kevin A. Crass, hereby certify that on December 19, 2008, the foregoing was electronically filed with the Clerk which shall send notification of such filing to the following:

- **Richard A. Adams**
  radams@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com
- **Phillip N. Cockrell**
  pcockrell@pattonroberts.com,kharris@pattonroberts.com
- **Patrick J. Conroy**
  pconroy@shorechan.com,ldalton@shorechan.com
- **Jeremy Young Hutchinson**
  jhutchinson@pattonroberts.com,kbraswell@pattonroberts.com
- **Glenn E. Janik**
  gjanik@shorechan.com,ldalton@shorechan.com
- **Corey Darnell McGaha**
  cmcgaha@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com,ssrebalus@pattonroberts.com
- **Nicholas H. Patton**
  nickpatton@texarkanalaw.com,mlong@texarkanalaw.com
- **Leisa B. Pearlman**
  lpearlman@pattonroberts.com,shicks@pattonroberts.com,pdesantis@pattonroberts.com,kgarrett@pattonroberts.com
- **Patricia L. Peden**
  ppeden@pedenlawfirm.com
- **Stuart Christopher Plunkett**
  rpelletier@mofo.com,splunkett@mofo.com
- **James M. Pratt , Jr**
  jamiepratt@cablelynx.com
- **Penelope A. Preovolos**
  PPreovolos@mofo.com,kfranklin@mofo.com
- **Sean F. Rommel**
  srommel@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com,kgarrett@pattonroberts.com

<div style="margin-left:40%;">

/s/  Kevin A. Crass
KEVIN A. CRASS (84029)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas  72201-3522
Telephone:  (501) 376-2011
Crass@fec.net
Attorneys for Defendant,
Apple Inc. f/k/a Apple Computer, Inc.

</div>

# 695210