# IN THE UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF ARKANSAS

# TEXARKANA DIVISION

| | |
|---|---|
| LUXPRO CORPORATION, a Taiwanese corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 4:08-CV-04092-HFB ) |
| APPLE, INC. f/k/a Apple Computer, Inc., | ) ) ) ) |
| Defendant. | ) ) |

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF APPLE INC.'S MOTION FOR TRANSFER AND MOTION TO DISMISS

Pursuant to Rule 201 of the Federal Rules of Evidence, Apple Inc. hereby requests that the Court take judicial notice of (1) an injunction issued by the Ninth Panel of the Braunschweig Regional Court in Braunschweig, Germany on March 14, 2005 and (2) an injunction issued by the Shihlin District Court in Taipei, Taiwan on August 18, 2005, which are cited in Apple's Motion to Dismiss and to Strike. True and correct copies of these injunctions and their translations are attached as Exhibits 1 – 4 to the accompanying Declaration of Thomas La Perle.

Federal Rule of Evidence 201 allows a court to take judicial notice of adjudicative facts "not subject to reasonable dispute in that [they are] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." "When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider

1

'some materials that are part of the public record or do not contradict the complaint,' as well as materials that are 'necessarily embraced by the pleadings.'" *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). A court may also consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003); *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) (district court properly took judicial notice of public record referenced in complaint); *R.P. v. Springdale Sch. Dist.*, 2007 U.S. Dist. LEXIS 12073, *6 (W.D. Ark. Feb. 21, 2007) (on motion to dismiss, considering settlement agreements referred to and relied on in the complaint). Orders and judgments of foreign courts are also proper subjects of judicial notice. *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 412 (6th Cir. 2006) (taking judicial notice of forty-five exhibits that included English translations of documents generated during Korean judicial proceedings); *Channer v. Brooks*, 2001 U.S. Dist. LEXIS 25065, *2 (D. Conn. July 19, 2001) ("A federal court may take judicial notice of a decision rendered by the judicial system of a state or foreign country.")

The German and Taiwanese injunctions are a proper subject of judicial notice. The complaint refers to (but does not attach) both of these injunctions, and Luxpro bases a number of its allegations on those injunctions. Specifically, Luxpro alleges that "Apple applied for and received injunctive relief against Luxpro from a German court asking Luxpro to abandon the use of the word 'Shuffle' in the product name of one of its competing products, even though no trademark for that name was registered by Apple." (First Amended Complaint, ¶ 26.) Luxpro also contends that Apple obtained an injunction in Taiwan that prohibited Luxpro from manufacturing, distributing and marketing its digital music players, and that the injunction "stopped all of Luxpro's MP3 production and had forced Luxpro to cease performance of existing contracts and orders." (*Id.*

2

at ¶ 28.) Plaintiff has thus incorporated the two injunctions by reference into the complaint, allowing the Court to judicially notice them and consider them for purposes of Apple's motion to dismiss and to strike. *Mattes*, 323 F3d at 698. The Court may judicially notice the injunctions for the additional, independent reason that they are orders of a foreign court. *Mike's Train House*, 472 F.3d at 412; *Channer*, 2001 U.S. Dist. LEXIS 25065 at *2.

Respectfully submitted,

BY: /s/ *Kevin A. Crass*
Arkansas Bar No.: 84029

KEVIN A. CRASS
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue
Suite 2000
Little Rock, Arkansas 72201-3522
Telephone: (501) 376-2011
Email: crass@fec.net

and

JAMES M. PRATT, JR.
Arkansas Bar No.: 74124
144 Washington Street, Northwest
P.O. Box 938
Camden, Arkansas 71701-0938
Telephone: (870) 836-7328
Email: jamiepratt@cablelynx.com

and CoCounsel

PENELOPE A. PREOVOLOS
California Bar No.: 87607
STUART C. PLUNKETT
California Bar No.:187971
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
E-mail: PPreovolos@mofo.com
E-mail: SPlunkett@mofo.com

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

I, Kevin A. Crass, hereby certify that on December 19, 2008, the foregoing was electronically filed with the Clerk which shall send notification of such filing to the following:

- **Richard A. Adams**
  radams@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com
- **Phillip N. Cockrell**
  pcockrell@pattonroberts.com,kharris@pattonroberts.com
- **Patrick J. Conroy**
  pconroy@shorechan.com,ldalton@shorechan.com
- **Jeremy Young Hutchinson**
  jhutchinson@pattonroberts.com,kbraswell@pattonroberts.com
- **Glenn E. Janik**
  gjanik@shorechan.com,ldalton@shorechan.com
- **Corey Darnell McGaha**
  cmcgaha@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com,ssrebalus@pattonroberts.com
- **Nicholas H. Patton**
  nickpatton@texarkanalaw.com,mlong@texarkanalaw.com
- **Leisa B. Pearlman**
  lpearlman@pattonroberts.com,shicks@pattonroberts.com,pdesantis@pattonroberts.com,kgarrett@pattonroberts.com
- **Patricia L. Peden**
  ppeden@pedenlawfirm.com
- **Stuart Christopher Plunkett**
  rpelletier@mofo.com,splunkett@mofo.com
- **James M. Pratt , Jr**
  jamiepratt@cablelynx.com
- **Penelope A. Preovolos**
  PPreovolos@mofo.com,kfranklin@mofo.com
- **Sean F. Rommel**
  srommel@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com,kgarrett@pattonroberts.com

/s/ Kevin A. Crass
KEVIN A. CRASS (84029)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522
Telephone: (501) 376-2011
Crass@fec.net
Attorneys for Defendant,
Apple Inc. f/k/a Apple Computer, Inc.

# 695173