# IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF ARKANSAS

### TEXARKANA DIVISION

LUXPRO CORPORATION, a Taiwanese )
corporation,                    )
                                )
            Plaintiff,          )
                                )        Civil Action No. 4:08-CV-04092-HFB
v.                              )
                                )
APPLE, INC. f/k/a Apple Computer, )
Inc.,                           )
                                )
                                )
            Defendant.          )

## DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Dockets.Justia.com

# TABLE OF CONTENTS

Table of Authorities ........................................................................................................ iii

INTRODUCTION ............................................................................................................ 1

ARGUMENT .................................................................................................................... 3

I.     LUXPRO'S DISCUSSION OF THE LEGAL STANDARD FOR MOTIONS TO
       DISMISS IS MISLEADING ................................................................................. 3

II.    THE COURT HAS SUFFICIENT INFORMATION TO CONCLUDE THAT
       CALIFORNIA LAW APPLIES TO ALL OF LUXPRO'S CLAIMS ..................... 5

III.   LUXPRO'S ATTEMPTS TO BRUSH ASIDE THE *NOERR-PENNINGTON*
       DOCTRINE SHOULD BE REJECTED .................................................................. 7

       A.     Luxpro Concedes that *Noerr-Pennington* Immunity Applies to Apple's
              Litigation Against Luxpro..................................................................................... 9

       B.     *Noerr-Pennington* Immunity Applies to Apple's Pre-Litigation Conduct .......... 10

              1.     *Noerr-Pennington* Applies to Pre-Litigation Conduct............................. 10

              2.     The Only Pre-Litigation Conduct Alleged Is Apple's Enforcement
                     of Intellectual Property Rights .................................................................. 12

IV.    LUXPRO HAS FAILED TO STATE A CLAIM FOR TORTIOUS
       INTERFERENCE WITH ECONOMIC ADVANTAGE OR CONTRACT................... 12

       A.     Luxpro's Claims are Time-Barred Because They Accrued in 2005.................... 12

       B.     Luxpro Fails To Address Any of the Pleading Deficiencies With Respect
              to Its Tortious Interference Claims .................................................................... 14

V.     LUXPRO'S THIRD CAUSE OF ACTION FOR ATTEMPTED COMMON
       LAW MONOPOLIZATION FAILS BECAUSE NO SUCH CLAIM EXISTS
       UNDER CALIFORNIA OR ARKANSAS LAW .......................................................... 16

       A.     California Does Not Recognize a Claim for Common Law
              Monopolization.................................................................................................... 16

       B.     Arkansas Does Not Recognize a Claim for Common Law Attempted
              Monopolization.................................................................................................... 18

       C.     Luxpro's Suggestion That Some Other State May Recognize Its Claim Is
              Irrelevant ............................................................................................................. 18

       D.     Luxpro Fails To Allege Specific Intent ............................................................... 19

VI.    LUXPRO FAILS TO STATE A CLAIM FOR VIOLATION OF
       SECTION 17200................................................................................................................ 20

       A.     Luxpro's Allegations Are Insufficient To Meet the Requirements for
              Demonstrating "Unfair" Conduct Under Section 17200 ...................................... 20

       B.     Luxpro Has Failed To Plead Allegedly "Fraudulent" Conduct Under
              Section 17200 with Particularity........................................................................... 22

i

C.      Luxpro Improperly Seeks Damages Under the Guise of "Restitution" ............... 23

VII.    LUXPRO HAS NOT MET THE PLEADING REQUIREMENTS FOR
        COMMERCIAL DISPARAGEMENT .......................................................................... 24

        A.      Luxpro's Allegations Do Not Identify the Required Specifics Regarding
                the Allegedly Defamatory Statements ................................................................. 24

        B.      Luxpro's Allegations Fail to Properly Allege Special Damages ......................... 25

CONCLUSION ........................................................................................................................ 27

## TABLE OF AUTHORITIES

Page(s)

CASES

*Ace Am. Ins. Co. v. Huntsman Corp.*,
    No. 07-2796, 2008 U.S. Dist. LEXIS 74431 (S.D. Tex. Sept. 26, 2008) ..................................3

*Action Repair, Inc.* v. *American Broadcasting Co.*,
    776 F.2d 143 (7th Cir. 1985) ....................................................................................................26

*Alarmax Distribs., Inc. v. Tyco Safety Prods. Can. Ltd.*,
    No. 7 CV 1744, 2008 WL 2622899 (W.D. Pa. June 27, 2008) .............................................19

*Atlantic Recording Corp. v. Raleigh*,
    No. 4:06-cv-1708 CEJ, 2008 U.S. Dist. LEXIS 62977 (E.D. Mo. Aug. 18, 2008)............7, 11

*Beck v. Deloitte & Touche*,
    144 F.3d 732 (11th Cir. 1998) ....................................................................................................4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................................... passim

*Branning v. Apple Computer, Inc.*,
    No. 1-05-CV-045719 (Cal. Super. Ct. May 9, 2006) ..............................................................16

*Burdell v. Grandi*,
    152 Cal. 376, 92 P. 1022 (Cal. 1907) ......................................................................................17

*California v. ARC Am. Corp.*,
    490 U.S. 93 (1989).....................................................................................................................19

*Cardtoons, L.C. v. Major League Baseball Players Ass'n*,
    208 F.3d 885 (10th Cir. 2000) ..................................................................................................10

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*,
    20 Cal. 4th 163, 83 Cal. Rptr. 2d 548 (Cal. 1999)......................................................20, 21, 23

*Chavez v. Whirlpool Corp.*,
    93 Cal. App. 4th 363, 113 Cal. Rptr. 2d 175 (Cal. Ct. App. 2001) .........................................21

*Coastal States Mktg., Inc. v. Hunt*,
    694 F.2d 1358 (5th Cir. 1983) ..................................................................................................11

*Coker v. Purdue Pharma Co.*,
    No. W2005-02525-COA-R3-CV, 2006 Tenn. App. LEXIS 757 (Tenn. Ct. App.
    Nov. 30, 2006) ..........................................................................................................................19

iii

*Conley v. Gibson*,
   355 U.S. 41 (1957)......................................................................................................4

*Cormack v. Settle-Beshears*,
   474 F.3d 528 (8th Cir. 2007) ......................................................................................4

*Cortez v. Purolator Air Filtration Prods. Co.*,
   23 Cal. 4th 163, 96 Cal. Rptr. 2d 518 (Cal. 2000) ...................................................23

*Dial A Car, Inc. v. Transportation, Inc.*,
   884 F. Supp. 584 (D.D.C. 1995) ...............................................................................19

*Diebold, Inc. v. Continental Cas. Co.*,
   No. 07-1991 (JEI), 2008 U.S. Dist. LEXIS 29308 (D.N.J. Apr. 10, 2008) ..............5

*Dimidowich v. Bell & Howell*,
   803 F.2d 1473 (9th Cir. 1986) ..................................................................................16

*Doe v. School Dist. of City of Norfolk*,
   340 F.3d 605 (8th Cir. 2003) ......................................................................................4

*Dryden v. Tri-Valley Growers*,
   65 Cal. App. 3d 990, 135 Cal. Rptr. 720 (Cal. Ct. App. 1977)................................15

*E. & J. Gallo Winery v. Encana Energy Servs., Inc.*,
   388 F. Supp. 2d 1148 (E.D. Cal. 2005)....................................................................17

*Eckert v. Titan Tire Corp.*,
   514 F.3d 801 (8th Cir. 2008) ......................................................................................3

*Exxon Corp. v. Super. Ct.*,
   51 Cal. App. 4th 1672, 60 Cal. Rptr. 2d 1672 (Cal. Ct. App. 1997) .......................17

*First Advantage Background Servs. Corp. v. Private Eyes, Inc.*,
   569 F. Supp. 2d 929 (N.D. Cal. 2008) .....................................................................26

*Freeman v. Bechtel Constr. Co.*,
   87 F.3d 1029 (8th Cir. 1996) ....................................................................................24

*Genetic Sys. Corp. v. Abbott Labs.*,
   691 F. Supp. 407 (D.D.C. 1988)...............................................................................19

*Glass Equip. Dev., Inc. v. Besten, Inc.*,
   174 F.3d 1337 (Fed. Cir. 1999)..............................................................................7, 11

*Gomez v. ITT Educ. Services, Inc.*,
   348 Ark. 69, 71 S.W.3d 542 (Ark. 2002) ...................................................................6

iv

*Great American Indemnity Co. v. Brown*,
  307 F.2d 306 (5th Cir. 1962) ........................................................................................25, 26

*Gregory v. Albertson's, Inc.*,
  104 Cal. App. 4th 845, 128 Cal. Rptr. 389 (Cal. Ct. App. 2002) ...........................................22

*Hammond Packing Co. v. State*,
  81 Ark. 519, 100 S.W. 407 (Ark. 1907) ...............................................................................18

*Harmelin v. Man Financial Inc.*,
  No. 06-1944, 2007 LEXIS 69508 (E.D. Pa. Sept. 20, 2007).....................................................5

*Henson v. Lassen County*,
  No. CIV. 05-CV-1099-FCD-KJM, 2006 U.S. Dist. LEXIS 50386
  (E.D. Cal. July 20, 2006) ......................................................................................................24

*Hopkins v. De Beers Centenary AG, DB*,
  No. CGC-4-432954, 2005 WL 1020868 (Cal. Super. Ct. Apr. 15, 2005)................................17

