# IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF ARKANSAS

## TEXARKANA DIVISION

LUXPRO CORPORATION, a Taiwanese )
corporation, )
         )
            **Plaintiff,** )
         )     **Civil Action No. 4:08-CV-04092-HFB**
**v.** )
         )
APPLE, INC. f/k/a Apple Computer, )
Inc., )
         )
         )
            **Defendant.** )

## DEFENDANT APPLE INC.'S REPLY
## IN SUPPORT OF MOTION TO TRANSFER

745798.1

Dockets.Justia.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... iii

INTRODUCTION ................................................................................................... 1

ARGUMENT ......................................................................................................... 3

I.    LUXPRO'S OPPOSITION CONFIRMS THAT ITS CHOICE OF AN
ARKANSAS FORUM IS NOT ENTITLED TO DEFERENCE ....................................... 3

    A.    The Law Is Clear That a Plaintiff's Forum Choice Is Not Entitled to
Deference Where the Chosen Forum Lacks a Connection to the Plaintiff or
to the Dispute ........................................................................................ 3

    B.    Luxpro Fails to Identify Any Connection That Arkansas Has to Luxpro or
to This Dispute ...................................................................................... 4

    C.    Luxpro's Status as a Foreign Plaintiff Further Undercuts the Deference
Due Its Choice of a Forum That Lacks a Connection to the Dispute ................... 5

    D.    Luxpro's Attempts to Justify Its Forum Choice Only Add to the Evidence
of Improper Forum Shopping .................................................................... 6

        1.    Luxpro's Attempt to "Consent" to This Forum Is Further Evidence
of Forum Shopping .......................................................................... 7

        2.    Luxpro's Assertion That It Chose This Forum for "Speedy"
Resolution Is Not Credible ................................................................ 8

    E.    Luxpro's Argument That Apple Could Have Filed for Declaratory Relief
Is Meritless .......................................................................................... 10

II.   NOTHING IN LUXPRO'S SUBMISSION COUNTERS APPLE'S SHOWING
THAT THE "BALANCE OF CONVENIENCE" FAVORS THE NORTHERN
DISTRICT OF CALIFORNIA ..................................................................... 10

    A.    The Northern District of California Is More Convenient for Both of the
Parties ............................................................................................... 10

        1.    Luxpro Cannot Dispute That California Is More Convenient for
Luxpro and Its Witnesses ................................................................ 11

        2.    Luxpro's Arguments Regarding Apple's Convenience Are
Misleading .................................................................................... 12

    B.    The Northern District of California Is More Convenient for Nonparty
Witnesses ........................................................................................... 14

    C.    The Location of Relevant Documents Favors the Northern District of
California ............................................................................................ 17

    D.    Any Alleged Conduct That Occurred in the United States Occurred in
California ............................................................................................ 18

    E.    The Applicability of California Law to Luxpro's Claims Favors Transfer ......... 19

III.    THE INTERESTS OF JUSTICE FAVOR A TRANSFER TO THE NORTHERN
        DISTRICT OF CALIFORNIA ........................................................................................ 20

CONCLUSION................................................................................................................................ 22

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Alden Corp. v. Eazypower Corp.*,
    294 F. Supp. 2d 233 (D. Conn. 2003)........................................................................3

*Amazin' Raisins Int'l, Inc. v. Ocean Spray Cranberries, Inc.*,
    No. 04-3358 ADM/AJB, 2004 U.S. Dist. LEXIS 23200 (D. Minn. Nov. 15, 2004) ..........6, 17

*Apple Computer, Inc. v. Unova, Inc.*,
    No. Civ. A. 03-101-JJF, 2003 U.S. Dist. LEXIS 23843 (D. Del. Nov. 25, 2003)...................12

*Arkansas Right to Life v. Butler*,
    972 F. Supp. 1187 (W.D. Ark. 1997)........................................................................3

*Arkansas Trophy Hunters Assoc. Inc. v. Texas Trophy Hunters Assoc.*,
    Civ. No. 06-5067, 2006 U.S. Dist. LEXIS 92152 (W.D. Ark. Dec. 18, 2006) ......................17

*B&G Equip. Co. v. J.T. Eaton & Co.*,
    WMN-06-1363, 2006 U.S. Dist. LEXIS 74098 (D. Md. Sept. 27, 2006) ................................3

*Capital Ford New Holland, Inv. v. AB Volvo*,
    No. 4:00CV00715GH, 2000 U.S. Dist. LEXIS 22671 (E.D. Ark. Dec. 18, 2000) .7, 11, 16, 19

*Coffey v. Van Dorn Iron Works*,
    796 F.2d 217 (7th Cir. 1986) ..................................................................................12

*De Shane v. Deere & Co.*,
    726 F.2d 443 (8th Cir. 1984) ....................................................................................6

*Doolittle v. Structured Investments Co., LLC*,
    No. CV 07-356-S-EJL-CWD, 2008 U.S. Dist. LEXIS 98693 (D. Idaho Dec. 4, 2008)..........19

*In re Nat'l Presto Indus., Inc.*,
    347 F.3d 662 (7th Cir. 2003) ....................................................................................3

*In re Triton Ltd. Sec. Litig.*,
    70 F. Supp. 2d 678 (E.D. Tex. 1999)..........................................................................3

*Jaco Envt'l Inc. v. Appliance Recycling Centers of Am., Inc.*,
    No. C 06-06601 JSW, 2007 U.S. Dist. LEXIS 274221 (N.D. Cal. Mar. 27, 2007) ...............10

*MHL Tek, LLC v. Nissan Motor Co.*,
    No. 2:07-CV-289, 2009 U.S. Dist. LEXIS 13676 (E.D. Tex. Feb. 23, 2009)........................18

*Nat'l Bank of Harvey v. Bathgate Capital Ptnrs.,*
    No. 1:06-CV-053, 2007 U.S. Dist. LEXIS 25646 (D.N.D. Apr. 4, 2007).........................20, 21

*Nelson v. Soo Line R.R. Co.,*
    58 F. Supp. 2d 1023 (D. Minn. 1999) ........................................................................3

*Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc.,*
    387 F. Supp. 2d 564 (E.D. Va. 2005) ....................................................................5, 20

*Ozarks Coca-Cola/Dr. Pepper Bottling Co. v. Coca-Cola Co.,*
    No. 06-30056-CV-W-GAF, 2006 U.S. Dist. LEXIS 14588 (W.D. Mo. Mar. 17, 2006) ........20

