IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| LUXPRO CORPORATION, a Taiwanese corporation, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 4:08-CV-04092-HFB |
| APPLE, INC. f/k/a Apple Computer, Inc., ) ) ) ) | |
| Defendant. ) | |

### REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS

Pursuant to Rule 201 of the Federal Rules of Evidence, Apple Inc. hereby requests that the Court take judicial notice of a July 7, 2009 decision of the Taiwan Supreme Court regarding Apple's and Luxpro's respective appeals from Taiwanese lower court decisions referenced in Luxpro's complaint. A true and correct copy of the Taiwan Supreme Court decision, and an English translation of the decision, is attached hereto as Exhibit 1.

Federal Rule of Evidence 201 allows a court to take judicial notice of adjudicative facts "not subject to reasonable dispute in that [they are] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." "When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint,' as well as materials that are 'necessarily embraced by the pleadings.'" *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). A court may also consider documents

835490.1

1

whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.  *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003); *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) (district court properly took judicial notice of public record referenced in complaint); *R.P. v. Springdale Sch. Dist.*, 2007 U.S. Dist. LEXIS 12073, *6 (W.D. Ark. Feb. 21, 2007) (on motion to dismiss, considering settlement agreements referred to and relied on in the complaint).  Orders and judgments of foreign courts are also proper subjects of judicial notice.  *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 412 (6th Cir. 2006) (taking judicial notice of forty-five exhibits that included English translations of documents generated during Korean judicial proceedings); *Channer v. Brooks*, 2001 U.S. Dist. LEXIS 25065, *2 (D. Conn. July 19, 2001) ("A federal court may take judicial notice of a decision rendered by the judicial system of a state or foreign country.").

      The Taiwan Supreme Court decision is a proper subject of judicial notice.  The complaint refers to the litigation in Taiwan that led to this final determination in the Taiwan Supreme Court, and Luxpro bases a number of its allegations on that litigation.  As argued at the hearing before the Court on September 1, 2009, the Taiwan Supreme Court affirmed the injunctive relief Apple sought and won with respect to Luxpro's "Super Tangent" product.  Also, as argued at the hearing, the decision demonstrates that Luxpro continued the litigation by filing appeals after the issuance of injunctive relief, and the litigation was not finally resolved until July 2009.

Respectfully submitted,

*/s/Kevin A. Crass*
Arkansas Bar No.: 84029

KEVIN A. CRASS
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522
Telephone: (501) 376-2011
Email: crass@fec.net

and

JAMES M. PRATT, JR.
Arkansas Bar No.: 74124
144 Washington Street, Northwest
P.O. Box 938
Camden, Arkansas 71701-0938
Telephone: (870) 836-7328
Email: jamiepratt@cablelynx.com

and Co-Counsel

PENELOPE A. PREOVOLOS
California Bar No.: 87607
STUART C. PLUNKETT
California Bar No.:187971
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
E-mail:  PPreovolos@mofo.com
E-mail:  SPlunkett@mofo.com

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

I, Kevin A. Crass, hereby certify that on September 2, 2009, the foregoing was electronically filed with the Clerk which shall send notification of such filing to the following:

- **Richard A. Adams**
  radams@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com
- **Phillip N. Cockrell**
  pcockrell@pattonroberts.com,lgriffin@pattonroberts.com
- **Patrick J. Conroy**
  pconroy@shorechan.com,ldalton@shorechan.com
- **Jeremy Young Hutchinson**
  jhutchinson@pattonroberts.com,kbraswell@pattonroberts.com
- **Glenn E. Janik**
  gjanik@shorechan.com,ldalton@shorechan.com,mwilkins@shorechan.com
- **Corey Darnell McGaha**
  cmcgaha@pattonroberts.com,shicks@pattonroberts.com,mcosta@pattonroberts.com
- **Reid Davis Miller**
  rmiller@pattonroberts.com,shicks@pattonroberts.com
- **Nicholas H. Patton**
  nickpatton@texarkanalaw.com,mlong@texarkanalaw.com
- **Leisa B. Pearlman**
  lpearlman@pattonroberts.com,shicks@pattonroberts.com,pdesantis@pattonroberts.com,kgarrett@pattonroberts.com
- **Patricia L. Peden**
  ppeden@pedenlawfirm.com
- **Stuart Christopher Plunkett**
  rpelletier@mofo.com,splunkett@mofo.com
- **James M. Pratt , Jr**
  jamiepratt@cablelynx.com
- **Penelope A. Preovolos**
  PPreovolos@mofo.com,kfranklin@mofo.com
- **Sean F. Rommel**
  srommel@wylyrommel.com,tgurley@wylyrommel.com

/s/  Kevin A. Crass
KEVIN A. CRASS (84029)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas  72201-3522
Telephone:  (501) 376-2011
Crass@fec.net
Attorneys for Defendant,
Apple Inc. f/k/a Apple Computer, Inc.

835490.1

4