IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LUXPRO CORPORATION, a
Taiwanese corporation                                                                    PLAINTIFF

v.                                    CASE NO. 08-CV-4092

APPLE, INC., f/k/a Apple Computer, Inc.                                                  DEFENDANT

## ORDER

Before the Court is a Motion to Transfer filed by Defendant Apple, Inc. ("Apple"). (Doc. 25). Plaintiff Luxpro Corporation ("Luxpro") responded. (Doc. 33). Apple replied. (Doc. 38). The Court finds this matter ripe for consideration.

Plaintiff Luxpro is a small Taiwanese corporation with its principle place of business in Taiwan. Luxpro develops, manufactures, and distributes MP3 players worldwide. Defendant Apple is a California corporation with its principle place of business in Cupertino, California, which is in the Northern District of California. Apple manufactures, develops, and distributes MP3 players worldwide under the brand name iPod.

Luxpro filed this suit on October 14, 2008 claiming that Apple: 1) interfered with its contractual/prospective advantage; 2) tortiously interfered with its contracts; 3) committed an attempted common law monopolization; 4) committed commercial disparagement; and 5) violated California Business and Professions Code section 17200. The conduct at issue in this case occurred in various countries around the world. Consequently, the potential witnesses offered by the parties are located in many different countries around the world.

"For the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court is not limited to only these three factors in determining whether a transfer is proper; instead, the Court must "weigh in the balance a number of case-specific factors." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 28, 108 S.Ct. 2239, 2244 (1988). The Court must consider the convenience of the parties, the convenience of the witnesses, the interest of justice, and all other relevant factors regarding the transfer. *See Terra Intern., Inc. v. Mississippi Chemical Corp.,* 119 F.3d 688, 691 (8th Cir. 1997). In general, federal courts give considerable deference to the plaintiff's choice of forum, and thus, the party seeking transfer typically bears the burden of proving that the transfer is warranted under 28 U.S.C. section 1404(a). *Id.*

Under section 1404 the Court, when balancing the conveniences, may consider such things as: 1) the convenience of the parties; 2) the convenience of the witnesses—including the willingness of the witnesses to appear; 3) the accessibility to records and documents; 4) the location where the conduct complained of occurred; and 5) the applicability of each forum state's substantive law. *Terra,* 119 F.3d at 691. Shifting the inconvenience from one party to the other is not justifiable for a change of venue. *R & R Packaging, Inc. v. GAP Roofing, Inc.,* 2007 WL 162730, *3 (W.D. Ark. 2007). The Court may also consider the following when determining what is in the interest of justice under section 1404: 1) judicial economy; 2) the plaintiff's choice of forum; 3) the comparative costs to the parties of litigating in each forum; 4) each party's ability to enforce a judgment; 5) obstacles to a fair trial; 6) conflict of law issues; and 7) the advantages of having a local court determine questions of local law. *Terra,* 119 F.3d at 691.

As an initial matter, the Court must determine whether Luxpro could have brought this suit in the Northern District of California. 28 U.S.C. § 1404(a). Because Apple is headquartered there, Luxpro could have filed this case in the Northern District of California. 28 U.S.C. § 1400(b). The

2

Court now must weigh the convenience and interest of justice factors along with any other factor or circumstance that may be relevant to determine if a transfer is warranted. *Terra,* 119 F.3d at 691.

Apple first argues that Luxpro's choice of forum should be afforded no deference because it does not reside in the chosen forum and there are no connections to the chosen forum. The Court disagrees. The Court recognizes that some district courts do not afford the usual deference to the plaintiff's choice of forum when the plaintiff does not reside in that forum. *Thornton Drilling Co. v. Stephens Production Co.,* 2006 WL 2583659 *2 (E.D. Ark. 2006)(holding that transfer was warranted to district where conduct in dispute occurred and where a majority of witnesses were located); *Biometics, LLC v. New Womyn, Inc.,* 112 F. Supp. 2d 869, 877 (E.D. Mo. 2000)(holding transfer to district where conduct in dispute occurred was warranted). However, the Court finds that the facts here are distinguishable from *Thornton* and *Biometrics* where the plaintiffs were both domestic corporations which were residents of districts other than the one where they chose to bring suits. Here we have a foreign corporation with its residence in Taiwan, conduct that occurred outside of the United States, and witnesses around the world. The Court will not disregard the deference provided Luxpro because it brought its claim in a forum that was not its residence nor the place where the conduct occurred when a U.S. forum with those two connections does not exist.

