IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| LUXPRO CORPORATION, a Taiwanese corporation,<br>Plaintiff,<br>vs.<br>APPLE, INC. f/k/a Apple Computer, Inc.,<br>Defendant. | Civil Action No. 4:08cv04092-HFB |

**LUXPRO CORPORATION'S MOTION FOR ENTRY OF SCHEDULING ORDER UNDER FEDERAL RULE OF CIVIL PROCEDURE 16**

TO THE HONORABLE HARRY F. BARNES, U. S. DISTRICT JUDGE:

Comes now the Plaintiff, Luxpro Corporation, and for its Motion for entry of a scheduling order pursuant to the terms of Rule 16 of the Federal Rules of Civil Procedure, would respectfully show to the Court as follows:

1.   Luxpro filed its Original Complaint with this Honorable Court on October 10, 2008, and its First Amended Complaint on October 20, 2008.

2.   On December 19, 2008, Apple filed a Motion to Dismiss Luxpro's First Amended Complaint, together with a Motion to Transfer these proceedings to the Northern District of California under the Doctrine of Forum Non Conveniens.  Apple did not challenge venue as improper in the Western District of Arkansas.

3.   On September 28, 2009, the Court sustained the majority of Luxpro's Complaint, and directed Luxpro to file an amended complaint to clarify some of the claims asserted.  The Court also denied Apple's Motion to Transfer Venue under the Doctrine of Forum Non Conveniens.

4.  Pursuant to the Court's directive, Luxpro filed its Second Amended Complaint on December 29, 2009 and, after recently obtaining an extension from the Court, Apple is due to file its response to Plaintiff's Second Amended Complaint on or before February 26, 2010.

5.  As a result of the dismissal and transfer motions filed by Apple, almost sixteen (16) months have passed since this case was filed and served on Apple, without any discovery by either party.  Inasmuch as Apple has recently requested and obtained an additional four-week extension to respond to the Second Amended Complaint, it is anticipated that Apple's response will include additional procedural motions calculated to further delay Luxpro's ability to pursue discovery and other actions necessary to prepare this case for trial in an orderly manner.

6.  Apple has also resorted to other measures that demonstrate its lack of willingness to cooperate with trial preparations in the Western District of Arkansas.  As Luxpro was preparing the Second Amended Complaint, and despite the fact that Apple had not challenged venue in this Court as improper under FED. R. CIV. P. 12(b)(3), Apple surprisingly filed a Petition for Extraordinary Relief on November 20, 2009, with the Eighth Circuit Court of Appeals, requesting a Writ of Mandamus against this Honorable Court.  Apple's petition alleges that this Court had abused its discretion in denying Apple's Motion to Transfer the case to the Northern District of California under 28 U.S.C. 1404.  Instead of filing a prompt request for the trial court to review its ruling under that doctrine, Apple waited almost two months before filing the extraordinary petition for a writ of mandamus with the Eighth Circuit, claiming this Court had abused its discretion in denying transfer.

7. Whether this case is tried in Arkansas, or California as Apple prefers, the Federal Rules of Civil Procedure contemplate that the Parties will proceed with discovery and other actions necessary to prepare this case for trial in a timely fashion. *See generally*, Rule 26 FRCP. In accordance with the federal rules, Luxpro contacted Apple concerning the entry of this Court's standard scheduling order in this case and requesting a discovery conference under Rule 26(f) of the Federal Rules of Civil Procedures. See correspondence dated February 3, 2010, (enclosing a proposed scheduling order), attached hereto as Exhibit "A".

8. The parties conferred by telephone on Thursday, February 11, 2010, but Apple's counsel refused to discuss a discovery schedule under Rule 26(f) or the contents of a scheduling order contemplated by Rule 16 of the Federal Rules of Civil Procedures. Even though almost sixteen (16) months have passed since this case was filed, Apple insisted that the entry of a scheduling order and the commencement of discovery would be premature. As discussed below, Apple has no basis under the Federal Rules to object to the entry of a scheduling order.

9. Rule 16(b)(2) confirms that Apple's position is not correct. A scheduling order is to be entered as soon as practicable. Although most courts prefer to enter a scheduling order under Rule 16 after the defendant has answered the complaint, Apple's delay tactics, through its protracted procedural motions, have extended the normal process beyond what is allowed under the rules. Since Rule 16(b)(2) requires a scheduling order to be entered "within the earlier of 120 days after any defendant has been served with the complaint or 90 days after Defendant has appeared", Plaintiff respectfully requests that the Court enter a scheduling order as soon as possible.

Regardless of where this case is ultimately tried, discovery will be necessary by both parties in order to prepare this case for trial in an orderly fashion.

10.  Counsel for Plaintiff has conferred with counsel for Defendant in order to determine whether the relief requested in this motion could be obtained by agreement of the parties.  Counsel for Plaintiff has been advised that Defendant opposes the relief requested.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Luxpro respectfully requests that the Court enter a scheduling order as soon as possible in these proceedings as contemplated under Rule 16 of the Federal Rules of Civil Procedure that would allow the parties to commence discovery forthwith.  A proposed scheduling order in the format typically used by the Courts in this district is attached as a part of Exhibit "A".  Plaintiff also requests such other and further relief to which it may show itself justly entitled.

    Respectfully Submitted,

    /s/ Phillip N. Cockrell
    Richard A. Adams
    Ark. Bar No.  97036
    Phillip N. Cockrell
    Ark. Bar No.  79154
    Corey D. McGaha
    Ark. Bar No.  2003047

    **PATTON ROBERTS PLLC**
    2900 St. Michael Drive, Suite 400
    Texarkana, Texas 75505-6128
    Phone:  (903) 334-7000
    Fax:  (903) 334-7007

    Jeremy Y. Hutchinson
    Ark. Bar No.  2006145
    **PATTON ROBERTS PLLC**
    111 Center St., Suite 1315
    Little Rock, AR 72201
    Telephone: (501) 372-3480

Facsimile: (501) 372-3488

Patrick J. Conroy
*Pro Hac Vice*
Glenn E. Janik
*Pro Hac Vice*
**SHORE CHAN BRAGALONE LLP**
Bank of America Plaza
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111

**ATTORNEYS FOR
PLAINTIFF LUXPRO
CORPORATION**

### CERTIFICATE OF CONFERENCE

Counsel for Plaintiff has conferred with counsel for Defendant in order to determine whether the relief requested in this motion is opposed. Counsel for Plaintiff has been advised that Defendant opposes the relief requested.

/s/ Phillip N. Cockrell
Phillip N. Cockrell

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system, this 19th day of February, 2010.

/s/ __Phillip N. Cockrell___

5