IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

TEXARKANA DIVISION

| | |
|---|---|
| **LUXPRO CORPORATION**, a Taiwanese corporation, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 4:08-CV-04092-HFB |
| v. ) ) | |
| **APPLE INC. f/k/a Apple Computer, Inc.**, ) ) ) ) | |
| Defendant. ) | |

# DEFENDANT APPLE INC.'S MOTION TO DISMISS
# THE SECOND AMENDED COMPLAINT

COMES now the Defendant, Apple Inc. f/k/a Apple Computer, Inc., and for its Motion to Dismiss the Second Amended Complaint, states:

1.      Apple respectfully requests this Court to dismiss the Second Amended Complaint ("SAC") in its entirety, with prejudice. Apple's Motion to Dismiss is based on the following grounds:

2.      The plaintiff in this action, Luxpro Corporation, is a Taiwanese company that manufactured and sold unauthorized copies of Apple's uniquely designed iPod shuffle products. Apple first became aware of Luxpro's unlawful activities in 2005. Apple subsequently sought and obtained injunctive relief against Luxpro in courts in Germany and Taiwan that prohibited

1

Luxpro from selling its unauthorized copies. Apple allegedly also contacted companies selling or attempting to sell Luxpro's iPod copies, informing them that they were infringing Apple's intellectual property.

3. As in the First Amended Complaint ("FAC"), Luxpro's claims in the SAC are premised entirely on these legitimate attempts to stop Luxpro and others from infringing Apple's intellectual property rights. The SAC, even more clearly than the FAC, conclusively establishes that the foundation of Luxpro's claims is Apple's enforcement of its intellectual property rights. Indeed, the SAC expressly alleges that Luxpro's alleged damages flow from the injunctions Apple obtained against it, which this Court has already held were protected by the *Noerr-Pennington* doctrine. Apple's alleged communications with Luxpro's purported customers are also protected by the doctrine, because, as a matter of law, *Noerr-Pennington* bars any claims based on communications to third parties that are related to the litigation that serves as the basis for *Noerr-Pennington* immunity. Thus, all of Luxpro's claims fall within the *Noerr-Pennington* doctrine and the SAC should be dismissed in its entirety.

4. Luxpro's claims fail for several additional reasons. Luxpro's tortious interference claims are defective because, with respect to each entity Luxpro identifies in the SAC, Luxpro fails to allege facts establishing one or more elements of tortious interference. Luxpro fails to allege a contractual or other business relationship with numerous entities, any acts of interference by Apple, or that Luxpro's alleged contracts or economic relationships were actually disrupted. Where Luxpro does allege acts by Apple, Luxpro fails to allege that these acts were independently wrongful.

5. Luxpro's Lanham Act claim fails because the alleged statements upon which Luxpro bases its claim are not "commercial advertising or promotion," which is required for a

Lanham Act violation. With respect to some of the nonparties mentioned in the SAC, Luxpro does not allege that Apple made any representations at all. In addition, Luxpro does not allege the Lanham Act claim with the specificity required by Federal Rule of Civil Procedure 9(b).

6. Luxpro also fails to establish a violation of California's Unfair Competition Law, California Business and Professions Code section 17200, because, as in the FAC, Luxpro has not sufficiently alleged in the SAC that Apple's acts were unlawful, unfair, or fraudulent.

7. Finally, the SAC does not contain the details required to state a defamation or trade libel claim that the Court found lacking in the FAC. Thus, Luxpro has again insufficiently pled a commercial disparagement claim.

8. Apple has filed herewith a Brief in support of the Motion to Dismiss.

WHEREFORE, Defendant Apple Inc. respectfully requests that the Court grant its Motion to Dismiss the Second Amended Complaint as requested herein.

        Respectfully submitted,

        */s/Kevin A. Crass*
        KEVIN A. CRASS
        Arkansas Bar No.: 84029
        FRIDAY, ELDREDGE & CLARK, LLP
        400 West Capitol Avenue
        Suite 2000
        Little Rock, Arkansas 72201-3522
        Telephone: (501) 376-2011
        Email: crass@fec.net

        and

        JAMES M. PRATT, JR.
        Arkansas Bar No.: 74124
        144 Washington Street, Northwest
        P.O. Box 938
        Camden, Arkansas 71701-0938
        Telephone: (870) 836-7328
        Email: jamiepratt@cablelynx.com

and Co-Counsel

PENELOPE A. PREOVOLOS (*pro hac vice*)
California Bar No.: 87607
STUART C. PLUNKETT (*pro hac vice*)
California Bar No.:187971
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
E-mail:  PPreovolos@mofo.com
E-mail:  SPlunkett@mofo.com

*Attorneys for Defendant Apple Inc*

## ECF ATTESTATION

I, Stuart C. Plunkett, am the ECF User whose ID and Password are being used to file this:

**DEFENDANT APPLE INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

I hereby attest that Kevin A. Crass has concurred in this filing.

Dated:  February 26, 2010                              MORRISON & FOERSTER LLP


                                                                    By:  */s/ Stuart C. Plunkett*
                                                                              Stuart C. Plunkett

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system, this 26th day of February, 2010.

*/s/ Stuart C. Plunkett*
Stuart C. Plunkett
