# EXHIBIT 3

Dockets.Justia.com

*This translation is for information purposes only.*

– Copy –

**Landgericht Braunschweig**
Case no.
9 O 683/05 (132)

## Decision

In the matter

Apple Computer Inc., represented by its authorised representatives, 1 Inifnite Loop, Cupertino, USA 95014 California

Applicant

Counsel: Rechtsanwältinnen und Rechtsanwälte CMS Hasche Sigle,
Theodor-Heuss-Ring 19-21, 50668 Cologne,
Reference: Has-Me-ch-02534-03

v.

Luxpro Corporation 3 F, No. 39, Alley 20, Lane 407, Sec. 2, Tiding Blvd.,
RC 114 Taipei, Taiwan
Currently: CEBIT (Hanover) Hall 24, Stand C 24

Respondent

owing to the urgency of the matter the Ninth Civil Panel of the Braunschweig Regional Court – issues the following

### Interim Junction

without prior oral hearing and by the president of the panel acting alone:

1.  The Respondent is prohibited from offering MP3 players commercially for the purpose of competition, keeping for sale and/or selling and/or to having such offered, kept for sale and/or sold if this occurs as reproduced below.



*This translation is for information purposes only.*





2. For each individual infringement the Respondent shall be punishable with detention (*Ordnungshaft*) of up to six months or a fine (*Ordnungsgeld*) of up to EUR 250,000.00. In the event that the fine cannot be collected it shall be substituted for by detention. The detention shall be executed against the Respondent.

3. The Respondent shall be ordered to surrender all MP players ("super shuffle" as specified in (1)) in its possession to a court bailiff to be appointed by the Applicant for the purpose of sequestration.

4. The costs of the proceedings shall be borne by the Respondent.

5. The dispute value is set at EUR 100,000.00.

6. The Respondent is ordered to comment on the attached application for setting costs (*Kostenfestsetzungsantrag*) within three weeks of service.

7. With regard to the claim for the reimbursement of costs for the costs to be set of EUR 3,095.00 the court orders *in rem* attachment from the entire assets of the Respondent.

*This translation is for information purposes only.*

## Grounds:

In its application pleading, to which reference is made, the Applicant has plausibly described the circumstances in a manner that justifies both the claim for injunctive relief and the grounds for the injunction.

The claim for a cease and desist order (*Unterlassungsanspruch*) sought by the Applicant is justified under §§ 3, 4 (9) of the German Act against Unfair Competition (*Gesetz gegen den unlauteren Wettbewerb*) and Art. 19, 89 of the Community Designs Regulation (*Gemeinschaftsgeschmacksmusterverordnung*).

The claim for surrender serves as security for the claim for destruction.

The basis for the penalties is set out in § 890 of the German Code of Civil Procedure (*Zivilprozeßordnung*).

The decision on costs is based on § 91 of the German Code of Civil Procedure.

The dispute value was to be set pursuant to § 12 b (1) of the German Court Fees Act (*Gerichtskostengesetz*), § 3 of the German Code of Civil Procedure.

The writ of attachment sought by the Applicant shall be issued pursuant to § 917 (1) and (2) sentence 1 of the German Code of Civil Procedure. A writ of attachment is permitted in particular to secure the claim for the reimbursement of costs if – as in the present case – the Respondent is likely to be unsuccessful in the main proceedings (Zöller Code of Civil Procedure 24 A. § 916, no. 8). The grounds for attachment derive from § 917 (2) of the German Code of Civil Procedure if – as is the case here – it would otherwise be necessary to enforce the attachment order abroad without the requirements of § 197 (2) sentence 2 of the German Code of Civil Procedure being satisfied.

The Respondent is advised to provide the court with the name of an authorised recipient resident in the Federal Republic of Germany within three weeks of service of this decision. This could avoid the high cost of service by way of international legal assistance brought about by the need for translations. A requirement to this effect would in any case be imposed on the Respondent with the next formal service abroad. Pursuant to § 184 (1) sentence 1 of the German Code of Civil Procedure a requirement to this effect is only possible with a formal service pursuant to § 183 (1) no. 2 (request from an authority) or § 183 (1) no. 3 (request from the German Foreign Office).

Bruanschweig, 14.03.05
Regional Court, Ninth Civil Panel'

Dr Meyer
Presiding Judge at the Regional Court

**Signed**
Braunschweig, 14.03.05
(*Signature - illegible*)                                    (*Circular stamp:*
Winsemann, court secretary                                      Braunschweig Regional Court)
- as deeds officer for the court office