# EXHIBIT 4

Dockets.Justia.com

# 臺灣士林地方法院民事裁定

94年度裁全字第2584號

聲　請　人
即　債權人　　美商.蘋果電腦股份有限公司
　　　　　　　設1 Infinte Loop,Cupertino,CA 9501
　　　　　　　4-2084,U.S.A
法定代理人　　Kevin Saul
　　　　　　　住同上
代　理　人　　陳和貴律師
　　　　　　　吳婷婷律師
相　對　人
即　債務人　　茂嘉科技股份有限公司
　　　　　　　設台北市內湖區堤頂大道2段407巷20弄
　　　　　　　39號3樓
法定代理人　　吳富錦　　住同上
代　理　人　　張澤平律師

上列當事人間請求排除侵害事件，債權人聲請假處分，本院裁定如下：

　　　　　主　文

債權人以新台幣參佰零玖萬捌仟參佰參拾參元或同額之第一商業銀行可轉讓定期存單為債務人供擔保後，債務人就如附件一所示商品及相同或近似於如附件二所示之商品，不得自行或使他人為輸出或輸入、運送、販賣、批售、加工、揀選、生產、製造或其他一切處分行為；亦不得於網路、報章雜誌或任何傳播媒體為廣告、散佈商品說明書、價目表、商品目錄、為商品說明會、展覽會及其他一切推廣促銷行為

聲請程序費用由債務人負擔

　　　　　理　由

一、本件聲請意旨略以：債權人主張其於民國90年10月起，開始推出iPod家族系列數位隨身碟，創先使用扁薄直長方形體外觀，外觀正面上方設置一橫長方形顯示幕，下方則為一同心圓觸控式按鍵介面，在世界各國屢獲大獎。94年1月聲請人

1

迷股

在美國首先推出另一iPod家族系列即如附件二所示之iPod Shuffle 數位音樂隨身碟，外觀造型仍延續iPod家族系列商品之設計理念，獨特長方形直線造型，正面有一簡單圓形觸控式按鍵介面，背面則為簡單播放裝置，陸續在全世界上市銷售，造成相當轟動，並出現嚴重缺貨情形。同年2月中旬，聲請人在我國正式推出iPod Shuffle數位音樂隨身碟，有極高之市場佔有率，頗具高知名度，因此iPod Shuffle數位音樂隨身碟，其獨特外觀造型，業已成為相關事業或消費者所普遍認知係聲請人商品之表徵。詎相對人為謀不法利益，及為攀附聲請人之商譽及努力成果，竟於94年3月間在德國漢諾威舉辦之電腦電信展覽會之相對人參展攤位上，展示仿冒相同於聲請人iPod Shuffle數位音樂隨身碟外觀特徵之Super Shuffle 侵害品，並仿冒使用相同於聲請人在世界許多國家包含我國已獲註冊或尚在申請中之Shuffle 商標圖樣於該侵害品上。相對人並仿冒使用聲請人之iPod Shuffle數位音樂隨身碟商品圖樣於其參展會場內所展示之宣傳看板上，並在該看板上背景圖樣上仿冒使用代表聲請人商品及服務之蘋果圖樣。聲請人於參展期間即已向得德國法院聲請禁止令，並經德國法院核發。相對人嗣雖將其Super Shuffle 侵害品名稱改為Super Tangent ，及推出仍抄襲iPod Shuffle設計之其他Tangent 系列商品，如：Top Tangent 及EZ Tangent 侵害品等，並在該侵害品之正面圓形按鍵內部做些微更改，惟該侵害品之外觀造型，與聲請人之iPod Shuffle數位音樂隨身碟之外觀特徵，仍幾乎完全相同。經聲請人予以制止，然相對人仍以商品外觀並非完全相同，而仍繼續製造、推銷、販賣前開侵害品。聲請人依公平交易法第20條第1項第1款、第24條、第30條規定，得請求排除相對人之侵害。相對人所生產如附件一所示之商品，幾乎完全抄襲聲請人之iPod Shuffle數位音樂隨身碟之外觀特徵，如相對人繼續製造、銷售、廣告如附件一所示商品及就相同或近似於如附件二所示商品之商品，不僅損害聲請人公平競爭之利益，

及致消費者混淆誤認，更嚴重造成國際間認為我國係一仿冒王國之負面影響，且該侵害商品流入市面，將造成聲請人無法回復之重大損失，爰提本件聲請等情。

二、相對人則以：其所生產之Tangent 系列產品其外觀之整體設計理念，與聲請人之iPod Shuffle之產品設計理念全然不同，且產品外型不同，相對人之產品螢幕，並附加自己之商標，且圓形控制鍵位置及形狀亦不同，自無造成任何混淆之可能。而聲請人附件一所述之Super Tangent 因市場測試後反應不佳，已停止廣告及銷售，聲請人就此聲請假處分，自與法不合。另二款商品雖為相對人持續推廣之商品，然與聲請人商品外觀完全不同，並無造成聲請人任何損害之可能，其所為假處分之聲請，亦與法不符等情置辯。

