# EXHIBIT 5

*Civil Order of the Regional Court of Shilin in Taiwan*

Order No.2584

Applicant: APPLE COMPUTER, INC. – U.S.A.

Applicant's Address: 1Infinite Loop, Cupertino, CA95014-2084, U.S.A.

Legal Rep: Kevin Saul

Legal Rep's Address: (the same as above)

Law Firm: Attorney – Hegui Chen and Tingting Wu

Defendant: LUXPRO CORPORATION

Defendant's Address: 3F, NO.39, Alley407, Sec.2, Tiding Blvd., Neihu District, Taipei114, Taiwan

Legal Representative: Fujin Wu

Address: (the same as above)

Law firm: Attorney – Zheping Zhang

Regarding the Applicant applying for a preliminary injunction to stop infringement, this court now provides its decision as follows:

**Main body:**

On condition that the Applicant offers NT3, 098, 333 in cash or by a negotiable time deposit certificate with the First Commercial Bank as a guarantee, the Defendant is to be prohibited from exporting, importing, transporting, vending, wholesaling, processing, sorting, producing, manufacturing, etc. any products identified in Attachment I or products that are the same as or similar to the product showed in

Attachment 2 by itself or with others - it is also prohibited from advertising these products online, in magazines and in other media, distributing instructions, price lists, catalogues, carrying out product introduction meetings, exhibitions and any other promotions.

All court fees relating to this application should be borne by the Defendant.

**Reasons**

1. The general statement of the Applicant for the application is as follow: the Applicant began to produce the portable digital iPod products in October 2001. It was the first one to adopt the flat thin and straight rectangular appearance with horizontal rectangle screen on the top and a concentric circle touch interface below. The distinctive design of the iPod has won lots of design prizes in various countries throughout the world. In January 2005, the Applicant began to produce the product named iPod Shuffle that is identified in Attachment 2 - its appearance continued the design ideology of the iPod family of products - that is distinctive straight rectangular shape with a simple circular touch interface on the front and play device at the back. The introduction of iPod Shuffle caused much sensation throughout the world, and many stores sold out of stock incredibly quickly because of the amazing purchasing by consumers. In mid February 2005, the Applicant began to sell iPod Shuffle in Taiwan and received a great reputation for occupying a large market share in a relevant market and the distinctive design became the distinctive mark of the Applicant. Knowing all these facts, with the aims of engaging in unlawful conduct and to take advantage of Apple's reputation and effort, LUXPRO CORPORATION exhibited an iPod Shuffle look-a-like product at the CeBit electronics fair in Germany in March 2005. The Defendant not only used the famous shape on its own products named "Super Shuffle", but also used the SHUFFLE mark that was registered by the Applicant in many countries and is pending registration in many others throughout the world - furthermore, it also used the iPod Shuffle pattern in its advertising bulletin and an Apple picture almost identical to the Applicant's famous Apple picture mark in the background of the bulletin. The Applicant immediately instructed its German

attorney to successfully apply for injunctive relief in a German court. Although the Defendant has changed the name of the product from "Super Shuffle" to "Super Tangent" as well as developed other "Tangent" products modeled on the iPod Shuffle design like Top Tangent, EZ Tangent, and made some small changes inside of the circular interface on top of the look-a-like products, the appearance of the product is still a replica of the iPod Shuffle. Although the Applicant required the Defendant to stop these acts of unfair trade, the Defendant replied each time that the appearance of Super Tangent was not the same as that of iPod Shuffle and continued to manufacture, promote and sell its look-a-like products. According to Item 1 of Section 1 of Article 20, Article 24 and Article 30 of the Fair Trade Law, the Applicant has the right to plead for stopping of such acts of unfair trade. The appearance of the products produced by the Defendant showed in Attachment 1 are nearly replicas of that of iPod Shuffle of the Applicant - if the Defendant continues to manufacture, sell and/or advertise the products showed in Attachment 1 or products the same as or similar to that in Attachment 2, it will not only confuse consumers and damage the fair competition rights of the Applicant, but also lead to negative consequences for Taiwan in the international community, as many will see our country as fostering dishonest activities. The Applicant claims that if the court does not grant a preliminary injunction to prevent the Defendant from manufacturing and/or selling in the future, then a large number of look-a-like products will appear in the market, and will seriously damage the interests of the Applicant.

