# EXHIBIT 6

Dockets.Justia.com

[Translation]

TAIWAN SUPREME COURT

CIVIL RULING

Docket:   98-Tai-Shang-Tze No. 1117 [2009]

**Plaintiff appellant:**

Name:   Apple Inc. [hereinafter "Apple"]
Address:   1 Infinite Loop, Cupertino, CA95014-2084, U.S.A.
Legal representative:   Kevin Saul
Address:   Same as given above

**Agents ad litem for plaintiff appellant:**
H. G. Chen, Attorney-at-Law
Ting Ting Wu, Attorney-at-Law
M. L. Yang, Attorney-at-Law


**Defendant appellant:**

Name:   Luxpro Corporation [hereinafter "Luxpro"]
Address:   No.376, Sec. 3, Heping W. Rd., Wanhua District, Taipei City, Taiwan
Legal Representative:   Wu Jin-Fu (□□□)
Address:   Same as given above

**Agent ad litem for defendant appellant:**
Jhang Ze-Ping


On the appeal taken respectively by Apple and Luxpro from the judgment (docket 96-Shang-Tze No. 185 [2007]) entered by the Taiwan High Court on January 29, 2008 in the matter of request for infringement arising between the parties, this Court rules as follows:

TEXT

1. The appeal filed by Apple and Luxpro is hereby dismissed.
2. The litigation expenses incurred for the proceeding in the court of third instance [Supreme Court] shall be respectively borne by Apple and Luxpro.

REASONS

No appeal may be taken to the court of third instance except in cases where the appeal is taken on the grounds of the judgment entered by the lower court [High Court] having contravened

1

the law. The party taking an appeal to the court of third instance shall specify in the statement of appeal the reasons for taking the appeal, the laws and regulations which the judgment entered by the lower court has contravened and the specific content thereof, and the facts, as revealed by the litigation materials, which may lead to the finding that the lower court judgment is in contravention of the said laws and regulations. Also, where the appeal is taken pursuant to Article 469-1 of the Code of Civil Procedure, the statement of appeal must indicate the reasons why the appeal is necessary in consideration of the continued development of the law or ensured coherence of decisions or why the legal opinions involved are significant in principle. Article 467 and the 2nd paragraph of Article 470 of the same Code also provides relevant regulation and requirements for taking an appeal to the court of third instance. Moreover, Article 468 of the same Code stipulates that a judgment is in contravention of the laws and regulations if the applicable laws are not applied or erroneously applied. According to Article 469 of the same Code, a judgment shall be automatically held in contravention of the laws and regulations on the grounds of any of the causes provided thereunder. That is, where the appeal to the court of third instance is taken by virtue of the legal grounds provided in Article 469 of the Code of Civil Procedure, the appellant shall indicate in the statement of appeal or the statement of reasons for appeal the content of the lower court judgment that falls into the specific legal grounds indicated by such Article and the facts, as revealed by the litigation materials, which may lead to the finding that the lower court judgment is in contravention of the said laws and regulations. Also, where the appeal to the court of third instance is taken on the ground that the applicable laws are not applied or erroneously applied in the lower court judgment in accordance with Article 468 of the same Code, the statement of appeal or the statement of reasons for appeal should indicate the specific provision of the laws or regulations which the lower court judgment has allegedly contravened, the case numbers of the relevant precedents, official interpretations, or the applicable common practice or legal reasoning and the content thereof as well as the litigation materials which reveal the transactions and occurrences that may lead to the finding of the contravention alleged, and the reason why the appeal is necessary for the continued development of the law or ensured coherence of decisions, or why the legal opinions involved are significant in principle. If appellant fails to do so or what he/she has indicated does not conform to the requirements provided in the above-mentioned provisions, his/her appeal will be held procedurally untenable for his/her failure to duly indicate the reasons for appeal.

In this case, Apple and Luxpro take an appeal from the portion of the High Court judgment adverse to them, respectively. Even though their respective appeal is taken by virtue of the High Court judgment's contravention of the laws and regulation as required in the above-identified provisions, their respective statement of reasons for appeal, however, has only presented allegations about the lower court having acted inappropriately in taking evidence and admitting the transactions and occurrences, instead of the specific provision of the laws or regulations which the lower court judgment has allegedly contravened, nor the facts which may lead to the finding that the lower court judgment is in contravention of the said laws and regulations. In particular, as to the appeal taken in accordance with Article 469-1 of the Code of Civil Procedure, the reason why the appeal is necessary for the continued development of the law or ensured coherence of decisions, or why the legal opinions involved are significant in principle is absent. Therefore, this Court finds neither Apple nor Luxpro has duly indicated the reason for the appeal. Their appeal is accordingly considered not legally warranted.

