# IN THE UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF ARKANSAS

# TEXARKANA DIVISION

| | |
|---|---|
| **LUXPRO CORPORATION**, a Taiwanese corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 4:08-CV-04092-HFB ) ) |
| **APPLE INC. f/k/a Apple Computer, Inc.**, | ) ) ) ) |
| Defendant. | ) ) |

### REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
### APPLE INC.'S MOTION TO DISMISS
### THE SECOND AMENDED COMPLAINT

Pursuant to Rule 201 of the Federal Rules of Evidence, Apple Inc. hereby requests that the Court take judicial notice of (1) an injunction issued by the Ninth Panel of the Braunschweig Regional Court in Braunschweig, Germany on March 14, 2005; (2) an injunction issued by the Shihlin District Court in Taipei, Taiwan on August 18, 2005; and (3) a July 7, 2009 decision of the Taiwan Supreme Court regarding Apple's and Luxpro's respective appeals from Taiwanese lower court decisions referenced in Luxpro's complaint, which are cited in Apple's Motion to Dismiss the Second Amended Complaint ("SAC"). True and correct copies of the injunctions and their translations, as well as the Taiwan Supreme Court decision, are attached as Exhibits 2-6 to the accompanying Declaration of Thomas La Perle.

1

Federal Rule of Evidence 201 allows a court to take judicial notice of adjudicative facts "not subject to reasonable dispute in that [they are] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  "When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint,' as well as materials that are 'necessarily embraced by the pleadings.'"  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted).  A court may also consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.  *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003); *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) (district court properly took judicial notice of public record referenced in complaint); *R.P. v. Springdale Sch. Dist.*, No. 06-5014, 2007 U.S. Dist. LEXIS 12073, *6 (W.D. Ark. Feb. 21, 2007) (on motion to dismiss, considering settlement agreements referred to and relied on in the complaint).  Orders and judgments of foreign courts are also proper subjects of judicial notice.  *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 412 (6th Cir. 2006) (taking judicial notice of forty-five exhibits that included English translations of documents generated during Korean judicial proceedings); *Channer v. Brooks*, No. 3:99CV1707 (AWT) (DFM), 2001 U.S. Dist. LEXIS 25065, *2 (D. Conn. July 19, 2001) ("A federal court may take judicial notice of a decision rendered by the judicial system of a state or foreign country.")

The German and Taiwanese injunctions are a proper subject of judicial notice.  The SAC refers to (but does not attach) both of these injunctions, and Luxpro bases a number of its allegations on those injunctions.  Specifically, Luxpro alleges that "Apple applied for and received *ex parte* injunctive relief against Luxpro from a German Court" and that "Apple asked the Court to

2

require Luxpro to abandon the use of the word 'Shuffle' in the product name." (SAC ¶ 37.) Luxpro also contends that Apple obtained an injunction in Taiwan that prohibited Luxpro from manufacturing, distributing and marketing its digital music players, and that the injunction "forced to stop all production, manufacturing, advertising and marketing of its popular Tangent MP3 players." (*Id.* at ¶¶ 39, 41.) Luxpro has thus incorporated the two injunctions by reference into the SAC, allowing the Court to judicially notice them and consider them for purposes of Apple's motion to dismiss. *Mattes*, 323 F.3d at 698. The Court may judicially notice the injunctions for the additional, independent reason that they are orders of a foreign court. *Mike's Train House*, 472 F.3d at 412; *Channer*, 2001 U.S. Dist. LEXIS 25065 at *2.

The Taiwan Supreme Court decision is also a proper subject of judicial notice. The SAC refers to the litigation in Taiwan that led to this final determination in the Taiwan Supreme Court, and Luxpro bases a number of its allegations on that litigation. Specifically, Luxpro alleges that it continued the Taiwanese litigation by filing appeals after the issuance of injunctive relief, and that the Taiwan Supreme Court affirmed the injunctive relief Apple sought and won with respect to Luxpro's "Super Tangent" product. (SAC ¶¶ 41-42.) Luxpro has thus incorporated the Taiwan Supreme Court decision by reference into the SAC, allowing the Court to judicially notice it and consider it for purposes of Apple's motion to dismiss. *Mattes*, 323 F.3d at 698. The Court may judicially notice the decision for the additional, independent reason that it is an order of a foreign court. *Mike's Train House*, 472 F.3d at 412; *Channer*, 2001 U.S. Dist. LEXIS 25065 at *2.

Respectfully submitted,

*/s/Kevin A. Crass*
KEVIN A. CRASS
Arkansas Bar No.: 84029
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue
Suite 2000
Little Rock, Arkansas 72201-3522
Telephone: (501) 376-2011
Email: crass@fec.net

and

JAMES M. PRATT, JR.
Arkansas Bar No.: 74124
144 Washington Street, Northwest
P.O. Box 938
Camden, Arkansas 71701-0938
Telephone: (870) 836-7328
Email: jamiepratt@cablelynx.com

and Co-Counsel

PENELOPE A. PREOVOLOS (*pro hac vice*)
California Bar No.: 87607
STUART C. PLUNKETT (*pro hac vice*)
California Bar No.:187971
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
E-mail:  PPreovolos@mofo.com
E-mail:  SPlunkett@mofo.com

*Attorneys for Defendant Apple Inc*

## ECF ATTESTATION

I, Stuart C. Plunkett, am the ECF User whose ID and Password are being used to file this:

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

I hereby attest that Kevin A. Crass has concurred in this filing.

Dated:  February 26, 2010                                    MORRISON & FOERSTER LLP


                                                                          By:  */s/ Stuart C. Plunkett*
                                                                                    Stuart C. Plunkett

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system, this 26th day of February, 2010.

*/s/ Stuart C. Plunkett*
Stuart C. Plunkett