*Hufsmith v. Weaver*,
  817 F.2d 455 (8th Cir. 1987) ..................................................................................................8

*In re Cipro Cases I & II*,
  121 Cal. App. 4th 402, 17 Cal. Rptr. 3d 1 (Cal. Ct. App. 2004) ...........................................17

*In re Circular Thermostat Antitrust Litig.*,
  No. MDL C05-01673 WHA, 2005 WL 2043022 (N.D. Cal. Aug. 24, 2005) ........................17

*In re IBP Confidential Business Documents Litigation*,
  755 F.2d 1300 (8th Cir. 1985) ...............................................................................................11

*In re Intel Corp. Microprocessor Antitrust Litig.*,
  496 F. Supp. 2d 404 (D. Del. 2007)......................................................................................16

*In re Natural Gas Anti-Trust Cases I, II, III, & IV*,
  Nos. 4221, 4224, 4226, 4228, 2002 WL 31570296 (Cal. Super. Ct. Oct. 16, 2002)...............17

*Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*,
  12 F. Supp. 2d 1035 (C.D. Cal. 1998) ..................................................................................26

*Jones v. Thyssenkrupp Elevator Corp.*,
  No. C-05-3539 EMC, 2006 U.S. Dist. LEXIS 13978 (N.D. Cal. Mar. 14, 2006)............24, 25

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134, 131 Cal. Rptr. 2d 29 (Cal. 2003)...................................................15, 23, 24

*Kraus v. Trinity Mgmt. Servs.*,
  23 Cal. 4th 116, 96 Cal. Rptr. 2d 485 (Cal. Ct. App. 2000) ..................................................23

*Laitram Machinery, Inc. v. Carnitech A/S*,
   901 F. Supp. 1155 (E.D. La. 1995)........................................................................11

*Lane v. Celadon Trucking, Inc.*,
   543 F.3d 1005 (8th Cir. 2008) ............................................................................5, 6

*Ludwig v. Superior Court*,
   37 Cal. App. 4th 8, 43 Cal. Rptr. 350 (1995)........................................................8

*Mamot Feed Lot and Trucking v. Hobson*,
   539 F.3d 898 (8th Cir. 2008) ................................................................................4

*Matos v. Ashford Presbyterian Community Hosp., Inc.*,
   4 F.3d 47 (1st Cir. 1993)......................................................................................26

*McGuire Oil Co. v. Mapco, Inc.*,958
   F.2d 1552 (11th Cir. 1992) ..................................................................................11

*Mid-South Beverages, Inc. v. Forrest City Grocery Co., Inc.*,
   300 Ark. 204, 778 S.W.2d 218 (Ark. 1989) ........................................................15

*Nelson v. Berry Petroleum Co.*,
   242 Ark. 273, 413 S.W.2d 46 (Ark. 1967) ..........................................................18

*Pacific Gas & Elec. Co. v. Bear Stearns*,
   50 Cal. 3d 1118, 270 Cal. Rptr. 1 (Cal. 1990) ..............................................14, 15

*Peck v. Hoff*,
   660 F.2d 371 (8th Cir. 1981) .................................................................................4

*People's Choice Wireless, Inc. v. Verizon Wireless, Inc.*,
   131 Cal. App 4th 656, 31 Cal. Rptr. 3d 819 (Cal. Ct. App. 2005) .......................22

*Premier Med. Mgmt. Sys., Inc. v. Calif. Ins. Guar. Ass'n*,
   136 Cal. App. 4th 464, 39 Cal. Rptr. 3d 43 (Cal. Ct. App. 2006) ........................11

*Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*,
   508 U.S. 49 (1993).................................................................................................9

*Quality Optical of Jonesboro, Inc. v. Trusty Optical, L.L.C.*,
   365 Ark. 106, 225 S.W.3d 369 (Ark. 2006) .............................................12, 13, 14

*Razorback Ready Mix Concrete Co. v. Weaver*,
   761 F.2d 484 (8th Cir. 1985) .................................................................................9

*Rodine PLC v. Seagate Tech., Inc.*,
   174 F.3d 1294 (Fed. Cir. 1999).............................................................................11

vi

*Schmedding v. Tnemec Co., Inc.*,
   187 F.3d 862 (8th Cir. 1999) ...................................................................4

*Silicon Knights v. Crystal Dynamics*,
   983 F. Supp. 1303 (N.D. Cal. 1997) ..................................................24, 25

*Skender v. Ameron Int'l Corp.*,
   No. 08-CV-1057, 2009 U.S. Dist. LEXIS 6479 (W.D. Ark. Jan. 20, 2009) ...........................4

*Slattery v. Apple Computer, Inc.*,
   No. C05-00037 JW, 2005 WL 2204981 (N.D. Cal. Sept. 9, 2005) ........................................17

*Smith v. Ouachita Technical College*,
   337 F.3d 1079 (8th Cir. 2003) ...............................................................4

*Sosa v. DIRECTV, Inc.*,
   437 F.3d 923 (9th Cir. 2006) ...............................................................10

*Tjontveit v. Den Norske Bank ASA*,
   H-96-3579, 1998 U.S. Dist. LEXIS 11929 (S.D. Tex. Mar. 26, 1998) ...................7

*Transphase Sys., Inc. v. S. Cal. Edison Co.*,
   839 F. Supp. 711 (C.D. Cal. 1993) .........................................................8

*Tucker v. Apple Computer, Inc.*,
   493 F. Supp. 2d 1090 (N.D. Cal. 2006) ..................................................17

*United Bilt Homes, Inc. v. Sampson*,
   310 Ark. 47, 832 S.W.2d 502 (Ark. 1992) .............................................15

*Venetian Casino Resort, LLC v. Nat'l Labor Relations Bd.*,
   484 F.3d 601 (D.C. Cir. 2007) .............................................................11

*Walker v. Unum Life Ins. Co. of Amer.*,
   530 F. Supp. 2d 351 (D. Me. 2008) ....................................................5, 7

*Wershba v. Apple Computer, Inc.*,
   91 Cal. App. 4th 224, 110 Cal. Rptr 145 (Cal. Ct. App. 2001) ................7

**STATUTES AND RULES**

Cal.Bus. & Prof. Code
   § 17200.................................................................................... passim

Cal. Civ. Code
   § 47(b)..........................................................................................27

Fed. R. Civ. Pro.

9(b) .................................................................................................................3, 22, 23

9(g) .................................................................................................................3, 26, 37

12(b)(6) ...........................................................................................................................1

Defendant Apple Inc. ("Apple") submits this reply brief in support of its motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Luxpro does not even discuss, let alone refute, either the relevant case law cited by Apple or the evident deficiencies Apple has demonstrated regarding Luxpro's factual allegations. Both omissions require dismissal of Luxpro's complaint as to all causes of action.

## INTRODUCTION

Most fundamentally, the *Noerr-Pennington* doctrine bars Luxpro's claims.  Luxpro's complaint alleges nothing more than Apple's litigation and pre-litigation attempts to enforce intellectual property rights with respect to Apple's digital music players.  These actions are indisputably immune from each of Luxpro's claims.  Luxpro attempts to ignore this insurmountable obstacle to its lawsuit by failing to discuss the overwhelming weight of authority cited by Apple.  The few cases Luxpro does cite are either irrelevant or are against the clear weight of authority in the Eighth and Ninth Circuits.[1]

Luxpro seeks to avoid the clear bar of *Noerr-Pennington* by attempting to characterize its complaint as asserting a "scheme" by Apple that goes beyond mere enforcement of Apple's intellectual property rights.  But the facts alleged in Luxpro's complaint belie this strategy; they describe nothing more than Apple's clearly immune efforts to enforce its intellectual property rights.  Accordingly, the complaint must be dismissed in its entirety.

Luxpro's responses to Apple's other arguments are equally meritless.  Luxpro begins by mischaracterizing the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), stating that *Twombly* merely "reaffirmed" existing pleading standards.  But *Twombly* in fact *overruled* the pleading standard that Luxpro cites, and held that a plaintiff must plead *facts* sufficient to establish a right to relief above the speculative level.  Luxpro does not do so; its

---

[1] This case is presently in the Eight Circuit, and Apple seeks transfer to a district court in the Ninth Circuit.

complaint is a veritable tissue of speculation and vague innuendo.  Luxpro's allegations do not satisfy *Twombly*.

Luxpro's tortious interference claims should be dismissed because the claims are time-barred.  According to Luxpro, the "scheme" it alleges began in 2005, over three years before the present lawsuit was filed.  That the "scheme" allegedly continued into 2006 does not change this conclusion, because controlling Arkansas law states that the statute of limitations begins to run when the claim accrues.[2]  Further, Luxpro does not dispute or even address Apple's arguments that Luxpro failed to plead the required elements for its tortious interference claims.

Luxpro's attempt to save its "common law attempted monopolization" claim is equally unavailing.  Luxpro does not cite a single case that even mentions common law *attempted* monopolization — the claim Luxpro purports to allege here — because there is no such claim. Luxpro instead seeks to rely on cases regarding *actual* (not *attempted*) common law monopolization.  The vast majority of the cases Luxpro cites, however, neither consider nor decide whether the tort of common law monopolization exists, but merely note that it has been pled.  Luxpro's failure to address any of the cases cited by Apple is equally telling.  There is no such thing as "attempted common law monopolization," and this claim must be dismissed.