*Pressdough of Bismarck, LLC v. A&W Rests., Inc.,*
    587 F. Supp. 2d 1079 (D.N.D. 2008) ......................................................................15

*PRG-Schultz USA, Inc. v. Gottschalks, Inc.,*
    No. C 05-2811 MMC, 2005 U.S. Dist. LEXIS 42272 (N.D. Cal. Oct. 17, 2005) ..............3, 13

*Price Indus. Inc. v. Fulghum Indus. Inc.,*
    No. 97-1148, 2002 LEXIS 25453 (W.D. Ark. Apr. 19, 2002) ...................................3

*R&R Packaging, Inc. v. GAP Roofing, Inc.,*
    No. 06-5175, 2007 US Dist. LEXIS 3803 (W.D. Ark. Jan. 18, 2007) ........................3

*RBC Mortgage Co. v. Couch,*
    274 F. Supp. 2d 965 (N.D. Ill. 2003) ......................................................................15

*Reiffin v. Microsoft Corp.,*
    104 F. Supp. 2d 48 (D.D.C. 2000) ..........................................................................10

*Shutte v. Armco Steel Corp.,*
    431 F.2d 22 (3d Cir. 1970) .....................................................................................3

*Terra Intern., Inc. v. Mississippi Chemical Corp.,*
    119 F.3d 688 (8th Cir. 1997) .................................................................................12

*Thornton Drilling Co. v. Stephens Production Co.,*
    No. 4:06-cv-0851 GTE, 2006 U.S. Dist. LEXIS 67961 (E.D. Ark. Sept. 6, 2006) ..........11, 13

*Travelers Insurance Co. v. Stuart,*
    226 F. Supp. 557 (W.D. Ark. 1964)........................................................................19

*Vandusen v. J.C. Penney Co.,*
    207 F. Supp. 529 (W.D. Ark. 1962).........................................................................4

*Wilson v. United States,*
    No. 4:05-CV-562, 2006 U.S. Dist. LEXIS 87382 (E.D. Ark. Nov. 28, 2006) ........................19

## OTHER AUTHORITIES

2008 Judicial Caseload Profiles ......................................................................................8, 9

United States Judicial Panel on Multidistrict Litigation, Statistical Analysis of
    Multidistrict Litigation 2008 .....................................................................................9

## INTRODUCTION

Luxpro's opposition brief confirms what was already apparent from the complaint — that neither Luxpro nor its dispute with Apple has any connection whatsoever to the Western District of Arkansas.  None of the operative events occurred in Arkansas and no witnesses are located here.  Although Luxpro's counsel is nearby, Luxpro concedes that counsel's location is irrelevant under section 1404(a).  Luxpro underscores the lack of connection to this forum by submitting a declaration that mentions only *one* supposed "contact" with Arkansas.  However, that purported "contact" — Wal-Mart — turns out to be a company Luxpro *wanted* to do business with, but with which Luxpro apparently had no actual contact at all.  Indeed, Luxpro's declaration does not even name Wal-Mart as a relevant nonparty.

Unable to establish a connection to Arkansas, Luxpro instead attempts to explain why it chose a distant forum where no witnesses are located.  But that explanation is irrelevant under section 1404(a), and instead merely highlights the lack of any connection to this forum.  Luxpro says that it chose the Western District of Arkansas because its desire for a speedy resolution was "crucial."  Luxpro's explanation is not credible.  The same set of statistics regarding median "time to trial" that supposedly persuaded Luxpro to file in this District show that the median "time to disposition" is <u>*faster in the Northern District of California*</u> than it is here.  Furthermore, if a speedy resolution was truly "crucial" to Luxpro, it would have filed in one of the <u>65</u> other districts with faster times to disposition, or in one of the seven other districts with faster times to trial.

Luxpro, moreover, fails to contradict any of the factors indicating that the Northern District of California is the more convenient forum — both for Apple, which is located there, *and for Luxpro*.  Rather than dispute that California is the more convenient forum, Luxpro's chairman purports to "consent" to litigate in this District despite the greater travel time, and

states in his declaration that he will "require" Luxpro witnesses to travel to Arkansas.  The operative question under section 1404(a), however, is not whether Luxpro consents, but which forum is more *convenient*.  Luxpro cannot dispute, and does not dispute, that California is more convenient.  It is also not clear on what authority Luxpro's chairman can require witnesses who may no longer work at the company to travel to Arkansas.  More fundamentally, if the Court were to endorse Luxpro's "consent" as a valid means of opposing a motion to transfer, plaintiffs would have free rein to forum shop unfettered by the convenience analysis mandated by section 1404(a).  Notably, plaintiff cites no authority — because there is none — for the proposition that "consent" has any relevance whatsoever to that analysis.

Not only is California more convenient for Luxpro and Apple, the undisputed facts also show that it is more convenient for nonparty witnesses.  The overwhelming majority of witnesses are located in Asia, and Luxpro does not dispute that it is more convenient for these nonparties to appear in California.  Luxpro attempts to muddy this important fact by claiming that nonparties are located across the United States and around the world, such that no district is any more convenient than another.  But Luxpro's attempt cannot withstand scrutiny.  It is undisputed that there are a total of 16 nonparties located in Asia.  Luxpro also identifies one nonparty in the Northern District of California.  The other nonparties are either of marginal relevance or are not adequately identified by Luxpro.  Given the importance of convenience to nonparty witnesses in the section 1404(a) calculus, this factor weighs strongly in favor of transfer.

As discussed in greater detail below, the convenience factors and the interest of justice factors all strongly favor a transfer to the Northern District of California.