Next, Apple argues that as a foreign plaintiff, Luxpro should have filed in a district with some connection to the dispute. *Amazin' Raisins Intern., Inc. v. Ocean Spray Cranberries, Inc.,* 2004 WL 2595896 *5. Apple also argues that Luxpro is forum shopping. The Court has the discretion to take into account, on a case-by-case basis, any factors or circumstances that may be relevant. *Terra,* 119 F.3d at 691. The Court reiterates that no state has connections of the type in *Amazin' Raisins*. 2004 WL 2595896 *5 (in this patent infringement case, there was a district in which a manufacturing plant was located and a district closest to the patent inventor, but the Canadian

3

plaintiff chose a district with no connections instead). The Court finds it relevant that the only connection to California is that Apple is headquartered there. Therefore, Luxpro did not choose the Western District of Arkansas in spite of the existence of a district with substantial connections to the dispute. This, along with the absence of clear evidence to the contrary, leads the Court to find that Luxpro was not forum shopping.

Next, Apple argues that the balance of conveniences favors a transfer. Luxpro disagrees and argues no convenient forum exist for the place the conduct in dispute occurred. The Court agrees that the Northern District of California would be more convenient to travel to for the parties and some of the nonparty witnesses. However, the Court is not convinced that the ability to subpoena or the location of documents favors the Northern District of California. The majority of witnesses in this case seem to be international; thus, neither court will be in a better position to subpoena nonparty witnesses. Additionally, in this age of electronic document transmissions, the Court finds that the location of documents will not provide an inconvenience to either party. Furthermore, the Court agrees with Luxpro that no venue is more convenient for the place where the alleged wrongs occurred.[1]

Apple also contends that the interest of justice favors transfer to the Northern District of California. Luxpro disagrees and argues that its choice of forum is entitled to deference and because the median time-to-trial is shorter in the Western District of Arkansas the Court should not transfer this case. The Court recognizes that the median time-to-trial in the Northern District

---

[1] The Court will not consider Apple's argument that because California law applies to Luxpro's claims, this factor should weigh in favor of transfer. The Court recently noted in its Memorandum Opinion on Apple's Motion to Dismiss that the parties had not adequately briefed the choice-of-law issue and the Court will not make arguments for the parties. This situation has not changed. Therefore, the Court is unable to consider this factor here.

4

of California is more than double that of the Western District of Arkansas, and the median time-to-disposition is also longer.[2]  The Court finds that this factor of judicial economy weighs in favor of retaining this matter. Furthermore, the Court is not convinced that the comparative cost of trial definitively favors the Northern District of California. Moreover, the Court does not find that Apple's arguments regarding additional cost to Luxpro to enforce a judgment weigh in favor of transfer. Luxpro chose this forum with the knowledge that if it were successful on its claims it would then have to enforce them in California.

The Court has considered all arguments presented regarding the transfer of this case and finds that Apple has not met its burden of proving that a transfer is warranted here. Apple has shown the Court that the only convenience factor that definitively favors the Northern District of California is that it would be easier for the parties and some of the nonparty witnesses to travel to San Francisco, California rather than Texarkana, Arkansas. In this modern day of travel conveniences, this alone does not convince the Court that a transfer is warranted for convenience purposes. Additionally, there is nothing here that indicates that the interest of justice cannot properly be served in the Western District of Arkansas. Therefore, Apple's Motion to Transfer is **DENIED**.

**IT IS SO ORDERED,** this 28th day of September, 2009.

                                                                                 /s/ Harry F. Barnes
                                                                                 Hon. Harry F. Barnes
                                                                                 United States District Judge

---

[2] www.uscourts.gov/cgi-bin/cmsd2008.pl (last visited September 24, 2009).