三、按於爭執之法律關係，為防止發生重大之損害或避免急迫之危險或有其他相類之情形而有必要時，得聲請為定暫時狀態之處分，民事訴訟法第538 條第1 項定有明文。經查：聲請人主張相對人所生產如附件一所示之商品，抄襲其iPod Shuffle 數位音樂隨身碟之外觀特徵，如准許相對人繼續銷售，將造成其重大之損害一節，依聲請人提出之網頁相關資料、德國法院核發之禁止令、宣傳廣告資料、及兩造所提出如附件一、二所示之商品，已可認相對人所生產如附件一所示之商品與聲請人所生產iPod Shuffle數位音樂隨身碟外觀有雷同之處，聲請人所生產之iPod Shuffle數位音樂隨身碟因屢獲世界性大獎，故該產品為消費者所普遍認知為聲請人之產品，亦足認聲請人就此已有釋明。而相對人雖抗辯其所生產如附件一所示之Super Tangent 因市場測試後反應不佳，目前已停止廣告及銷售，另二款商品之外觀與附件二聲請人之商品完全不同云云，然相對人既自承確曾銷售如附件一所示之Super Tangent 產品，且依聲請人所提相對人網站上仍載有94年5 月Super Tangent 量產上市等資料，相對人就此所辯自不足採信。又若相對人所生產如附件一所示之商品有使消費者混同誤認為聲請人所生產之iPod Shuffle數位音

3

樂隨身碟外觀,除將造成聲請人營業額之財產上重大損害外,尚可能影響其商品信譽、形象等,至相對人因本件定暫時狀態之假處分所受之損害則係其所生產產品將延遲銷售所受之損害,故本院認聲請人所為之聲請符合前揭定暫時狀態假處分之要件,然聲請人雖就前揭要件已有釋明,惟本院認釋明仍屬不足,而聲請人既陳明願供擔保以代釋明,本院認其釋明之欠缺,擔保足以補之,其請求自應准許。

四、又本院命相對人提出附件一所示商品之年度預定銷售額,相對人雖主張其年度銷售額可達3,520,000台,然就此除一簡單之表格外,並無其他可供本院審酌之資料,故本院認就此並不足採,是本院參酌相對人之資本額新台幣(下同)13,000,000元,附件一所示商品為其登記營業項目之2分之1,而依財政部92年度營利事業各業別所得額標準與同業利潤標準,相對人關於附件一所示商品之淨利率為11%,另審酌各級法院之辦案期限實施要點第2項第2款、第7款、第8款之規定,民事第一審審判案件辦案期限為1年4月,第二審為2年,第三審為1年,從寬推估本件假處分程序之本案訴訟期間為4年4月,並佐以法定遲延利率計算相對人可能所受之損害為新台幣元(13000000× 1/2 × 11% × 13/3 =3098333,元以下四捨五入),故定本件聲請人所應供之擔保金為3,098,333元。

五、按假處分所保全之請求,得以金錢之給付達其目的,或債務人將因假處分而受難以補償之重大損害,或有其他特別情事者,法院始得於假處分裁定內,記載債務人供所定金額之擔保後免為或撤銷假處分;此規定並為定暫時狀態之處分準用之,民事訴訟法第536條第1項、第538條之4分別定有明文。依聲請人聲請意旨所述,其所欲保全之標的為相對人依公平交易法第30條之除去、防止侵害請求權,該權利不僅維護其營業上之金錢利益,尚含無形之商品信譽、形象及認同度等,且不惟包括消極地除去過去侵害,並含積極地預防將來可能發生之侵害,又因其具繼續性、未來性之特性,故聲

4

請人所欲保全之請求,非謂得以金錢之給付達其目的,且相對人所述其就附件一所示商品之預定銷售額達3,520,000台一節,僅提出表格,而未提出合約供本院審酌,故尚難認其將因此而受有難以補償之重大損害,故本院認本件假處分,無記載債務人供一定金得之擔保後得免為或撤銷假處分之必要,併此敘明。

六、依民事訴訟法第95條、第78條裁定如主文。

中　華　民　國　94　年　8　月　18　日

方彬彬



以上為正本係照原本作成

如對本裁定抗告應於送達後10日內向本院提出抗告狀

中　華　民　國　94　年　8　月　18　日

詹志鵬

5

DSC00307 (640x480x16M jpeg)



# LUXPRO-EZ Tangent



# LUXPRO-Top Tangent