2. The defense of the Defendant: the overall design ideology of the Tangent products produced by the Defendant is definitely different from the ideology of iPod Shuffle of the Applicant - the differences between the shapes, screens, trademarks and the location and shape of the circular interface of the two kinds of products will not lead to any confusion by consumers. It is unnecessary for the Applicant to apply for an injunction, since as stated in Attachment 1, Super Tangent has stopped advertising and selling due to poor market conditions. Furthermore, the appearance of the other two Tangent products that the Defendant is still producing and promoting is clearly

3

different from that of the products of the Applicant, and such production and sale will not result in any damage to the Applicant.

3. Article 538 of the *Civil Procedural Law* states clearly that: an applicant can apply for a preliminary injunction when it is necessary to avoid serious damage, urgent dangers, etc. Upon examination of the evidence, it can be proved, by the relevant Internet materials, the injunction issued by the German court, promotional and advertising materials and the products shown in Attachment 1 and 2 offered by the Applicant, that the appearance of the products produced by the Defendant shown in Attachment 1 is similar to the appearance of the iPod Shuffle of the Applicant, the Applicant has stated enough reasons in its submissions to prove that the appearance of the iPod Shuffle will commonly be associated with the product and service of the Applicant by consumers as it has won lots of worldwide design prizes for iPod. With regard to the defense of the Defendant, it is not accountable because the Defendant itself admitted that it once sold Super Tangent that was identified in Attachment 1, and the website of the Defendant still shows the appearance of Super Tangent in the market in May 2005. The reasons stated by the Applicant prove the necessity of fixing the present situation and meet the conditions of issuing a preliminary injunction; however, this court recognizes a guarantee by the Applicant will be required.

4. The Defendant states that the annual target sales of the product shown in Attachment 1 can reach 3,520,000 units - this court finds that this number can not be substantiated from the Defendant providing a simple form estimating this number. Upon considering the following elements, this court determines the guarantee amount the Applicant should offer is 3,098,333.

(1)   the capitalization of the Defendant is NT13,000,000;

(2)   the products shown in Attachment 1 account for 1/2 of the recorded business items;

(3)   according to the income standard and profit standard of profitable industries issued by the Treasury Department in 2003, the average net profit rate of the product

4

shown in Attachment 1 of the Defendant is 11%;

(4)   according to Items 2, 7, 8 of Section 2 of the execution points of the time limits for handling cases for all levels of courts, the time limit for handling a civil case in the first instance is 16 months, the second instance is 2 years and the third instance is 1 year - so the longest time for handling this case may be calculated as 4 years and 4 months;

In conclusion, we have calculated the potential damages that the Defendant may suffer from the imposition of the injunction to be: $NT13,000,000 \times 1/2 \times 11\% \times 13/3 = NT3,098,333$

5. According to Item 1 of Article 536, and Item 4 of Article 538, of the Civil Procedural Law, only if the damage which may be suffered by the Applicant if the injunction is not imposed can be compensated by the paying of money, or the Defendant may suffer from unrecoverable damages, or any other special reasons, can the court allow the Defendant to be exempted from the issuance of preliminary injunction after the Defendant submits a certain guarantee. As stated by the Applicant, the intention of the Applicant is to protect its reputation from damage in accordance with Article 30 of the Fair Trade Law - this right of claim not only protects the pecuniary interest but also intangible interests like reputation, goodwill and recognition. This kind of right not only requires the immediate cessation of infringement, but also the active prevention of further damages that may be suffered by the Applicant, so the Defendant's petition for covering potential damage to the Applicant by the payment of monetary compensation can not be accepted.   Further, it would be very difficult for this court to accept that the target sales of the products of the Defendant shown in Attachment 1 is 3,520,000 units, because the evidence provided by the Defendant was very insubstantial. So this court recognizes that it is not proper to make the Defendant exempt from the issuance of a preliminary injunction by offering a guarantee amount by the Defendant.

6. According to Articles 95 and 78 of the Civil Procedural Law, this court's decision is as set out above.

August 18, 2005, People's Republic of China

Judge: Binbin Fang

[Issued 23 August 2005]

The above is the original one that made according to the source version

A party may appeal this decision, within 10 days of receipt of this order.

August 18, 2005 – Republic of China

Law clerk: Zhipeng Zhan