With respect to Apple's allegation of Luxpro's violation of subparagraph 1, paragraph 1 of Article 20 and Article 24 of the Fair Trade Act, the High Court has decided in Apple's favor to

2

demand that Luxpro be enjoined from engaging in or entrusting another person to engage in making, selling, delivering, exporting, and importing the product as shown in Picture 3 of Appendix 2 of the district court judgment, and from advertising and distributing the instruction, price list, catalog in newspapers, magazines, or other media for the products as identified in the preceding paragraph, and promoting such product in conference and exhibition.  This decision is made based on Apple's allegation of Luxpro's violation of Article 24 of the Fair Trade Act, while the High Court finds Luxpro's non violation of subparagraph 1, paragraph 1 of Article 20 of the Fair Trade Act as claimed by Apple, with which Apple disagrees, while it is legally inappropriate for Apple to take such an appeal thereto.  In addition, in the district court proceedings, Apple requested to seek removal of infringement by all other MP3 player products in any color scheme and identical or similar to "iPod Shuffle" product; such a request was held unreasonable and untenable to the MP3 player products in all other color schemes except for white one (as reasoned in p. 16 of the district court judgment in Chinese).  When this case moved on to the second instance proceedings, Apple had also expressly sought removal of infringement by MP3 player products in other color schemes other than white one; based on such a request, the High Court made a decision with respect to the other color schemes except white one.  Thus, it is groundless for Luxpro to assert that the High Court's decision is made on an issue not raised by either party of this case and that the High Court contravenes Article 388 of the Code of Civil Procedure.

Further, according to Article 30 of the Fair Trade Act, if any enterprise violates any of the provisions of the Act and thereby is likely to infringe upon the rights and interests of another, the injured party may demand prevention of such infringement.  It has become final as found in the district court judgment for Apple that Luxpro infringes upon the trade dress of Apple's iPod Shuffle product and thus violates subparagraph 1, paragraph 1 of Article 20 of the Fair Trade Act by its "Super Shuffle" product (in white color scheme).  Following district court's reasoning, the High Court determines Luxpro's violation of Article 24 of the Fair Trade Act by virtue of its making any other product with a trade dress in other color scheme (except for white one) and identical to that of iPod Shuffle product that may affect trading order, and therefore enjoins Luxpro from engaging in or entrusting another person to engage in making the product in the color schemes except for white one and is identically or similarly featured as a whole like Apple's iPod Shuffle product.   This determination is made in compliance with the Fair Trade Act and has nothing to do with the issue whether Luxpro has ever indeed made any product in other color schemes other than white color as identically or similarly featured as Apple's iPod Shuffle product.

Also, the High Court does not contravene the laws by comparing the external appearance of Apple's and Luxpro's products and finding Luxpro's violation of Article 24 of the Fair Trade Act on the ground that Luxpro's act constitutes malicious and inappropriate imitation that is able to affect trading order, even though Luxpro's product in dispute may not cause confusion with iPod Shuffle product.  As to Luxpro's claim of the issue whether the reasoning of the High Court judgment that "Luxpro makes the product in any color scheme other than white one as identically or similarly featured as Apple's iPod Shuffle product" and the content of the press release of Economic Daily News are appropriate or not, it does not affect the judgment.

In view of the foregoing, the appeal is found procedurally untenable, and this ruling is hereby rendered as indicted in Text above pursuant to Article 481, the first paragraph of Article 444 and Articles 95 and 78 of the Code of Civil Procedure.

Date:   June 25, 2009

Tribunal I, Civil Division of the Supreme Court
By:  Presiding judge:   Xiao Heng-Guo
    Judge:   Ye Sheng-Li
    Judge:   Gao meng-Xun
    Judge:   Xu Shu-Lin
    Judge:   Xu Zheng-Shun

This is a true copy of the original.

Court clerk:   Chen Hui-Zhong

Date:   July 7, 2009

4

最高法院民事裁定
九十八年度台上字第一○七號

| | | |
|---|---|---|
| 上　訴　人 | 美商・蘋果股份有限公司（APPLE INC.） |
| | 設1 Infinite Loop, Cupertino,CA 9501 |
| | 4-2084, U.S.A |
| 法定代理人 | Kevin Saul |
| | 住同上 |
| 訴訟代理人 | 陳和貴律師 |
| | 吳婷婷律師 |
| | 楊敏玲律師 |
| 上　訴　人 | 茂嘉科技股份有限公司 |
| | 設台北市和平西路3段376號 |
| 法定代理人 | 吳富錦　住同上 |
| 訴訟代理人 | 張澤平律師 |

上列當事人間請求排除侵害等事件，兩造對於中華民國九十七年一月二十九日台灣高等法院第二審判決（九十六年度上字第一八五號），各自提起上訴，本院裁定如下：

主　文

兩造上訴均駁回

第三審訴訟費用由兩造各自負擔

理　由

按上訴第三審法院，非以原判決違背法令為理由，不得為之。又提起上訴，上訴狀內應記載上訴理由，表明原判決所違背之法令及其具體內容，暨依訴訟資料合於該違背法令之具體事實；其依民事訴訟法第四百六十九條之一規定提起上訴者，並應具體敘述為從事法之續造、確保裁判之一致性或其他所涉及之法律見解具有原則上重要性之理由。同法第四百六十七條、第四百七十條第二項定有明文。而依同法第四百六十八條規定，判決不適用法規或適用不當者，為違背法令；依同法第四百六十九條規定，判決有該條所列各款情形之一者，為當然違背法令。是當事人提起上