Luxpro's arguments regarding its claim under California Business and Professions Code section 17200 are equally meritless.  First, Luxpro recognizes the proper test for pleading "unfair" conduct under section 17200 in a case involving competitors:  violation of the "spirit or policy" of the antitrust laws and actual or threatened harm to competition.  But Luxpro does not point to any factual allegations to satisfy this standard.  Second, with respect to its "fraud/deception" claim under section 17200, Luxpro does not identify any allegations in its

---

[2] Because statutes of limitations are procedural, the law of the forum governs.

complaint that discuss the substance of the allegedly fraudulent statements, as Rule of Civil Procedure 9(b) requires.  Finally, as Luxpro concedes, its claim of "unlawful" conduct under section 17200 is based upon its other claims.  Because those claims fail, this claim also must be dismissed.

Luxpro's commercial disparagement claim must be dismissed because Luxpro does not, as Rule 9(b) requires, identify allegations that either provide the substance of the allegedly disparaging statement or identify the speaker.  It also does not identify any allegations that specifically plead special damages, as required by Federal Rule of Civil Procedure 9(g).  Accordingly, this claim also must be dismissed.

## ARGUMENT

## I.      LUXPRO'S DISCUSSION OF THE LEGAL STANDARD FOR MOTIONS TO DISMISS IS MISLEADING

Luxpro argues that *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), merely "reaffirmed" the pleading standard applicable to motions to dismiss.  (Luxpro Corp.'s Response to Apple Inc.'s Motion to Dismiss for Failure to State a Claim ("Opp.") at 3.)  Luxpro is wrong. *Twombly* holds that the complaint must provide "more than labels and conclusions, and formulaic recitation of the elements of a cause of action" and that the complaint must include "factual allegations [that when assumed to be true] raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The complaint must plead *facts* that show the plaintiff's claims are *plausible*, not just possible. *Id.* at 570.  This standard is far stricter than Luxpro acknowledges in its recitation of the applicable law; yet Luxpro's own authority — including binding authority from the Eighth Circuit — applies these holdings from *Twombly*. *See Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008); *Ace Am. Ins. Co. v. Huntsman Corp.*, No. 07-2796, 2008 U.S. Dist. LEXIS 74431 at *12-13 (S.D. Tex. Sept. 26, 2008).

3

In addition to mischaracterizing much of *Twombly*, Luxpro proceeds to cite as the applicable standard a test that was *expressly overruled* by *Twombly*.  Luxpro contends that Apple bears "the very high burden of showing that the plaintiff cannot conceivably prove any set of facts that would entitle [it] to relief."  (Opp. at 5.)  But this test was overruled in *Twombly*, 550 U.S. at 562-63 (stating that the "no set of facts" standard articulated in *Conley v. Gibson*, 355 U.S. 41 (1957), "has earned its retirement"); *see also Skender v. Ameron Int'l Corp.*, No. 08-CV-1057, 2009 U.S. Dist. LEXIS 6479 at *6 (W.D. Ark. Jan. 20, 2009) (*Twombly* overruled the "no set of facts" standard).  Luxpro cites several cases that apply this out-dated standard, all of which pre-date *Twombly* and must be disregarded.[3]  *See Doe* v. *School Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003) (citing "no set of facts" standard"); *Schmedding v. Tnemec Co., Inc.*, 187 F.3d 862, 864 (8th Cir. 1999) (same); *Beck v. Deloitte & Touche,* 144 F.3d 732, 735 (11th Cir. 1998) (same).

Finally, Luxpro contends that the import of *Twombly* is that the "simple" notice pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of flawed claims."  (Opp. at 4 (citing *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506 (2002)).)  Once again, Luxpro ignores the Supreme Court's express statements.  In establishing the new, stricter, pleading standard, *Twombly* explicitly discounted discovery and summary judgment as effective tools to weed out flawed claims:  "It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management' . . .  And it is self-evident that the problem

---

[3] Luxpro relies on three other cases that pre-date *Twombly*, which are thus inapplicable as well: *Smith v. Ouachita Technical College,* 337 F.3d 1079 (8th Cir. 2003); *Cormack v. Settle-Beshears*, 474 F.3d 528 (8th Cir. 2007); and *Peck v. Hoff*, 660 F.2d 371 (8th Cir. 1981).  Another case, *Mamot Feed Lot and Trucking v. Hobson*, 539 F.3d 898 (8th Cir. 2008), post-dates *Twombly* but does not discuss *Twombly*'s pleading standard.

of discovery abuse cannot be solved by 'careful scrutiny of evidence at the summary judgment stage[.]'" *Twombly,* 550 U.S. at 559.

In sum, Luxpro's complaint must allege facts that "nudge [Luxpro's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  It has not done so, and thus Luxpro's claims should be dismissed.

## II.     THE COURT HAS SUFFICIENT INFORMATION TO CONCLUDE THAT CALIFORNIA LAW APPLIES TO ALL OF LUXPRO'S CLAIMS

Luxpro argues that the Court cannot determine what law applies to Luxpro's common-law claims because "no discovery has been conducted by the parties."  (Opp. at 12.)[4]  This argument is incorrect.  While courts have discretion to defer choice-of-law questions on motions to dismiss, there is no reason for such delay here because the answer is obvious — only California law could apply to Luxpro's claims.  Luxpro's own authority demonstrates that courts can, and regularly do, rule on choice-of-law questions at the motion to dismiss stage where it is clear what law applies.  *See, e.g.*, *Diebold, Inc. v. Continental Cas. Co.*, No. 07-1991 (JEI), 2008 U.S. Dist. LEXIS 29308 at *7 n.6 (D.N.J. Apr. 10, 2008) (holding that Ohio law did not apply because the only apparent connection Ohio had with the case was that plaintiff was incorporated and had its principal place of business there).[5]  The choice in this case is clear.

The fundamental inquiry in Arkansas' choice-of-law analysis is what state has the most significant relationship to the parties and the issues.  *Lane v. Celadon Trucking, Inc.*, 543 F.3d 1005, 1010 (8th Cir. 2008).  Luxpro cannot seriously argue that Arkansas, or any state other than California, has the most significant relationship.  It is undisputed that no party is a resident of

---

[4] Luxpro's claims would fail under either California or Arkansas law.

[5] Because the answer to the choice-of-law issue is clear, Luxpro's other authority is inapposite. *Walker v. Unum Life Ins. Co. of Amer.*, 530 F. Supp. 2d 351, 354 (D. Me. 2008) (deferring discovery because court lacked sufficient facts to conduct choice of law analysis); *Harmelin v. Man Financial Inc.*, No. 06-1944, 2007 LEXIS 69508 at *4 n.2 (E.D. Pa. Sept. 20, 2007) (pleading did not permit a conclusion at that point in the litigation).

Arkansas, and the complaint makes no mention of any events that occurred in Arkansas.  If any of the events giving rise to Luxpro's claims had occurred here, Luxpro would certainly have pled them (if only to provide some basis for its forum choice).  It did not.  There is simply no relationship between this case and Arkansas, and deferring a ruling on the choice of law will not change that fact.

California, on the other hand, is the *only* state with any relevant connection to this case, and the connections are substantial.  Apple is located in California, along with the principal Apple witnesses in this case.  Apple's United States-based conduct with respect to this case occurred in California.  And Luxpro's only statutory-based claim is brought under California law.  California clearly has the most significant relationship to the parties and to the case.

The other Arkansas choice-of-law factors also support application of California law; none supports application of Arkansas law.  "When the forum state has little or no contact with a case and nearly all of the significant contacts are with another state, the second factor, maintenance of interstate and international order, suggests that the forum should not apply its own law to the dispute."  *Lane*, 543 F.3d at 1011.  Arkansas has no connection to this case, and thus this factor favors application of California law here.  The advancement of the forum's governmental interest favors California for the same reason.[6]  *Id.* at 1011 (finding that advancement of forum's governmental interest favored application of Indiana law, because Arkansas had limited connection to the case).

---

[6] The other factors — predictability of results, simplification of the judicial task, and the better rule of law — are inapplicable here.  Predictability of results is generally inapplicable where torts are involved, and the simplification of the judicial task is not relevant.  The Arkansas Supreme Court has held that the better rule of law factor is not controlling where, as here, Arkansas lacks a sufficient relationship to the parties or the injury.  *Gomez v. ITT Educ. Services, Inc.*, 348 Ark. 69, 79, 71 S.W.3d 542, 548 (Ark. 2002).