**ARGUMENT**

I.   **LUXPRO'S OPPOSITION CONFIRMS THAT ITS CHOICE OF AN ARKANSAS FORUM IS NOT ENTITLED TO DEFERENCE**

   A.   **The Law Is Clear That a Plaintiff's Forum Choice Is Not Entitled to Deference Where the Chosen Forum Lacks a Connection to the Plaintiff or to the Dispute**

Courts uniformly hold that a plaintiff's forum choice is not entitled to deference where the forum lacks a connection to the plaintiff or to the dispute.  (*See* Apple Inc.'s Brief in Support of Motion to Transfer ("Mot.") at 7-9 (citing numerous cases).)  Luxpro fails to address any of the cases cited in Apple's opening brief on this point.  Indeed, Luxpro cites several cases that make this very point.[1]

Having ignored all of the authority cited in the motion — and the holdings of several of its own cases — Luxpro contends that the Court "*must*" give deference to its choice of forum. (Luxpro Corp.'s Response in Opposition to Motion to Transfer ("Opp.") at 16.)  But the cases Luxpro cites do not stand for the proposition that courts must give deference to a plaintiff's forum choice in all circumstances.  Rather, all of the cases involved a clear connection to the chosen forum.[2]

---

[1] *See, e.g.*, *B&G Equip. Co. v. J.T. Eaton & Co.*, WMN-06-1363, 2006 U.S. Dist. LEXIS 74098 at *6-7 (D. Md. Sept. 27, 2006) (plaintiff's choice of forum not given substantial weight where "there is little material connection between the chosen forum and the facts and issues of the case"); *PRG-Schultz USA, Inc. v. Gottschalks, Inc.*, No. C 05-2811 MMC, 2005 U.S. Dist. LEXIS 42272 at *11 (N.D. Cal. Oct. 17, 2005) ("plaintiff's choice of forum is given 'much less weight' when the plaintiff is not a resident of the chosen forum or the forum lacks any significant contact with the activities alleged in the complaint"); *Alden Corp. v. Eazypower Corp.*, 294 F. Supp. 2d 233, 237 (D. Conn. 2003) ("plaintiff's choice of forum is given less weight where the case's operative facts have little connection with the chosen forum"); *Nelson v. Soo Line R.R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999) (courts afford plaintiff's forum choice "significantly less deference" when plaintiff is not forum resident or underlying facts did not occur in forum); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 689 (E.D. Tex. 1999) (because no plaintiff resided in the forum, plaintiffs' forum choice given less deference).

[2] *See R&R Packaging, Inc. v. GAP Roofing, Inc.*, No. 06-5175, 2007 US Dist. LEXIS 3803 at *8 (W.D. Ark. Jan. 18, 2007) (transfer denied where plaintiff's employees lived and worked in Arkansas, plaintiff's chosen forum); *Arkansas Right to Life v. Butler*, 972 F. Supp. 1187, 1194 (W.D. Ark. 1997) (transfer denied where plaintiff resided in district in which she brought suit); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (transfer denied where plaintiff resided in district in which suit was brought); *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003) (transfer denied because plaintiff had office in district in which it brought suit); *Price Indus. Inc. v.*

**B.      Luxpro Fails to Identify Any Connection That Arkansas Has to Luxpro or to This Dispute**

The undisputed facts establish that this forum lacks any relevant connection to Luxpro or to this dispute. Neither Luxpro nor any of its employees resides in Arkansas. The complaint does not allege that any events related to Luxpro's claims against Apple occurred in Arkansas, and Luxpro's opposition does not attempt to establish any relevant connection.

Unable to assert any connection to Arkansas, Luxpro has included in its submission an extraordinarily attenuated *suggestion* of a *possible* connection, which the Court should flatly reject. The last page of Luxpro's declaration, submitted by its chairman, Fu-Ching Wu, states:

> Luxpro's global marketing strategy for its products *anticipated sales* through large distributors of electronic products in the United States. The largest such distributor, *Wal-Mart*, is located in the Western District of Arkansas.

(Declaration of Fu-Chin Wu in support of Luxpro Corp.'s Response in Opposition to Motion to Transfer ("Wu Decl.") ¶ 10 (emphasis added).) This strained passage fails to establish a connection to Arkansas. It says that Luxpro "anticipated sales" through large distributors in the United States, and that Wal-Mart is "the largest" such distributor. The passage is most notable for what it does not state: that Luxpro had, or even attempted to have, any contact whatsoever with Wal-Mart. If it had, Mr. Wu certainly would have said so. Thus, this irrelevant passage should be understood for exactly what it is — a feeble excuse to mention "*Wal-Mart*" in the hope of creating the fiction that this case really does have a connection to this District. It does not. Indeed, that this irrelevant and misleading statement is all Luxpro can say about a connection to Arkansas demonstrates the complete absence of a connection to this forum.

---

*Fulghum Indus. Inc.*, No. 97-1148, 2002 LEXIS 25453 at *23 (W.D. Ark. Apr. 19, 2002) (transfer denied because "its place of business, witnesses and evidence are located in this district"); *Vandusen v. J.C. Penney Co.*, 207 F. Supp. 529, 536 (W.D. Ark. 1962) (transfer denied where plaintiff resided in chosen forum).

One other passage in Mr. Wu's declaration attempts to draw a connection to Arkansas. He says, "I believe that consumers in the Western District of Arkansas were forced to pay higher prices for MP3 players and products due to Apple's illegal conduct."  (Wu Decl. ¶ 5.)  But Luxpro's complaint makes clear that Luxpro would make the same claim respecting consumers in any jurisdiction where Apple sells its products, including the Northern District of California. Moreover, such self-serving opinion testimony from a non-expert is clearly inadmissible — notably, the declaration makes no attempt to qualify Mr. Wu as an expert economist.  Most fundamentally, Mr. Wu's statement is irrelevant under Section 1404.  As Apple pointed out in the Motion (*see* Mot. at 9-10), "[i]n order to give deference to a foreign plaintiff's choice of forum, *the contacts at issue must relate to the plaintiff's claims*"; nationwide sales are not a sufficient contact with any particular forum.  *Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc.*, 387 F. Supp. 2d 564, 568 (E.D. Va. 2005) (emphasis added).  Courts thus hold that where a defendant, like Apple, has nationwide sales, sales of products in a particular district do not support deference to the plaintiff's forum choice.  *Id.*  Luxpro failed to respond to this point in its opposition, and thus apparently concedes it.

In the final analysis, Luxpro's only connection to Arkansas is the location of certain of its attorneys.  But Luxpro concedes — again by not arguing the point — that the location of plaintiff's attorneys is not a relevant factor in evaluating transfer.  (Mot. at 8 (citing cases).)