1

訴,如以同法第四百六十九條所列各款情形為理由時,其上訴狀或理由書應表明該判決有合於各該條款規定情形之具體內容,及係依何訴訟資料合於該違背法令之具體事實。如依同法第四百六十八條規定,以原判決有不適用法規或適用法規不當為理由時,其上訴狀或理由書應表明該判決所違背之法令條項,或有關判例、解釋字號,或成文法以外之習慣或法理等及其具體內容,暨係依何訴訟資料合於該違背法令之具體事實,並具體敘述為從事法之續造、確保裁判之一致性或其他所涉及之法律見解具有原則上重要性之理由。上訴狀或理由書如未依上述方法表明,或其所表明者與上開法條規定不合時,即難認為已合法表明上訴理由,其上訴自非合法。本件兩造對於原判決關於其敗訴部分各自提起上訴,雖均以該判決違背法令為由,惟核其上訴理由狀所載內容,無非均係就原審取捨證據、認定事實之職權行使,指摘其為不當,而非表明該判決所違背之法令及其具體內容,暨依訴訟資料合於該違背法令之具體事實;關於依民事訴訟法第四百六十九條之一規定提起上訴部分,尤未具體敘述為從事法之續造、確保裁判之一致性或其他所涉及之法律見解具有原則上重要性之理由,難認其已合法表明上訴理由。依首揭說明,應認其上訴為不合法。又原審已依上訴人美商·蘋果股份有限公司(下稱美商蘋果公司)之聲明,判命對造上訴人茂嘉科技股份有限公司(下稱茂嘉公司)不得自己或使第三人製造、販賣、運送、輸出、輸入使用如第一審判決附件(下稱附件)二圖片3所示商品,並不得就該商品於網路、報章雜誌或任何傳播媒體為廣告,散佈商品說明書、價目表、商品目錄,為商品說明會、展覽會及其他一切推廣促銷行為,該部分自屬有利美商蘋果公司之判決,乃美商蘋果公司因其依公平交易法第二十條第一項第一款及第二十四條規定為該項請求,原審認不構成前者,而依後一法條而為判決,即對原判決該理由部分表示不服,於法自有未合。又美商蘋果公司於第一審陳明其請求排除侵害之標的,包括任何顏色之相同或近似於系爭

2

6

「iPod Shuffle」數位音樂隨身碟產品（下稱A商品，見一審卷㈣一六六頁），第一審判決對於白色以外其他設色商品部分之請求，亦於理由中說明其不可採（見該判決一六頁倒數第六行以下）；及至原審，美商蘋果公司明確就白色以外其他設色之商品為聲明，則原審依其聲明而為判決，自難謂係訴外裁判。茂嘉公司指原判決違背民事訴訟法第三百八十八條規定云云，未免誤會。再事業違反公平交易法之規定，致有侵害他人權益之虞者，他人即得請求防止之，此觀公平交易法第三十條規定自明。茂嘉公司生產之「Super Shuffle」數位隨身碟（白色），經第一審判決認定其侵害A商品之表徵，違反公平交易法第二十條第一項第一款規定，就該部分判決美商蘋果公司勝訴確定；而原審既認生產與A商品外觀相同之其他設色之商品，亦足以影響交易秩序而違反公平交易法第二十四條規定，則其命茂嘉公司不得自己或使第三人就相同或近似於全體白色以外其他設色之A商品為製造等行為，自合於上開公平交易法之規定；此與茂嘉公司實際上有無生產白色以外其他設色之A商品，尚屬無涉。另原審既比較兩造商品之外觀，認茂嘉公司部分商品雖不致與A商品混淆，但係惡意或不當仿襲，足以影響交易秩序，則就該部分，原審認茂嘉公司違反公平交易法第二十四條規定，亦不違背法令。至於原判決理由記載「茂嘉公司生產白色以外其他設色之A產品」等語，及述及經濟日報報導之內容如何，其當否尚不影響判決結果，均附此敘明。

據上論結，本件兩造上訴均為不合法。依民事訴訟法第四百八十一條、第四百四十四條第一項、第九十五條、第七十八條，裁定如主文。

中　　華　　民　　國　九十八　年　　六　　月　二十五　日
最高法院民事第一庭
　　　　審判長法官　蕭　　亨　　國
　　　　　　法官　葉　　勝　　利

3

7



本件正本證明與原本無異　書記官　孟林順
　　　　　　　　　　　　法官
中　華　民　國　九十八　年　七　月　七　日

K