Luxpro claims that California's governmental interest is lessened because Apple does business worldwide.  Tellingly, Luxpro cites no authority for this proposition.  In fact, California has a strong interest in regulating businesses headquartered within its borders, regardless of whether they do business all over the world.  *See Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 242, 110 Cal. Rptr 145, 159 (Cal. Ct. App. 2001) (explaining that forum has strong interest in regulating its own businesses, particularly where accused conduct took place within the forum); *see also Tjontveit v. Den Norske Bank ASA*, H-96-3579, 1998 U.S. Dist. LEXIS 11929 at *48 (S.D. Tex. Mar. 26, 1998) ("The defendant's home forum always has a strong interest in providing a forum for redress of injuries caused by its citizens.") (quoting *Reid-Walen v. Hansen*, 933 F.2d 1390, 1400 (8th Cir. 1991)).  Thus, California's strong governmental interest outweighs any conceivable interest Arkansas may have.[7]

### III.   LUXPRO'S ATTEMPTS TO BRUSH ASIDE THE *NOERR-PENNINGTON* DOCTRINE SHOULD BE REJECTED

The *Noerr-Pennington* doctrine bars each of Luxpro's claims, because the claims are based *solely* on allegations that Apple attempted, through litigation and pre-litigation conduct, to enforce intellectual property rights with respect to Apple's digital music players.  As demonstrated by the many cases cited in Apple's opening brief, claims based on such allegations fall squarely within *Noerr-Pennington* and must be dismissed.  *See, e.g.*, *Glass Equip. Dev., Inc. v. Besten, Inc.*, 174 F.3d 1337, 1343-44 (Fed. Cir. 1999) (dismissing antitrust suit based on enforcement of patent rights); *Atlantic Recording Corp. v. Raleigh*, No. 4:06-cv-1708 CEJ,

---

[7] Luxpro also contends that the Court should defer a choice of law ruling if the Court decides that Luxpro has alleged a plausible entitlement to relief.  (Opp. at 12.)  But whether the plaintiff has alleged a plausible entitlement to relief has no relevance to whether a court should defer a choice-of-law ruling; contrary to Luxpro's characterization, *Walker v. Unum Life Ins. Co. of Amer.*, 530 F. Supp. 2d 351 (D. Me. 2008), does not link the two inquiries.  When the *Walker* court referred to a plausible entitlement to relief, it was ruling on defendants' motion to dismiss on the merits, not on any choice-of-law analysis (or lack thereof).  *Walker*, 530 F. Supp. 2d at 354 (denying motion to dismiss).  Thus, whether or not Luxpro has sufficiently alleged its claims is no obstacle to ruling on the choice of law issue.

2008 U.S. Dist. LEXIS 62977 at *12 (E.D. Mo. Aug. 18, 2008) (dismissing claims under *Noerr-Pennington* based on enforcement of copyright protections); *Transphase Sys., Inc. v. S. Cal. Edison Co.*, 839 F. Supp. 711, 717 (C.D. Cal. 1993) (dismissing claims based on enforcement of intellectual property rights).

As an initial matter, Luxpro makes several important concessions.  Luxpro concedes that *Noerr-Pennington* immunity applies under both California and Arkansas law, so the choice-of-law issue does not affect whether Apple is immune from Luxpro's claims.  (*See* Apple Inc.'s Brief in support Motion to Dismiss for Failure to State a Claim ("Mot.") at 8 & n.3.)[8]  Luxpro concedes that *Noerr-Pennington* applies equally to all of Luxpro's claims, because courts recognize that the doctrine extends beyond antitrust claims to other statutory and common-law claims.  (*See id.* at 9.)  Luxpro also concedes that *Noerr-Pennington* retains its full force with respect to litigation and other enforcement actions that occurred in foreign countries.  (*See id.* at 9-10.)  Finally, Luxpro concedes that there is only one exception to *Noerr-Pennington* — the "sham activities" exception — and that the applicability of this exception turns on whether Apple's conduct in enforcing its rights was merely a "sham."  (*See id.* at 10-11.)  Luxpro cannot conceivably meet this standard.

As demonstrated below, Luxpro's response to Apple's *Noerr-Pennington* argument is wholly inadequate and fails to demonstrate that any of its claims should survive Apple's motion to dismiss.

---

[8] The *Noerr-Pennington* doctrine retains "full vitality" under California law, and also applies in Arkansas.  *Ludwig v. Superior Court*, 37 Cal. App. 4th 8, 21-22, 43 Cal. Rptr. 350, 360 (1995); *Hufsmith v. Weaver*, 817 F.2d 455, 459 (8th Cir. 1987) (applying *Noerr-Pennington* to Arkansas tort claims).

8

### A.   Luxpro Concedes that *Noerr-Pennington* Immunity Applies to Apple's Litigation Against Luxpro

Luxpro properly concedes that the *Noerr-Pennington* doctrine apples to its allegations that Apple attempted to enforce its rights against Luxpro by commencing litigation in Taiwan and Germany.  In fact, save one stray comment that Apple "unsuccessfully" sought relief against Luxpro (Opp. at 33), Luxpro appears to concede that its claims based on litigation are barred.  In any event, Luxpro's stray comment about the success of Apple's litigation against Luxpro is incorrect in light of the allegations in the complaint, and the applicable law.

As the Supreme Court held in *Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49 (1993), the *Noerr-Pennington* doctrine does not apply to "sham activities." Id. at 56.  A lawsuit is "sham" only if it is (a) objectively baseless and (b) subjectively motivated by bad faith.  Id. at 62; *see also Razorback Ready Mix Concrete Co. v. Weaver*, 761 F.2d 484, 487 (8th Cir. 1985).  The complaint correctly alleges that Apple obtained preliminary injunctive relief in both the German and Taiwanese litigation (Luxpro Corp.'s First Amended Complaint ("Compl.") ¶¶ 26, 28), and this initial success is sufficient as a matter of law to demonstrate that Apple's litigation was not objectively baseless.  (*See* Mot. at 11-12 (citing, among other cases, *Omni Resource Dev. Corp. v. Conoco, Inc.*, 739 F.2d 1412, 1414 (9th Cir. 1984) ("Indeed, the suit can not be characterized as baseless at all; for although we do not know the outcome, at least to the point of a preliminary injunction the state court plaintiffs were successful.").)  Luxpro disregards all of Apple's cases on this point.

Luxpro does not and cannot allege any facts showing that Apple's efforts to enforce its intellectual property rights were "objectively baseless" or "sham."  To the contrary, Apple's actions were precisely what would be expected of a company whose intellectual property had been infringed.  Courts routinely dismiss cases where the plaintiff bases its claims on the

commencement of litigation but fails to allege facts indicating that the litigation was a sham. (*See* Mot. at 12 (citing cases).)

### B. *Noerr-Pennington* Immunity Applies to Apple's Pre-Litigation Conduct

Luxpro contends that Apple's non-litigation conduct, as alleged in the complaint, falls outside the scope of *Noerr-Pennington*.  First, Luxpro makes the incorrect legal argument that the *Noerr-Pennington* doctrine does not reach pre-litigation conduct.  Second, Luxpro incorrectly asserts that its allegations concern more than Apple's enforcement of intellectual property rights. Both arguments are without merit.

### 1. *Noerr-Pennington* Applies to Pre-Litigation Conduct

Luxpro's argument that *Noerr-Pennington* does not apply to pre-litigation conduct ignores all of the authority cited in Apple's motion on this point.  Instead, Luxpro relies on a decision from the Tenth Circuit that is not only against the great weight of authority, but also contradicts authority from the other circuits that have considered the issue, including the Eighth and Ninth Circuits.  (*See* Opp. at 33 (citing *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 208 F.3d 885 (10th Cir. 2000).)  The *Cardtoons* court, over a vigorous dissent, rejected the decisions of several other courts and held that pre-litigation threats were not protected by *Noerr-Pennington*.  *Cardtoons*, 208 F.3d at 891-93.

This Court should not follow *Cardtoons*, because it is against the majority rule on the issue and has been expressly rejected by other courts — all of which hold that *Noerr-Pennington* applies to pre-litigation conduct, such as sending demand letters.  In *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 935-36 (9th Cir. 2006), for example, the court rejected *Cardtoons* as "an outlier, inconsistent with the weight of authority relevant to First Amendment status of presuit litigation-related conduct."  *Id.* at 937 (holding, consistent with California law and the "*law of the majority*

10

*of other circuits that have considered the issue*," that *Noerr-Pennington* immunity extends to

"presuit demand letters") (emphasis added); *see also Glass Equip. Dev., Inc. v. Besten, Inc.*,

174 F.3d 1337, 1343-44 (Fed. Cir. 1999) (threat of patent enforcement litigation could not

subject patent holder to antitrust liability); *McGuire Oil Co. v. Mapco, Inc.*,958 F.2d 1552, 1560

(11th Cir. 1992) (threats of litigation are protected under *Noerr-Pennington*); *In re IBP*

*Confidential Business Documents Litigation*, 755 F.2d 1300, 1310 (8th Cir. 1985) (right to

petition "necessarily includes those activities reasonably and normally attendant to effective

petitioning"); *Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358,1367-68 (5th Cir. 1983)

(extending petitioning immunity to generalized threats to litigate to protect claim to oil assets);

*Atlantic Recording Corp.*, 2008 U.S. Dist. LEXIS 62977 at *12 (*Noerr-Pennington* bars claims

based on demand letters); *Premier Med. Mgmt. Sys., Inc. v. Calif. Ins. Guar. Ass'n*, 136 Cal.

App. 4th 464, 479, 39 Cal. Rptr. 3d 43, 54 (Cal. Ct. App. 2006) (immunity extends to actions

taken "in anticipation of, or during" litigation).[9]

Luxpro offers no basis on which this Court could disregard the majority rule, which is the

law of this Circuit and the Ninth Circuit.  The Court should hold, consistent with all of the

foregoing authority, that *Noerr-Pennington* bars claims based on pre-litigation conduct.  Luxpro

cannot state a claim based on any of the non-litigation conduct alleged in the complaint.