**C.    Luxpro's Status as a Foreign Plaintiff Further Undercuts the Deference Due Its Choice of a Forum That Lacks a Connection to the Dispute**

Luxpro admits that a foreign plaintiff's choice of forum is "sometimes" accorded less deference, but contends that no court in the Eighth Circuit has addressed the issue.  (Opp. at 25.) This is wrong.  In *Amazin' Raisins*, one of several cases cited in Apple's motion that Luxpro ignores, the District of Minnesota disregarded a Canadian plaintiff's choice of forum, stating that

"it is well-established that *significantly less deference* is granted when the plaintiff does not reside in the forum." *Amazin' Raisins Int'l, Inc. v. Ocean Spray Cranberries, Inc.,* No. 04-3358 ADM/AJB, 2004 U.S. Dist. LEXIS 23200 at *13 (D. Minn. Nov. 15, 2004); *see also De Shane v. Deere & Co.,* 726 F.2d 443, 445 (8th Cir. 1984) (holding, in *forum non conveniens* context, that "foreign plaintiff's choice deserves less deference") (quotation omitted).

Courts in the Eighth Circuit thus *have* addressed this issue, and they have done so consistently with the many other cases Apple cited which hold that a foreign plaintiff's complaint should be transferred where it was filed in a district that lacks a connection to the dispute.  (*See* Mot. at 9-10 (citing numerous cases).)  Luxpro ignores all of these cases, and fails to cite any cases to the contrary.  Indeed, Luxpro fails to cite even one case suggesting that *any* deference is due a foreign plaintiff's choice of a forum that lacks a connection to the dispute.  Thus, because Luxpro as a foreign plaintiff chose a forum with no connection to the dispute, when a forum with a substantial connection to the dispute was available, Luxpro's forum choice is entitled to no deference.

### D.     Luxpro's Attempts to Justify Its Forum Choice Only Add to the Evidence of Improper Forum Shopping

As Apple argued in the motion, the circumstances of this case warrant the conclusion that Luxpro has engaged in improper forum shopping and that its forum choice is therefore not entitled to deference.  (Mot. at 11 (citing cases).)  Specifically, Luxpro chose a forum that has no connection to this dispute when it would have been *more convenient for Luxpro* to litigate in the one forum that does have a substantial connection to this dispute — the Northern District of California.  Luxpro responds to this point, *not by asserting that Arkansas is more convenient*, but by attempting to "consent" to an Arkansas forum and justifying its forum choice on the ground that it wanted a "speedy resolution."

### 1.    Luxpro's Attempt to "Consent" to This Forum Is Further Evidence of Forum Shopping

Luxpro concedes, as it must, that it would be more convenient for Luxpro and its employees to litigate this case in the Northern District of California.  Knowing full well that this fact is uncontestable, Luxpro submits Mr. Wu's declaration in which he states that he "has authorized Luxpro to consent" to this forum, that he is "willing to travel to Arkansas," that he does not consider traveling to Arkansas "an inconvenience," and that he will "authorize and require relevant witnesses from Luxpro" to appear in Arkansas.  (Wu Decl. ¶¶ 3, 5, 6.)  In other words, Mr. Wu attempts to consent to an Arkansas forum on behalf of Luxpro and its employees.

Mr. Wu's statements should carry no weight in resolving Apple's motion.  Nothing Mr. Wu says bears any relevance to whether it is *convenient* for Luxpro to litigate in Arkansas rather than California.  There is no case holding that consent is relevant.  Instead, courts look at relative travel times, and the authority is clear that shorter travel times support transfer.  *See, e.g.*, *Capital Ford New Holland, Inv. v. AB Volvo*, No. 4:00CV00715GH, 2000 U.S. Dist. LEXIS 22671 at *10 (E.D. Ark. Dec. 18, 2000) (granting transfer where plaintiffs, who were located around North America, would have easier time flying to Chicago than to Little Rock, Arkansas). Nothing Mr. Wu declares changes the fact that Luxpro witnesses are most likely in Taiwan, and it will be easier for them to travel to California than to Arkansas.

Furthermore, Mr. Wu does not indicate whether or how he obtained the "consent" of any other employee of Luxpro.  Just because Mr. Wu may not consider it "an inconvenience" does not mean others would agree.  Luxpro also makes no attempt to show that Mr. Wu has the authority to order any former Luxpro employees to appear in Arkansas.  Presumably if Mr. Wu had obtained the consent of other witnesses, he would have included that fact in his declaration.  But more importantly, if merely "consenting" to have party witnesses appear for depositions and

trial in a forum is sufficient to establish convenience, then any party could forum shop anywhere, and section 1404 would be rendered a nullity.  As noted, there is no authority whatsoever for such a proposition.

Mr. Wu's attempt to consent on Luxpro's behalf is nothing more than an admission that Luxpro is forum shopping, with no regard for the convenience of the parties or witnesses or the relationship between the chosen forum and the dispute.

> ### 2. Luxpro's Assertion That It Chose This Forum for "Speedy" Resolution Is Not Credible

In search of some way to justify its choice of an Arkansas forum, Luxpro contends that it chose this District so it could obtain a "speedy, efficient" resolution of its claims, whereas the Northern District of California has a "slower docket."  (Opp. at 24-25.)  Mr. Wu states in his declaration that this was the reason Luxpro filed suit in the Western District of Arkansas.  (Wu Decl. ¶ 5.)  Luxpro relies on federal judicial caseload statistics for this argument (Opp. at 24), and Mr. Wu's declaration suggests that he must have relied on the same statistics when choosing a forum.

Luxpro's argument and Mr. Wu's statements are not credible.  At best, the statistics Luxpro cites show that it is not clear which district is more likely to resolve Luxpro's dispute most speedily.  While the median time from filing to trial is shorter in the Western District of Arkansas according to these statistics, the *median time from filing to disposition is <u>shorter in the Northern District of California</u>*, by about three months.  (*See* 2008 Judicial Caseload Profile, Northern District of California, http://www.uscourts.gov/cgi-bin/cmsd2008.pl (last visited March 9, 2009) (median time to disposition 7.7 months; ranked 22nd in the country).)  This suggests that Luxpro may get a speedier resolution of its claims in the Northern District of California.

Given these conflicting statistics, it is disingenuous for Luxpro to tout its desire for speedy resolution as the reason it chose this forum.  It is also disingenuous for Luxpro to accuse Apple of conceding that this case would be resolved more quickly in this District by not citing the statistics in its Motion.  Apple did not rely on the federal judicial caseload statistics in the Motion because they provide conflicting information — not because Apple concedes the point.