---

[9] Luxpro relies on two other cases, neither of which follows *Cardtoons* or supports Luxpro's argument.  The court in *Rodine PLC v. Seagate Tech., Inc.*, 174 F.3d 1294 (Fed. Cir. 1999), did not hold, as Luxpro suggests in its description of the case (*see* Opp. at 34), that pre-litigation attempts to enforce intellectual property rights fall outside *Noerr-Pennington* protection.  Similarly, *Laitram Machinery, Inc. v. Carnitech A/S*, 901 F. Supp. 1155 (E.D. La. 1995), does not stand for the broad proposition that pre-litigation contacts with potential customers are automatically outside the protections of *Noerr-Pennington*.  The *Laitram* court found that *Noerr-Pennington* did not immunize one defendant for sending letters to the plaintiff's customers, but those letters did not assert the intellectual property rights of that defendant.  *Id.* at 1161 & n.5; *see also id.* at 1157 (explaining that intellectual property rights at issue were assigned to defendant who was no longer in the case).  Luxpro's only other case, *Venetian Casino Resort, LLC v. Nat'l Labor Relations Bd.*, 484 F.3d 601 (D.C. Cir. 2007), has no relevance at all to this case.  *Venetian Casino* concerned the application of *Noerr-Pennington* to loud-speaker warnings and citizen's arrests by an employer in the context of a labor protest.  *Id.* at 612.  It does not concern pre-litigation demand letters.  Indeed, the *Venetian Court* discussed, and then distinguished, the *Sosa* opinion for this very reason.  *Id.* at 613.

2.      **The Only Pre-Litigation Conduct Alleged Is Apple's Enforcement of Intellectual Property Rights**

The complaint makes clear that Luxpro's claims in this case are nothing more than a challenge to Apple's attempts to enforce intellectual property rights. The complaint alleges that Apple attempted to stop Luxpro from making digital music players that infringed Apple's intellectual property, and that Apple did this by commencing litigation and by warning potential infringers of Apple's rights. (Compl. ¶¶ 26, 28-30, 32-34.) Luxpro tries to obscure these allegations and avoid the *Noerr-Pennington* doctrine by saying its complaint concerns "Apple's strategic plan to ruin a competitor" (Opp. at 33), but the *only* conduct at issue is Apple's actions in enforcing intellectual property rights. Nothing else is alleged.

For the foregoing reasons, all of Luxpro's claims should be dismissed on the basis of *Noerr-Pennington* immunity.

IV.   **LUXPRO HAS FAILED TO STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE OR CONTRACT**

A.      **Luxpro's Claims are Time-Barred Because They Accrued in 2005**

Luxpro's brief merely reinforces the conclusion that the statute of limitations bars its tortious interference claims. Luxpro contends that the events alleged in the complaint are "spokes in the wheel" of an alleged plan by Apple to damage Luxpro's business. (Opp. at 16.) Because this "wheel" began rolling in 2005, Luxpro's claims are time-barred. Luxpro does not dispute that in Arkansas, "a cause of action accrues the moment the right to commence an action comes into being, and the statute of limitations commences to run from that time." *Quality Optical of Jonesboro, Inc. v. Trusty Optical, L.L.C.*, 365 Ark. 106, 109-10, 225 S.W.3d 369, 372

(Ark. 2006).[10]  Generally, the right to commence an action comes into being when the injury

occurs.  *Id.* at 110.

Here, the complaint's allegations establish that Luxpro's injury occurred by August 2005,

at the latest.  The first mention in the complaint of injury to Luxpro is in the context of the

Taiwanese injunction, which issued on August 18, 2005.  (Compl. ¶ 28 ("[The Taiwanese]

injunction had forced Luxpro to stop manufacturing, advertising and marketing its MP3 players

for a significant period of time."); Declaration of Thomas B. La Perle in support of Apple Inc.'s

Motion to Transfer and Motion to Dismiss, Exs. 3, 4 (injunction issued on August 18, 2005).)

Luxpro also alleges that Apple's "scheme" began when it obtained the German and Taiwanese

injunctions and sent demand letters — events that occurred even earlier in 2005.  (*See* Compl.

¶¶ 26-27 (German injunction obtained in March 2005; demand letters sent in April 2005;

Taiwanese injunctions obtained in 2005).)  Thus, the allegations of the complaint and judicially

noticeable facts[11] establish that Luxpro's interference causes of action accrued at the latest in

August 2005, which was over three years before Luxpro filed suit on October 14, 2008.  Its

claims are thus time-barred.

The fact that Luxpro alleges Apple's "scheme" continued into 2006 does not resuscitate

its interference claims.  Luxpro appears to concede that Arkansas does not recognize a

"continuing tort" theory.  *See Quality Optical*, 365 Ark. at 110.  Luxpro does not discuss *Quality*

*Optical*, or for that matter *any* legal authority, in its statute of limitations discussion.  In *Quality*

*Optical*, the plaintiff asserted claims for tortious interference with contract based on defendant's

solicitation of plaintiff's customers, which first began over three years before the plaintiff filed

---

[10] Luxpro also does not dispute that the law of the forum — here, Arkansas law — governs the statute of limitation issues because the issue is procedural.

[11] Luxpro has not opposed Apple's Request for Judicial Notice.

suit.  *Id.* at 107.  In an attempt to revive its claim, the plaintiff argued that every successive
solicitation of a customer started a new limitations period.  *Id*. at 110.  The Arkansas Supreme
Court disagreed, holding that because Arkansas does not recognize a continuing tort theory, the
plaintiff's claim began to accrue at the time of the first solicitation.  *Id.* ("Appellant argues that a
new statute of limitations time period should commence with each successive infraction.  This is
not the law.").

Luxpro makes the very argument rejected in *Quality Control*.  Luxpro contends that the
German and Taiwanese litigation was merely the "first shot" in Apple's alleged effort to destroy
Luxpro.  (Opp. at 18-19.)  Under *Quality Optical*, the "first shot" is when an interference claim
accrues.  Thus, Luxpro's claims accrued, at the latest, on August 18, 2005, when Apple obtained
the Taiwanese injunction.  That is over three years before Luxpro filed suit.  The claims are thus
time-barred and should be dismissed.

>   **B.    Luxpro Fails To Address Any of the Pleading Deficiencies With
>          Respect to Its Tortious Interference Claims**

Other than merely repeat the insufficient allegations of its complaint, Luxpro fails to
address any of the arguments from Apple's opening brief demonstrating that Luxpro has failed to
plead the required elements of its tortious interference claims.

First, the complaint does not (and cannot) allege that Apple brought the German and
Taiwanese litigation without probable cause or that the litigation terminated in its favor, which is
required when a tortious interference claim is based on litigation.[12]  *Pacific Gas & Elec. Co. v.
Bear Stearns*, 50 Cal. 3d 1118, 1137, 270 Cal. Rptr. 1, 11-12 (Cal. 1990) ("*PG&E*").  Luxpro
appears to concede that it cannot meet these requirements.  Luxpro's only response to Apple's

---

[12] As a general matter, Luxpro does not contend that Arkansas, rather than California, law applies to its interference
claims.  Moreover, it states that "Arkansas and California law do not substantially differ regarding tortious
interference claims."  (Opp. at 15.)

arguments is that these lawsuits were "a spoke in the wheel" of a scheme to damage Luxpro. (Opp. at 16.)  But being a "spoke in a wheel" does not establish that these lawsuits meet the requirements of *PG&E*.  The allegations regarding litigation cannot support a tortious interference claim, for all the reasons outlined in the motion.  (Mot. at 14-16.)

Second, Luxpro does not dispute its failure to allege a causal nexus between the April 2005 letters sent by Apple or the German suit and any alleged interference with contract or prospective advantage, as required by *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153, 131 Cal. Rptr. 2d 29, 45 (Cal. 2003), and *Dryden v. Tri-Valley Growers*, 65 Cal. App. 3d 990, 997, 135 Cal. Rptr. 720, 725 (Cal. Ct. App. 1977).  Thus, Luxpro concedes that these allegations also cannot form the basis of either an interference with contract or prospective advantage claim.

Third, Luxpro fails to address the fact that none of Apple's alleged conduct is independently wrongful, despite acknowledging that a claim for interference with prospective advantage requires an independently wrongful act.  (Opp. at 15 (mentioning *Korea Supply*, 29 Cal. 4th at 1153.)  Luxpro's interference with prospective advantage claims fails for this reason alone.

Finally, Luxpro does not address its failure to sufficiently allege a contract or probability of economic advantage with alleged "distributors" and "clients," as required to state a tortious interference claim.  *Korea Supply*, 29 Cal. 4th at 1153; *PG&E*, 50 Cal. 3d at 1126; *see also Mid-South Beverages, Inc. v. Forrest City Grocery Co., Inc.*, 300 Ark. 204, 205, 778 S.W.2d 218, 219 (Ark. 1989) (tort of interference requires existence of a valid contractual relationship or business expectancy); *United Bilt Homes, Inc. v. Sampson*, 310 Ark. 47, 51, 832 S.W.2d 502, 504 (Ark. 1992) (same).  Luxpro does not even attempt to deny that its allegations regarding its alleged

15

clients and distributors are too vague to meet the elements of a tortious interference claim.  (*See* Mot. at 17-18.)  They should be dismissed for this reason as well.

## V.   LUXPRO'S THIRD CAUSE OF ACTION FOR ATTEMPTED COMMON LAW MONOPOLIZATION FAILS BECAUSE NO SUCH CLAIM EXISTS UNDER CALIFORNIA OR ARKANSAS LAW

Luxpro's claim for "attempted common law monopolization" is barred because no such claim exists under either California or Arkansas law.