It is not just the comparison with the Northern District of California that calls the credibility of Luxpro's argument and Mr. Wu's statements into question.  If, as Luxpro claims, speedy resolution was "*crucial*" to its forum choice (Mot. at 24), surely Luxpro would have selected one of the <u>65</u> other districts that have faster times to disposition than the Western District of Arkansas.  (2008 Judicial Caseload Profile, Western District of Arkansas, http://www.uscourts.gov/cgi-bin/cmsd2008.pl (last visited March 9, 2009) (median time to disposition 10 months; ranked 67th in the country)).[3]  Luxpro also could have filed suit in one of the <u>*seven*</u> other district courts with faster times to trial than the Western District of Arkansas.[4]  Thus, if a quick trial of the case was truly "crucial" to Luxpro, it could have chosen several other districts with faster times to trial than the Western District of Arkansas.[5]

For all of these reasons, Luxpro's submission only further demonstrates that it is engaged in improper forum shopping.  Its forum choice should thus be given little, if any, deference.  *See*

---

[3] Luxpro also suggests that the Northern District of California cannot handle complex litigation.  (Opp. at 3.)  This is clearly not the case.  For example, the Northern District of California regularly handles multidistrict litigation.  (*See* United States Judicial Panel on Multidistrict Litigation, Statistical Analysis of Multidistrict Litigation 2008, http://www.jpml.uscourts.gov/General_Info/Statistics/Statistical-Analysis-2008.pdf (last visited March 10, 2009)).

[4] The others are the Eastern District of Virginia, the District of Wyoming, the Eastern District of Wisconsin, the Eastern District of Oklahoma, the Western District of Oklahoma, the Southern District of Alabama, and the Southern District of Florida.  (*See* 2008 Judicial Caseload Profiles, http://www.uscourts.gov/cgi-bin/cmsd2008.pl (last visited March 9, 2009).)

[5] Luxpro's suggestion that time is of the essence in this case is belied by the fact that Luxpro is not seeking an injunction or otherwise alleging any ongoing conduct that is causing it harm.  Luxpro's claim that a delay would "cripple" its business is thus questionable.  (*See* Opp. at 24.)  Because Luxpro is seeking damages for past conduct, any concerns about delay in resolution of the case are vitiated by the ability of the Court to award prejudgment interest in the unlikely event Luxpro succeeds in proving its claims.

*Jaco Envt'l Inc. v. Appliance Recycling Centers of Am., Inc.*, No. C 06-06601 JSW, 2007 U.S. Dist. LEXIS 274221 at *7 (N.D. Cal. Mar. 27, 2007); *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 54 n.12 (D.D.C. 2000).

> **E.    Luxpro's Argument That Apple Could Have Filed for Declaratory Relief Is Meritless**

Luxpro argues that Apple knew from published reports that Luxpro was considering suing Apple and that Apple therefore missed the opportunity to select its own forum by filing a preemptive declaratory relief action in the Northern District of California.  (Opp. at 25-26.)  This argument has no relevance to any of the factors under section 1404(a).  Moreover, as demonstrated by its motion to dismiss, Apple believes Luxpro's suit is meritless, and thus Apple had no reason to expend resources filing a declaratory relief action.  A requirement that a party seek declaratory relief whenever a frivolous lawsuit is threatened so that it can proceed in the most convenient forum would result in a multiplication of lawsuits that would severely tax the judicial system.  Not surprisingly, Luxpro provides no authority to support this meritless position.

**II.    NOTHING IN LUXPRO'S SUBMISSION COUNTERS APPLE'S SHOWING THAT THE "BALANCE OF CONVENIENCE" FAVORS THE NORTHERN DISTRICT OF CALIFORNIA**

> **A.    The Northern District of California Is More Convenient for Both of the Parties**

The undisputed facts show that the convenience of both parties favors a transfer to the Northern District of California.

> > **1.    Luxpro Cannot Dispute That California Is More Convenient for Luxpro and Its Witnesses**

What is notable about Luxpro's opposition brief is its total failure to provide any valid reason why the Northern District of California is not more convenient for Luxpro and its

witnesses.  Luxpro does not reside in Arkansas and none of its employees resides here, and it is undisputed that it is easier to travel from Asia to California than from Asia to Arkansas.  In the face of these undisputed facts, Luxpro responds that it has "chosen" this District and that it has "consented" to receive service of process here and have its witnesses brought to Arkansas.  (Opp. at 19-20.)  As explained above, Luxpro's "consent" to a less convenient forum is irrelevant to Apple's transfer motion.

It is undisputed that California is more convenient for Luxpro.  Luxpro ignores the many cases cited in Apple's motion where courts granted transfers in nearly identical circumstances.  (*See* Mot. at 13 (citing *Original Creatine*, 387 F. Supp. 2d at 570 (transferring where it would be more convenient for foreign plaintiff to travel by air to New York than to chosen forum in Virginia); *Thornton Drilling Co. v. Stephens Production Co.*, No. 4:06-cv-0851 GTE, 2006 U.S. Dist. LEXIS 67961 at *10 (E.D. Ark. Sept. 6, 2006) (granting transfer where "it would be more convenient to both Plaintiff and Defendant to litigate" in transferee forum); *Capital Ford*, 2000 U.S. Dist. LEXIS 22671 at *10 (granting transfer where plaintiffs, who were located around North America, would have easier time flying to Chicago than to Little Rock, Arkansas).)

Luxpro also makes the perplexing argument that Apple is merely asking the Court to shift the inconvenience from Apple to Luxpro.  (Opp. at 23.)  This argument makes no sense, because Luxpro does not contend that Arkansas is more convenient for it than California, nor could it.  Luxpro argues only that it prefers Arkansas and has therefore "consented" to litigate in this District.  That, of course, does not mean that granting Apple's motion would shift the burden to Luxpro.  To the contrary, litigating in the Northern District of California would be more convenient for *both* parties.

 2. **Luxpro's Arguments Regarding Apple's Convenience Are Misleading**

California is clearly more convenient for Apple.  Apple is located in California and its principal witnesses and documents are in California, whereas Apple knows of no witnesses in Arkansas.  These are undisputed facts.  Luxpro's attempts to undermine them ignore relevant authority and are misleading.

Luxpro argues that Apple's convenience arguments are undermined because Apple has sued and been sued in various patent cases pending in districts outside of California.  (Opp. at 15-16, 18-19.)  The problem with Luxpro's argument is that it ignores the law of the Eighth Circuit, and of every other circuit:  motions for transfer under section 1404(a) "require a *case-by-case evaluation* of the *particular circumstances* at hand and a consideration of all relevant factors."  *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (emphasis added); *see also Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 220 n.3 (7th Cir. 1986) (section 1404(a) factors "are best viewed as placeholder for a broader set of considerations, the contours of which turn upon the particular facts of each case").  Luxpro has not demonstrated that the circumstances of any of the patent cases it lists are identical or even similar to the circumstances here.  Thus, there is nothing in Luxpro's submission that is even remotely relevant to Apple's motion to transfer.