### A.   California Does Not Recognize a Claim for Common Law Monopolization

Luxpro fails to address Apple's authority holding that California does not recognize a claim for common law monopolization.  *See Dimidowich v. Bell & Howell,* 803 F.2d 1473, 1478 (9th Cir. 1986) (affirming dismissal of monopolization claims, concluding that allegations challenging only the unilateral conduct of the defendant "fail[ed] to state a cognizable claim under California law"); *In re Intel Corp. Microprocessor Antitrust Litig.*, 496 F. Supp. 2d 404, 420 (D. Del. 2007) (reviewing available authority and leading commentary and concluding that plaintiffs' "claim for damages based upon the common law tort of monopolization is not cognizable under California law"; also citing *Branning v. Apple Computer, Inc.*, No. 1-05-CV-045719 (Cal. Super. Ct. May 9, 2006), which held that "there is no cause of action for common law monopoly under California law").

Luxpro also ignores the problem that it has brought a claim for *attempted* common law monopolization, which is even more tenuous than the claims in these cases.  Luxpro cites not a single case discussing the supposed common law tort of "attempted" monopolization.  That is because no court has recognized such a claim.

Luxpro misleadingly relies on several cases that simply *mention* the fact that the plaintiffs included common law monopolization claims in their complaints.  However, these cases neither

considered nor decided whether California recognizes such a claim.  For example, in *In re Cipro Cases I & II*, 121 Cal. App. 4th 402, 17 Cal. Rptr. 3d 1 (Cal. Ct. App. 2004), the court mentioned that the complaint included a claim for "the common law tort of monopolization," but the court *did not* address whether California recognizes such a claim.  *Id.* at 407; *see also Hopkins v. De Beers Centenary AG, DB*, No. CGC-4-432954, 2005 WL 1020868 at *1 (Cal. Super. Ct. Apr. 15, 2005) (mentioning that complaint includes common law monopolization claim but not deciding whether such a claim exists); *In re Circular Thermostat Antitrust Litig.*, No. MDL C05-01673 WHA, 2005 WL 2043022 at *2 (N.D. Cal. Aug. 24, 2005) (remanding case for lack of removal jurisdiction and mentioning that one of the complaint's includes common law monopolization claim).[13]

In summary, the clear weight of authority shows that Luxpro cannot state a claim under California law for common law attempted monopolization.[14]

---

[13] Similarly, Luxpro describes *E. & J. Gallo Winery v. Encana Energy Servs., Inc.*, 388 F. Supp. 2d 1148 (E.D. Cal. 2005), as a decision "denying [a] motion to dismiss common law claims of monopolization and attempted monopolization" (Opp. at 25), but, interestingly, Luxpro does not cite a page number in the decision.  That is because the *Gallo* court did *not* deny a motion to dismiss common law monopolization claims.  Rather, the court *mentioned* that one of the complaints alleged such a claim, but the issue addressed in *Gallo* was whether claims were barred by the doctrine of res judicata or collateral estoppel.  *Gallo* 388 F. Supp. 2d at 1154, 1156-57.

[14] Luxpro cites other irrelevant cases.  In *Burdell v. Grandi*, 152 Cal. 376, 92 P. 1022 (Cal. 1907), the court rejected a *claim for ejectment* based on an alleged breach of a covenant, because enforcement of the covenant would have created a monopoly in favor of plaintiff and thus was against public policy.  *Id.* at 377-80.  In *Exxon Corp. v. Super. Ct.*, 51 Cal. App. 4th 1672, 60 Cal. Rptr. 2d 1672 (Cal. Ct. App. 1997), there is no reference to a common law claim for monopolization and the court's analysis relies exclusively on federal antitrust cases.  *Id.* at 1672, 1689.  Luxpro also cites *In re Natural Gas Anti-Trust Cases I, II, III, & IV*, Nos. 4221, 4224, 4226, 4228, 2002 WL 31570296 (Cal. Super. Ct. Oct. 16, 2002), but that case is not persuasive authority because it relied solely on *Burdell* and *Exxon* in denying a motion to strike a common law monopolization claim.  *See id.* at *3.  Luxpro also cites two decisions in which Apple was a party and claims that the existence of the common law tort of monopolization "is not news to Apple."  (Opp. at 25.)  But these cases also do not support Luxpro's position.  In *Tucker v. Apple Computer, Inc.*, 493 F. Supp. 2d 1090 (N.D. Cal. 2006), and *Slattery v. Apple Computer, Inc.*, No. C05-00037 JW, 2005 WL 2204981 (N.D. Cal. Sept. 9, 2005), the issue of whether California or any other state recognizes a common law monopolization claim was not briefed or considered.  493 F. Supp. 2d at 1102; 2005 WL 2204981 at *4.  Both cases are thus irrelevant, as is the class certification decision in *In re Apple iPod iTunes Antitrust Litig.*, No. C05-00037 JW, 2008 U.S. Dist. LEXIS 107127 (N.D. Cal. Dec. 22, 2008).  There, again, the court did not consider whether California recognizes a common law claim for monopolization.

17

### B.    Arkansas Does Not Recognize a Claim for Common Law Attempted Monopolization

Although Luxpro has no basis for contending that Arkansas law applies to this action, Luxpro says that Arkansas "clearly" recognizes a claim for common law attempted monopolization.  (Opp. at 24.)  That is false.  Luxpro's *only* authority is a footnote in a case decided in 1967, which says — relying on a 1907 case — that an agreement in restraint of trade was a "criminal conspiracy at common law."  *Nelson v. Berry Petroleum Co.*, 242 Ark. 273, 279 n.2, 413 S.W.2d 46, 50 (Ark. 1967) (citing *Hammond Packing Co. v. State*, 81 Ark. 519, 100 S.W. 407 (Ark. 1907)).

The *Nelson* footnote sheds no light on whether Arkansas recognizes a claim for common law attempted monopolization.  The footnote concerns a "*criminal conspiracy at common law*" and thus has nothing to do with the existence of a civil claim for common law attempted monopolization.  *Nelson*, 242 Ark. at 279 n.2 (emphasis added).  Moreover, the case *Nelson* cited concerned an "*agreement*" or "conspiracy" to restrain trade, *not the single-firm attempted monopolization* that Luxpro alleges here.  *See Hammond Packing*, 81 Ark. at 537 (stating that "an attempted monopoly, *an agreement to restrain the freedom of trade*, was a criminal conspiracy at common law, is undoubtedly true") (emphasis added).  Luxpro makes no allegation of an agreement in restraint of trade.

Luxpro has not established, and cannot establish, that it would have a claim under Arkansas law for attempted common law monopolization.

### C.    Luxpro's Suggestion That Some Other State May Recognize Its Claim Is Irrelevant

Facing insurmountable hurdles in demonstrating that either California or Arkansas recognizes a common law attempted monopolization claim, Luxpro suggests that its claim must survive the pleading stage because the law of *any* of the 50 states my apply to its claim.  (Opp. at

745808.1

26.)  The Court should reject this argument, because Luxpro provides no reason why the law of any state other than California or Arkansas could potentially apply.  This case has no connection to any state other than California.  In any event, none of the cases Luxpro cites actually holds that such a claim exists in any other state.[15]

### D.    Luxpro Fails To Allege Specific Intent

If Luxpro is permitted to bring a common law attempted monopolization claim, it should be required to plead the elements of the parallel claim under Section 2 of the Sherman Act. Luxpro does not do so, because it fails to adequately allege specific intent.  Luxpro offers only the legal conclusion that Apple had "specific intent" to monopolize the worldwide MP3 player market, but it alleges no facts to support this legal conclusion, as required by *Twombly*.  (Compl. ¶ 49.)  Luxpro responds to Apple's argument by simply reciting the allegations in its complaint (Opp. at 20-23), but none of those allegations relates to specific intent.

Luxpro's claim should therefore be dismissed for failure to plead specific intent.  *See, e.g.*, *Dial A Car, Inc. v. Transportation, Inc.*, 884 F. Supp. 584, 589-90 (D.D.C. 1995) (dismissing Section 2 claim that used only "antitrust buzzwords" to establish elements of claim, including specific intent); *Genetic Sys. Corp. v. Abbott Labs.*, 691 F. Supp. 407, 422 (D.D.C. 1988) (dismissing Section 2 claim, holding that "[m]ere use of the word 'intent' . . . does not constitute a *factual allegation* of specific intent").

---

[15] In *California v. ARC Am. Corp.*, 490 U.S. 93 (1989), the Supreme Court held that state indirect purchaser laws were not preempted by federal law.  There is not one line in the opinion that either states or implies that any state recognizes a claim for common law monopolization.  In *Alarmax Distribs., Inc. v. Tyco Safety Prods. Can. Ltd.*, No. 7 CV 1744, 2008 WL 2622899 (W.D. Pa. June 27, 2008), the court addressed a common law claim for a *combination in restraint of trade* (similar to a Sherman Act Section 1 claim), *not* a claim for common law monopolization.  *Id.* at *4.  Furthermore, the court did *not* determine that Pennsylvania recognized such a claim; rather, it declined to dismiss because plaintiffs sought only injunctive relief and not damages.  *Id.*  Finally, in *Coker v. Purdue Pharma Co.*, No. W2005-02525-COA-R3-CV, 2006 Tenn. App. LEXIS 757 (Tenn. Ct. App. Nov. 30, 2006), the court noted that the plaintiff had included a claim for common law monopolization in the complaint, but the court never discussed whether such a claim existed under Tennessee law.  *Id.* at *1.  Instead, it determined that the entire complaint was preempted by the federal patent laws.  *Id.* at *10-11.