Luxpro's reliance on the patent cases as somehow undermining the convenience arguments in this case is also misleading.  For example, the first case Luxpro lists was filed by Apple in Delaware *against a Delaware corporation*.[6]  In another one of Luxpro's examples, Apple filed suit in Delaware because *three of the four defendants were Delaware corporations* and none of the key witnesses resided in California.  *See Apple Computer, Inc. v. Unova, Inc.*,

---

[6] *See* Apple's Supplemental Request for Judicial Notice Ex. 1 at ¶ 3.

No. Civ. A. 03-101-JJF, 2003 U.S. Dist. LEXIS 23843 at *2 (D. Del. Nov. 25, 2003) (denying Unova's motion to transfer).  Luxpro also lists cases where Apple was sued in other districts and "failed" to ask for transfer to California.  But Luxpro does not address the facts of these cases, as it must.  For example, Luxpro cites one case that was filed in the Eastern District of Texas *by a resident of that district*.[7]  These examples highlight the misleading nature of Luxpro's argument, and the importance of evaluating the section 1404(a) convenience factors based solely on the circumstances of a particular case.

Luxpro also attempts to undermine Apple's showing that its witnesses are in California by arguing that they can be "compelled" by Apple to testify in Arkansas.  (Mot. at 18.)  But the operative question is the relative *convenience* of the two districts.  There is no question that California is the more convenient forum for Apple's California witnesses.  A transfer to the Northern District of California would eliminate the need for many of Apple's witnesses to travel, while Luxpro's witnesses will have to travel regardless — the very circumstances that compelled transfer in a case Luxpro cites.  *See PRG-Schultz USA*, 2005 U.S. Dist. LEXIS 42272 at *9 (granting motion to transfer where transfer would eliminate need for many witnesses to travel, while others would have to travel regardless).

Apple noted in the motion that current Apple witnesses may no longer be at the company for the duration of this litigation, further supporting venue in California because this Court would not have subpoena power over those witnesses.  (Mot. at 12.)  Luxpro responds that this is speculative (Opp. at 18), but Luxpro neglects to address the relevant authority, including *Thornton Drilling*, 2006 U.S. Dist. LEXIS 67961 at *10.  In that case, the court found that the possibility that defendant's employees may become former employees was significant, because

---

[7] *See* Apple's Supplemental Request for Judicial Notice Ex. 2 at ¶ 1.

the forum in which plaintiff had filed suit would not have subpoena power.  The court did not require a showing that employee departures were "imminent," as Luxpro suggests.  *See id.*  Thus, the possibility that relevant former Apple employees may be subject only to the subpoena power of the Northern District of California weighs in favor of transfer here.  There is no nonparty witness over which this Court would have subpoena power.

In sum, the convenience of the parties weighs in favor of transferring the case to the Northern District of California.  Nothing in Luxpro's submission is to the contrary.

### B.     The Northern District of California Is More Convenient for Nonparty Witnesses

The vast majority of nonparty witnesses in this case reside in Asia, and it is undisputed that it would be more convenient for these witnesses to travel to California than to Arkansas. (*See* Mot. at 13.)  Given the paramount importance courts place on the convenience of nonparty witnesses in evaluating section 1404(a) motions, the presence of so many nonparties in Asia strongly supports a transfer here.  Obviously concerned about this, Luxpro's opposition attempts to portray this case as one that will require the attendance of witnesses from around the United States and the world, meaning that no district is more convenient than another.  This argument is a smokescreen.

Luxpro identifies 26 nonparties in its opposition papers.  (Opp. at 12-14; Wu Decl. ¶ 9.) A careful analysis of this list reveals Luxpro's attempts to deemphasize Asian nonparties and supplement the list with supposedly relevant nonparties in other locations.  Omitted from this list are five nonparties that Luxpro identified in the complaint — all located in Taiwan (GreTai Securities Market, Carrefour, EUPA, 3C, and ET Mall).  (Luxpro Corp.'s First Amended Complaint ("Compl.") ¶¶ 23, 28, 34.)  But Luxpro's allegations, including statements in its opposition brief (*see* Opp. at 5-6), establish that all five possess relevant information.

Luxpro then adds to its list of nonparties the names of seven entities that are described in only vague terms.  They are:  Citigroup, Inc; CMS Hasche Sigle; Deutsche Messe; Federal Communications Commission; Kmart Corporation; Neuberger Berman LLC; and Parkersco LLC.  (Opp. at 12-14; Wu Decl. ¶ 9.)  With respect to these, Luxpro fails to identify the nature of the testimony, stating only that each has "relevant witnesses and documentary evidence" that is "related to" Luxpro and/or Apple.  Furthermore, *none of these entities is even mentioned in the complaint*.  Due to this complete lack of specificity and the absence of any mention of these entities in the complaint, the Court has no way to evaluate the importance and materiality of these alleged nonparties and they should therefore be disregarded.  *See Pressdough of Bismarck, LLC v. A&W Rests., Inc.*, 587 F. Supp. 2d 1079, 1086 (D.N.D. 2008) ("The Court 'must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum.'"); *RBC Mortgage Co. v. Couch*, 274 F. Supp. 2d 965, 971 (N.D. Ill. 2003) (considering "nature and importance" of witnesses' testimony in determining balance of convenience).[8]

Of the remaining 19 nonparties on Luxpro's list, 11 are located in Asia.  (Opp. at 12-14; Wu Decl. ¶ 9.)  Thus, the total number of nonparties located in Asia, including those identified in the complaint, is _16_.  Luxpro cannot dispute that for all of these nonparties, California is easily the more convenient forum.  Luxpro does not even attempt to argue otherwise.

The convenience of the remaining nonparties on the list in no way undercuts the convenience of a California forum.  To the contrary, one of the nonparties Luxpro identifies both in its papers and in the complaint — Synnex Technology International Corp. — is *located in the*

---

[8] Luxpro's contention that there are additional relevant witnesses "present in countries and continents throughout the world, including in Africa, Asia, Australia, Europe, the Middle East, New Zealand, North America (including multiple states in the United States), Central America, and South America" (Opp. at 14) suffers from the same defect.