## VI.   LUXPRO FAILS TO STATE A CLAIM FOR VIOLATION OF SECTION 17200

Luxpro's section 17200 claims based on "unfair" or "fraudulent" conduct are meritless. They both rely on incorrect legal standards and inadequate allegations.[16]

### A.   Luxpro's Allegations Are Insufficient To Meet the Requirements for Demonstrating "Unfair" Conduct Under Section 17200

As set forth in Apple's opening brief, *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 83 Cal. Rptr. 2d 548 (Cal. 1999), established the test for determining whether an action is "unfair" for purposes of section 17200 where, as here, the claim is brought by a competitor.  Although this test does not always require a violation of the antitrust laws, it does require that the alleged actions violate "the policy or spirit of one of those laws" and significantly threaten to harm or harm competition.  *Cel-Tech*, 20 Cal. 4th at 187.[17]  Luxpro does not attempt to plead either element.  Luxpro states that it is not relying on antitrust statutes (Opp. at 29), and does not even attempt to establish how Apple's alleged actions violated the policy or spirit of those laws.  Luxpro also fails to point to any well-plead allegations that establish harm to competition.[18]

Luxpro contends that it has sufficiently pled an "unfair" business practice, claiming Apple's alleged actions "caused harm to Luxpro, harm to other competitors of Apple, and harm to the consumer."  (Opp. at 26-27.)  Conspicuously missing from this list is harm to *competition*, which is required to establish an "unfair" business practice in a section 17200 action brought by

---

[16] Luxpro concedes Apple's argument that if Luxpro's other claims fail — as they do — its section 17200 claim based on "unlawful" conduct fails as well.  (*See* Mot. at 21.)

[17] Luxpro's suggestion that the unfair prong of section 17200 covers actions that do not meet this standard in the competitor context (Opp. at 28) is clearly contrary to *Cel-Tech*, and should be disregarded.

[18] Luxpro argues that if it has demonstrated a *prima facie* case of harm, Apple's motion to dismiss should be denied, citing *Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735, 162 Cal. Rptr. 543 (Cal. Ct. App. 1980).  (Opp. at 27.)  But *Motors, Inc.* was decided long before *Cel-Tech* and applied a standard for "unfairness" that was overruled by the California Supreme Court in *Cel-Tech*.

a competitor.  *Cel-Tech*, 20 Cal. 4th at 186 (antitrust laws "were enacted for the 'protection of *competition*, not *competitors*'") (emphasis in original) (citations omitted).  Moreover, these contentions are exactly the types of "labels, conclusions and formulaic recitations" that *Twombly* found to be inadequate to plead a cause of action.  *Twombly*, 550 U.S. at 555.

Luxpro's other conclusory statements and boilerplate allegations also fail to meet *Cel-Tech*'s requirements.  Luxpro first contends that it is seeking an injunction to prevent harm to fair competition in the MP3 market.  (Opp. at 29.)  It is not.  The complaint contains no request for injunctive relief.  Even if it did, this would still be insufficient to meet *Twombly*'s requirement that Luxpro plead *facts* demonstrating harm or threatened harm to competition.

The allegations Luxpro identifies that do appear in the complaint also fail to meet the *Twombly* standard.  Luxpro points to the allegation that "since the introduction of the iPod, Apple has sought to stamp out the competition using various schemes."  (Opp. at 29 (citing Compl. ¶ 12).)  This allegation is wholly conclusory and fails to allege any facts that meet the *Cel-Tech* test.  Luxpro also cites its allegation that other competitors have filed suits against Apple.  (*Id.*)  A second-hand allegation that others have alleged harm from Apple does not come close to satisfying the *Twombly* standard.

Luxpro further purports to rely on allegations that Apple developed a "strategy to stop competition" through litigation and "other unfair tactics," and that Apple filed suit against Creative Technology.  (*Id.* (citing Compl. ¶ 13).)  These allegations lack any facts demonstrating harm to competition.  Moreover, Luxpro fails to allege facts demonstrating that the *Creative* litigation was a sham or that the *Noerr-Pennington* doctrine does not otherwise apply.  Accordingly, the *Creative* litigation cannot establish harm to competition.  *Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363, 375, 113 Cal. Rptr. 2d 175, 184 (Cal. Ct. App. 2001) ("conduct

alleged to be 'unfair' because it unreasonably restrains competition and harms consumers  . . . is not 'unfair' if the conduct is deemed reasonable and condoned under the antitrust laws"); *cf. People's Choice Wireless, Inc. v. Verizon Wireless, Inc.*, 131 Cal. App 4th 656, 668, 31 Cal. Rptr. 3d 819, 827 (Cal. Ct. App. 2005) (analyzing plaintiffs' claim against backdrop of antitrust laws and holding that "the allegations here are simply too far removed from cognizable antitrust evils to warrant intervention by a California court").

Finally, Luxpro cites to allegations regarding Apple's supposed actions against Luxpro. (Opp. at 29 (citing Compl. ¶¶ 25-35).)  Conspicuously absent from these allegations are any facts demonstrating actual or threatened harm to competition, rather than harm to Luxpro.

The other vague references in the complaint to competition (*see* Compl. ¶¶ 6, 36) contain no facts and fail to meet *Cel-Tech*'s requirements.  *Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 856, 128 Cal. Rptr. 389, 396-97 (Cal. Ct. App. 2002) (allegation that defendants' actions constituted an unfair business practice by "unfairly restrict[ing] market competitors and economic competition based on price, service, and quality" and that defendant's actions "reduce market choice otherwise available to consumers" failed to allege harm to competition with sufficient specificity).

Luxpro's allegations of harm to competition are purely conclusory and speculative, and fail to nudge its section 17200 claim across the line from conceivable to plausible, as required by *Twombly*.  Luxpro's section 17200 claim should therefore be dismissed.

### B.      Luxpro Has Failed To Plead Allegedly "Fraudulent" Conduct Under Section 17200 with Particularity

Luxpro does not dispute that its fraudulent conduct claim under section 17200 must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  Instead, Luxpro misrepresents Rule 9(b)'s requirements.  At the very least, the rule requires Luxpro to identify

745808.1

with particularity the statements or omissions that were made.  (*See* Mot. at 23 (citing cases).)
Luxpro does not, and cannot, point to any allegation in the complaint identifying the substance of
any communications by Apple to companies that were allegedly doing business with Luxpro.
Luxpro vaguely contends that Apple's sending of "warning" letters and "plac[ing] significant
pressure" on InterTAN was "deceptive."  (Opp. at 30.)  But there is nothing in the complaint or
in Luxpro's brief to indicate how the letters and alleged "pressure" were deceptive, or whom
they were meant to deceive.  Luxpro must allege much more than just letters and "pressure" to
meet Rule 9(b)'s heightened pleading requirements — it must allege facts showing fraud.  Since
it has not even attempted to meet this standard, Luxpro cannot state a claim under section 17200
for "fraudulent" statements.

### C.    Luxpro Improperly Seeks Damages Under the Guise of "Restitution"

Luxpro concedes, as it must, that damages are not available under section 17200.  *Cel-Tech Communications*, 20 Cal. 4th at 179.  Instead, Luxpro argues that it is seeking restitution.  It
is clear, however, that what Luxpro seeks is non-restitutionary disgorgement of profits.  The
California Supreme Court has conclusively held that such disgorgement is not available under
section 17200.  *Korea Supply Co.*, 29 Cal. 4th at 1141 (a plaintiff who alleges a lost business
opportunity due to the unfair practices of a competitor generally cannot seek disgorgement of
profits obtained by those unfair practices).  A party may recover unfairly obtained profits only
where those profits represent "monies given to the defendant or benefits in which the plaintiff
has an ownership interest."  *Id.* at 1148.[19]  Luxpro does not and cannot allege facts showing that
Apple ever received *any* money from Luxpro, or that Luxpro has or ever had an ownership

---

[19] In reaching its holding, the court in *Korea Supply* discussed both of the cases Luxpro cites — *Kraus v. Trinity Mgmt. Servs.*, 23 Cal. 4th 116, 96 Cal. Rptr. 2d 485 (Cal. Ct. App. 2000), and *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 96 Cal. Rptr. 2d 518 (Cal. 2000) — and rejected any interpretation of those cases that would allow an award of the type of disgorgement Luxpro is seeking.  *Id.* at 1144-45, 1148.

interest in any of Apple's profits.  As *Korea Supply* recognized, requests for disgorgement of profits such as Luxpro's are really claims for damages.  *Id.* at 1150.  Damages are not available under section 17200.  Thus, this Court should strike Luxpro's request for "damages" as it pertains to the section 17200 claim.