*Northern District of California.*  (Opp. at 14; Compl. ¶ 34.)  Synnex's principal place of business is Fremont, California, which is within the Northern District of California.  It will clearly be more convenient for Synnex witnesses if this case were transferred to California, and only the Northern District of California will have subpoena power over Synnex.

Another nonparty, Starbucks, is located in Washington, but Luxpro's allegations regarding Starbucks involve Starbucks stores in Japan.  (Compl. ¶ 32.)  In any event, it is undisputed that California provides a more convenient forum for a company located in either Asia or Washington.  Three other nonparties are located in Mexico (Compu Import S.A. de C.V.), Germany (Web Worker), and Canada (InterTAN).  As stated in Apple's opening brief, the Northern District of California will be a more convenient forum for these witnesses because it is easier to travel to California from these locations than to Arkansas.  *Cf Capital Ford*, 2000 U.S. Dist. LEXIS 22671 at *10 (granting transfer where plaintiffs would have easier time flying to Chicago than to Little Rock, Arkansas).

The last three nonparties on Luxpro's list are in the United States, located in Virginia (Circuit City), Texas (Radio Shack), and Minnesota (Best Buy).  But Luxpro fails to identify the relevant testimony or witnesses with any specificity, and the complaint's allegations indicate that these entities will not have any relevant or material testimony.  Circuit City's only relevance is that it is the *parent company* of InterTAN, which is located in Canada.  The complaint makes no mention of any action taken by Circuit City; instead, *the allegations all relate to InterTAN.*  Thus, Luxpro fails to establish that Circuit City will have any relevant information.  RadioShack and Best Buy are also irrelevant.  The only contention about them is that Luxpro received "interest" from these nonparties.  (Opp. at 5.)  But this supposed "interest" clearly falls short of creating an expectation of prospective economic advantage and is of no legal relevance; it thus is

irrelevant to the choice of forum.  Were Luxpro able to allege legally relevant involvement by any of these entities, it would have done so in far more specific terms.  Moreover, even if these nonparties were relevant to the litigation, their purported convenience is outweighed by the convenience of the majority of the other nonparties in having this case proceed in the Northern District of California.

In short, the convenience of the nonparties weighs heavily in favor of a transfer to the Northern District of California.

### C.   The Location of Relevant Documents Favors the Northern District of California

The location of relevant document also favors a transfer.  Luxpro makes much of the fact that it has sent documents "believed to be related to this lawsuit" to its counsel in Arkansas. (Opp. at 22.)  A party opposing a motion to transfer should not be able to manufacture convenience simply by sending documents to its counsel in its chosen forum.  If that were permitted, any party could ensure that its forum shopping efforts were rewarded by sending documents to its attorneys.  Further, now that the documents are in the possession of Luxpro's counsel, the issue becomes one of counsel's convenience, which is not a factor in the transfer analysis.  *See Amazin' Raisins*, 2004 U.S. Dist. LEXIS 23200 at *9 ("it is axiomatic that convenience to plaintiff's counsel is not a factor"); *Arkansas Trophy Hunters Assoc. Inc. v. Texas Trophy Hunters Assoc.*, Civ. No. 06-5067, 2006 U.S. Dist. LEXIS 92152 at *3 (W.D. Ark. Dec. 18, 2006) (convenience of counsel is not a valid basis for a transfer of venue).

Moreover, Luxpro's statement that it sent documents it "believes to be related" is completely self-serving.  Apple and the Court may have different opinions about what Luxpro documents are related to this case, and these additional documents are most likely located at

Luxpro's principal place of business in Taiwan.  They certainly are not located in Arkansas, where Luxpro does not reside or do business, and where no relevant conduct took place.

Luxpro also contends that other sources of proof are located throughout the world, but it does not dispute that the majority of the relevant documents will come from Apple itself.  The bulk of these documents are located in the Northern District of California, because Apple is headquartered in Cupertino, California, and the United States-based conduct of Apple relevant to this dispute occurred in that district.  (Declaration of Thomas La Perle in support of Motion to Transfer and Motion to Dismiss ("La Perle Decl."), ¶¶ 1, 4, 5.)

Finally, Luxpro suggests that the location of documents should not be considered given the realities of modern litigation.  (Opp. at 22.)  Yet Luxpro's own authority states that such realities do not render this factor "superfluous" or allow courts to read "out of the § 1404(a) analysis" the location of documents.  *MHL Tek, LLC v. Nissan Motor Co.*, No. 2:07-CV-289, 2009 U.S. Dist. LEXIS 13676 at *24 (E.D. Tex. Feb. 23, 2009).  Given that the bulk of the relevant documents originating in the United States will come from Apple in California, this factor favors a transfer to the Northern District of California.

### D.   Any Alleged Conduct That Occurred in the United States Occurred in California

Luxpro contends that its claims involve conduct that occurred in various countries, yet Luxpro does not (and cannot) claim that any event occurred in Arkansas.  Its only attempt to link this case to Arkansas is the claim that Arkansas consumers were damaged by Apple's alleged actions.  But the complaint does not limit the allegation of damage to Arkansas consumers, meaning that California consumers were allegedly damaged as well.  (*See, e.g.*, Compl. ¶ 36.)  The fact that all of Apple's United States-based conduct relevant to Luxpro's claims occurred in California (La Perle Decl. ¶ 5) favors a transfer.

### E.    The Applicability of California Law to Luxpro's Claims Favors Transfer

Luxpro's only argument regarding the applicability of California law is that this Court routinely applies the law of other states.  While that may be true, courts still find the applicability of the transferee forum's law to be significant when granting motions to transfer.[9]  *See Capital Ford*, 2000 U.S. Dist. LEXIS 22671 at *11 (a federal court "is in a better position to interpret" the law of the state in which it sits); *Wilson v. United States*, No. 4:05-CV-562, 2006 U.S. Dist. LEXIS 87382 at *18 (E.D. Ark. Nov. 28, 2006) (transferring case to New Mexico because district court there "is more familiar with" the New Mexico law that would govern several of plaintiff's claims); *Travelers Insurance Co. v. Stuart*, 226 F. Supp. 557, 562 (W.D. Ark. 1964) (transferring to California where "substantive law of California governs" several issues in dispute).