## VII.   LUXPRO HAS NOT MET THE PLEADING REQUIREMENTS FOR COMMERCIAL DISPARAGEMENT

### A.   Luxpro's Allegations Do Not Identify the Required Specifics Regarding the Allegedly Defamatory Statements

Luxpro does not dispute that it is required to plead the substance of the allegedly defamatory statements, speaker, recipients, timing, and context in which they were made. *Jones v. Thyssenkrupp Elevator Corp.*, No. C-05-3539 EMC, 2006 U.S. Dist. LEXIS 13978, *16-17 (N.D. Cal. Mar. 14, 2006); *Silicon Knights v. Crystal Dynamics*, 983 F. Supp. 1303, 1314 (N.D. Cal. 1997); *see also Freeman v. Bechtel Constr. Co.*, 87 F.3d 1029, 1031 (8th Cir. 1996). Luxpro cites various allegations in the complaint that it claims meet this standard.  (Opp. at 31-32.)  They do not.

First, Luxpro contends that by naming Apple or its suppliers, it has adequately identified the speaker of the alleged statements.  (*Id.*)  But merely identifying a company defendant as the source of an allegedly defamatory statement is insufficient.  For example, in *Jones*, the court found the allegation that the defendant company was responsible for the allegedly defamatory statement insufficiently identified the speaker.  *Jones*, 2006 U.S. Dist. LEXIS 13978 at *16-17; *cf. Henson v. Lassen County*, No. CIV. 05-CV-1099-FCD-KJM, 2006 U.S. Dist. LEXIS 50386, *41 (E.D. Cal. July 20, 2006) (distinguishing *Jones* because plaintiff alleged that specific individual defendants made slanderous statements about her).

Second, Luxpro contends that it has alleged the substance of Apple's communications concerning the "manner in which Luxpro designed, produced, and marketed its products," and

the "quality and development of Luxpro's business and products."  (Opp. at 32 (citing Compl. ¶¶ 30-34).)  Once again, Luxpro refers to allegations that do not exist.  There are no allegations regarding any such statements by Apple in the complaint at all, much less in the paragraphs cited by Luxpro.

The complaint alleges only "warning letters," "pressure," and "threat[s]."  (Compl. ¶¶ 30, 32-34.)  But these allegations fail to include the content of any of these letters, pressure, or threats,[20] and the complaint provides far *less* substance than allegations other courts have found to be insufficient.  *See, e.g.*, *Silicon Knights*, 983 F. Supp. at 1314-15 (allegation that defendant made statements regarding "(a) the quality and reliability of Silicon Knights' products, (b) the competence and ability of Silicon Knights' employees, and (c) Silicon Knights' cooperation and ability to work with customers, suppliers, or other persons in the software industry" failed to sufficiently identify substance of what was stated); *Jones*, 2006 U.S. Dist. LEXIS 13978 at *14-15  (allegation that defendant stated that "Plaintiff violated company policies; that she was a poor performer; that she deserved written warnings and disciplinary actions against her; that she was incompetent; a troublemaker; made false complaints; was unreliable; was lazy and was dishonest" failed to identify substance of defamatory statements).  Thus, Luxpro fails to meet the pleading requirements for commercial disparagement, and its claim should be dismissed.

### B.      Luxpro's Allegations Fail to Properly Allege Special Damages

Luxpro's claim for commercial disparagement should be dismissed for a second, independent reason:  it has failed to properly allege special damages as required to state a claim for commercial disparagement.  (Mot. at 24.)  Luxpro cites *Great American Indemnity Co. v. Brown*, 307 F.2d 306, 308 (5th Cir. 1962), for the proposition that Federal Rule of Civil

---

[20] In the case of the "warning letters," they fail to identify the recipients as well.  (*Id.* at ¶ 30.)

Procedure 9(g) does not impose a stringent requirement for pleading special damages. That case, however, involved personal injury damages, which courts hold are more easily inferred and require less specific pleading. *Great American* is therefore inapposite. *See Matos v. Ashford Presbyterian Community Hosp., Inc.*, 4 F.3d 47, 52 (1st Cir. 1993) (less specific pleading required for personal injury damages; comparing *Great American Ind. Co.* v. *Brown*, 307 F.2d 306 (5th Cir. 1962) (loss of earning capacity following personal injury) with *Action Repair, Inc.* v. *American Broadcasting Co.*, 776 F.2d 143 (7th Cir. 1985) (business loss following defamation).) Thus, Luxpro's allegations must meet a higher pleading standard than the one in *Great American Indemnity*.

Luxpro cites several examples of allegations it claims meet the standard for special damages. (Opp. at 32.) They do not. The allegations regarding InterTAN fail to establish the value of the allegedly lost business, as required by Rule 9(g). *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 938 (N.D. Cal. 2008) (special damages improperly pled because plaintiff failed to allege amount of business before alleged trade libel, amount of business after, or value of business); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1047 (C.D. Cal. 1998) (to properly plead special damages for trade libel, a plaintiff must plead, among other things, established business and the amount of sales for a substantial period preceding the publication). In fact, the complaint fails to demonstrate that InterTAN would have continued making purchases from Luxpro at all. Thus, Luxpro's allegations regarding InterTAN fail to satisfy Rule 9(g).

The allegations regarding Starbucks, Best Buy, and Radio Shack are even less specific. The complaint fails to allege that Luxpro made *any* sales whatsoever to these companies or that Luxpro or any of these entities made a concrete offer to buy or sell Luxpro's products. Luxpro

26

alleges only that Starbucks "agreed to initiate" a business proposal, making clear that no proposal was actually made.  (Compl. ¶ 32.)  As for Best Buy and Radio Shack, Luxpro alleges that these companies refused to do business with it, not that it actually had any business or expectation of business with these companies.  (*Id.* at ¶ 30.)  These allegations do not demonstrate that Luxpro actually lost "business" or that such alleged "lost business" had any value at all.  Thus, they fail to meet the requirements of Rule 9(g).

The last two examples offered by Luxpro also fail to meet those requirements.  The conclusory allegation that Apple deprived Luxpro of "economic benefits" does not appear in the complaint.  Even if it did, this mere recitation of a legal standard does not satisfy *Twombly* or the specificity required by Rule 9(g).  As for Luxpro's attempt to be listed on the GraTei securities market, the allegations do not demonstrate that Luxpro's decision to halt its efforts were the "natural and probable result" of any disparaging statements.  In fact, Luxpro fails to allege that Apple made *any* statement in connection with Luxpro's attempt to be listed on the GraTei.[21]

Luxpro has failed to meet the requirements for pleading a commercial disparagement claim.  That claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Luxpro's complaint should be dismissed in its entirety.

Respectfully submitted,

*/s/Kevin A. Crass*
Arkansas Bar No.: 84029

KEVIN A. CRASS
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue

---

[21] What Luxpro specifically alleges is that Apple's litigation resulted in it abandoning its efforts to be listed on the GraTei.  (Compl., ¶ 28.)  To the extent Luxpro's commercial disparagement claim is based on any statements Apple made in connection with that litigation, it should be dismissed – statements made during litigation are absolutely privileged.  Cal. Civ. Code § 47(b).

745808.1

Suite 2000
Little Rock, Arkansas 72201-3522
Telephone: (501) 376-2011
Email: crass@fec.net

and

JAMES M. PRATT, JR.
Arkansas Bar No.: 74124
144 Washington Street, Northwest
P.O. Box 938
Camden, Arkansas 71701-0938
Telephone: (870) 836-7328
Email: jamiepratt@cablelynx.com

and CoCounsel

PENELOPE A. PREOVOLOS
California Bar No.: 87607
STUART C. PLUNKETT
California Bar No.:187971
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
E-mail:  PPreovolos@mofo.com
E-mail:  SPlunkett@mofo.com

*Attorneys for Defendant Apple Inc.*

## **CERTIFICATE OF SERVICE**

I, Kevin A. Crass, hereby certify that on April 6, 2009, the foregoing was electronically filed with the Clerk which shall send notification of such filing to the following:

- **Richard A. Adams**
  radams@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com
- **Phillip N. Cockrell**
  pcockrell@pattonroberts.com,kharris@pattonroberts.com
- **Patrick J. Conroy**
  pconroy@shorechan.com,ldalton@shorechan.com
- **Jeremy Young Hutchinson**
  jhutchinson@pattonroberts.com,kbraswell@pattonroberts.com
- **Glenn E. Janik**
  gjanik@shorechan.com,ldalton@shorechan.com

28

745808.1

- **Corey Darnell McGaha**
  cmcgaha@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com,ssre balus@pattonroberts.com
- **Reid Davis Miller**
  rmiller@pattonroberts.com,shicks@pattonroberts.com
- **Nicholas H. Patton**
  nickpatton@texarkanalaw.com,mlong@texarkanalaw.com
- **Leisa B. Pearlman**
  lpearlman@pattonroberts.com,shicks@pattonroberts.com,pdesantis@pattonroberts.com,k garrett@pattonroberts.com
- **Patricia L. Peden**
  ppeden@pedenlawfirm.com
- **Stuart Christopher Plunkett**
  rpelletier@mofo.com,splunkett@mofo.com
- **James M. Pratt , Jr**
  jamiepratt@cablelynx.com
- **Penelope A. Preovolos**
  PPreovolos@mofo.com,kfranklin@mofo.com
- **Sean F. Rommel**
  srommel@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com,kgar rett@pattonroberts.com

/s/  Kevin A. Crass
KEVIN A. CRASS (84029)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas  72201-3522
Telephone:  (501) 376-2011
Crass@fec.net
Attorneys for Defendant,
Apple Inc. f/k/a Apple Computer, Inc.

29

745808.1