Luxpro fails to confront any of this authority.  California law will clearly apply to all of Luxpro's claims, including one claim brought expressly under California law.  In its opposition to Apple's motion to dismiss, Luxpro attempts to argue that any of the 50-states' laws may apply to its common-law claims, but that argument is meritless.  As discussed more fully in Apple's Reply in support of its Motion to Dismiss, only California law could apply to Luxpro's claims. (Apple Inc.'s Reply in support of Motion to Dismiss, at 5-7.)  Thus, the applicability of California law to Luxpro's claims supports a transfer.

## III.   THE INTERESTS OF JUSTICE FAVOR A TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA

Luxpro's arguments regarding the interests of justice fail.  All the relevant factors favor the Northern District of California.  As demonstrated above, Luxpro's forum choice should be

---

[9] Luxpro's authority is in accord.  *Doolittle v. Structured Investments Co., LLC,* No. CV 07-356-S-EJL-CWD, 2008 U.S. Dist. LEXIS 98693 at *27 (D. Idaho Dec. 4, 2008) ("While analyzing law from a different state is certainly not uncommon for a federal district court, it is nonetheless a factor to consider in decided whether venue should be transferred.").

accorded no deference, and the claim that a speedy resolution is "crucial" to Luxpro is not credible. California law will apply, which also favors a transfer in the interests of justice. Again, although it is true that Arkansas judges apply the law of other jurisdictions, it "is in the interest of justice to transfer [an] action to a judge familiar with the law that will control the outcome of the case." *Ozarks Coca-Cola/Dr. Pepper Bottling Co. v. Coca-Cola Co.*, No. 06-30056-CV-W-GAF, 2006 U.S. Dist. LEXIS 14588 at *19 (W.D. Mo. Mar. 17, 2006).

Luxpro fails to address Apple's authority establishing that there is little local interest in having a matter brought by a foreign plaintiff decided in a forum with no connection to the dispute. *Original Creatine*, 387 F. Supp. 2d at 572 (transferring case brought by forum plaintiff to forum where defendant's documents and witnesses were located). Luxpro's only contention regarding Arkansas' interest is that that state's consumers have allegedly paid higher prices for MP3 players as a result of Apple's actions. Again, the same can be said for California consumers. The fact that California has an interest in regulating businesses within its borders far outweighs any interest Arkansas may have in the dispute.

Luxpro also does not dispute that the costs to Apple of litigating in the Northern District of California will be less than in this forum, while Luxpro will incur no significant additional costs by litigating this case in California. Luxpro's argument is that costs of lodging, meals, and "other costs" will be less in the Western District of Arkansas than in the Northern District of California. (Opp. at 25 n.81.) Luxpro fails to demonstrate the significance of this cost difference, or that it would outweigh Apple's significant travel and lodging costs if this litigation proceeds in this forum. Luxpro will have to incur costs regardless of where this case proceeds, while Apple's costs will be substantially reduced if this litigation proceeds in the Northern District of California. This factor favors a transfer. *See Nat'l Bank of Harvey v. Bathgate*

*Capital Ptnrs.,* No. 1:06-CV-053, 2007 U.S. Dist. LEXIS 25646 at *31-32 (D.N.D. Apr. 4, 2007) (granting transfer where defendant would not have to travel or hire local counsel in transferee forum and plaintiff would have to do so in either forum).

The ability to enforce a judgment also favors a California forum. While it is true that California would likely honor an Arkansas judgment, the costs of enforcing such a judgment would be less and there would be no need for recognition of judgment proceedings in California. Regardless of the magnitude of these costs, courts have found this fact to be significant. *Id.* at *31 (granting transfer where enforcement of judgment would be cheaper in transferee forum and there would be no need for recognition of judgment proceedings, as defendants resided in transferee forum). Luxpro does not address this authority.

In summary, the relevant interest of justice factors all favor a transfer to the Northern District of California. Luxpro has failed to establish otherwise.

## CONCLUSION

For the foregoing reasons, the Court should transfer this action to the Northern District of California.

Respectfully submitted,

*/s/Kevin A. Crass*
Arkansas Bar No.: 84029

KEVIN A. CRASS
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue
Suite 2000
Little Rock, Arkansas 72201-3522
Telephone: (501) 376-2011
Email: crass@fec.net

and

745798.1

21

JAMES M. PRATT, JR.
Arkansas Bar No.: 74124
144 Washington Street, Northwest
P.O. Box 938
Camden, Arkansas 71701-0938
Telephone: (870) 836-7328
Email: jamiepratt@cablelynx.com

and CoCounsel

PENELOPE A. PREOVOLOS
California Bar No.: 87607
STUART C. PLUNKETT
California Bar No.:187971
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
E-mail:  PPreovolos@mofo.com
E-mail:  SPlunkett@mofo.com

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

I, Kevin A. Crass, hereby certify that on April 6, 2009, the foregoing was electronically filed with the Clerk which shall send notification of such filing to the following:

- **Richard A. Adams**
  radams@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com
- **Phillip N. Cockrell**
  pcockrell@pattonroberts.com,kharris@pattonroberts.com
- **Patrick J. Conroy**
  pconroy@shorechan.com,ldalton@shorechan.com
- **Kevin A. Crass**
  crass@fec.net,tmaness@fec.net
- **Jeremy Young Hutchinson**
  jhutchinson@pattonroberts.com,kbraswell@pattonroberts.com
- **Glenn E. Janik**
  gjanik@shorechan.com,ldalton@shorechan.com
- **Corey Darnell McGaha**
  cmcgaha@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com,ssrebalus@pattonroberts.com

- **Reid Davis Miller**
  rmiller@pattonroberts.com,shicks@pattonroberts.com
- **Nicholas H. Patton**
  nickpatton@texarkanalaw.com,mlong@texarkanalaw.com
- **Leisa B. Pearlman**
  lpearlman@pattonroberts.com,shicks@pattonroberts.com,pdesantis@pattonroberts.com,kgarrett@pattonroberts.com
- **Patricia L. Peden**
  ppeden@pedenlawfirm.com
- **Stuart Christopher Plunkett**
  rpelletier@mofo.com,splunkett@mofo.com
- **James M. Pratt , Jr**
  jamiepratt@cablelynx.com
- **Penelope A. Preovolos**
  PPreovolos@mofo.com,kfranklin@mofo.com
- **Sean F. Rommel**
  srommel@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com,kgarrett@pattonroberts.com

/s/  Kevin A. Crass
KEVIN A. CRASS (84029)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas  72201-3522
Telephone:  (501) 376-2011
Crass@fec.net
Attorneys for Defendant,
Apple Inc. f/k/a Apple Computer, Inc.