## IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF ARKANSAS

## TEXARKANA DIVISION

| | |
|---|---|
| LUXPRO CORPORATION, a Taiwanese corporation, )<br>) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 4:08-CV-04092-HFB |
| ) | |
| APPLE INC. f/k/a Apple Computer, Inc., ) | |
| ) | |
| Defendant. ) | |

### APPLE INC.'S RESPONSE TO LUXPRO'S MOTION
### FOR ENTRY OF SCHEDULING ORDER

The Court should deny Luxpro's motion for entry of a scheduling order and should follow what Apple Inc. ("Apple") understands is the Court's general practice — to issue a scheduling order when Apple has answered Luxpro's complaint.

As the Court is aware, Apple responded to Luxpro's First Amended Complaint ("FAC") with a motion to transfer and a motion to dismiss. The Court granted the motion to dismiss with leave to amend and denied the motion to transfer. With regard to the denial of transfer, Apple filed a petition for writ of mandamus in the Court of Appeals for the Eighth Circuit. The Eighth Circuit subsequently requested full briefing. The matter is currently pending in the Eighth Circuit. In the interim, and over three months after the Court issued its order dismissing the

1

Dockets.Justia.com

FAC, Luxpro filed a Second Amended Complaint ("SAC") in this Court.  On February 26, 2010, Apple filed a motion to dismiss the SAC.  The motion is not yet fully briefed or set for hearing.

Based on the procedural posture of this case, it is premature to enter a scheduling order that allows discovery to commence and sets a trial date and other deadlines.  Luxpro's motion is based on its incorrect assertion that Apple has somehow engineered delay in this case by making "protracted procedural motions."  Luxpro also accuses Apple of "calculated" delays and "lack of willingness to cooperate in trial preparation."  These accusations are baseless.  The fact that the Court *granted* Apple's motion to dismiss the FAC on multiple grounds and required Luxpro to amend the complaint renders absurd Luxpro's argument that the motion was merely a "delay tactic."  Furthermore, Luxpro's argument regarding the "delay" caused by the motion to dismiss ignores the fact that Luxpro sought and received multiple extensions to file its opposition to Apple's motion; that Luxpro never opposed any extension sought by Apple to file the motion or Apple's reply; and that, unrelated to any action taken by Apple, approximately four months elapsed between the completion of the briefing and the hearing.

Nor is Apple responsible for any delay with respect to its motion to dismiss the SAC. The "delay" following the Court's rulings on Apple's motions was caused by Luxpro, not Apple: Luxpro sought and received several extensions of time, giving it over three months to file the SAC.  Had Luxpro wanted to proceed expeditiously, the timing was solely within Luxpro's control, not Apple's control.

Luxpro's argument that the motion to transfer and related writ petition were merely delay tactics is equally without merit.  Apple has not taken any action with regard to the motion to transfer that could fairly be described as causing delay.  The time it took Apple to file the writ petition had no bearing on this proceeding, and the pendency of the Eighth Circuit proceeding has in no way delayed or affected proceedings before this Court.  The Eighth Circuit, moreover,

sf-2807510

has asked for full briefing on the petition, further demonstrating the procedural soundness of Apple's actions.

Until Luxpro has a legally viable complaint, setting case deadlines and proceeding with discovery is premature and would potentially result in a substantial waste of time and resources. Luxpro provides no good reason for doing so, other than stating that the Federal Rules of Civil Procedure "contemplate" it. However, it is well-established that a court has the inherent power to control its docket to ensure "economy of time and effort for itself, for counsel, and for litigants." *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Adams v. Tyson Foods, Inc.*, No. 07-CV-4019, 2007 U.S. Dist. LEXIS 38511, *3 (W.D. Ark. May 25, 2007); *Stalley v. Regency Hosp. Co.*, No. 06-5233, 2007 U.S. Dist. LEXIS 42325, *4-5 (W.D. Ark. June 11, 2007). Courts routinely exercise this inherent power to allow pleading challenges and other motions to be resolved before discovery commences. *See, e.g.*, *Canadian Trophy Quest, Ltd. v. Cabela's Inc.*, No. 07-CV-4099, 2008 U.S. Dist. LEXIS 68099, *15 (W.D. Ark. Sept. 8, 2008) (noting that court stayed discovery pending its ruling on defendants' motion to dismiss); *Glaze v. May*, No. 2:09-CV-00113 HLJ, 2009 U.S. Dist. LEXIS 97885, *2-3 (E.D. Ark. Oct. 6, 2009) (staying discovery until motion to dismiss was resolved); *Roach v. Madden*, 728 F. Supp. 537, 538 n.1 (E.D. Ark. 1989) (noting that court stayed discovery pending resolution of defendant's summary judgment motion).

The Court should defer setting a case schedule and postpone discovery until the pleadings are settled and Apple has answered. If Apple's motion to dismiss is granted, no discovery or other action will be necessary. Even if the motion is not granted in its entirety, the Court's disposition could substantially narrow the issues, significantly limiting the scope of discovery. For example, the SAC currently identifies numerous entities that are located throughout the

sf-2807510

world.  If the Court grants Apple's motion as to all or some of these entities, the need for expensive and time-consuming international discovery will be substantially reduced.

The fact that Luxpro waited over a year to raise the issue of a scheduling order and discovery demonstrates that it has not been, and will not be, prejudiced by deferring scheduling and discovery until the case is at issue.  Luxpro provides no explanation for its own delay.  Nor does Luxpro demonstrate why, having waited so long, it needs discovery now.  In short, Luxpro has demonstrated no prejudice that would result from the Court following its ordinary procedures.  Apple, on the other hand, will suffer prejudice if it is required to expend resources on discovery regarding claims that Apple believes should be dismissed.

If the Court finds it necessary to enter a scheduling order, Apple requests that the deadlines, including the deadline for the parties' Rule 26(f) conference and opening of discovery, be keyed off of the date Apple files an answer.  A proposed scheduling order is attached as Exhibit A.

For the foregoing reasons, Luxpro's motion should denied, and entry of a scheduling order and opening of discovery should be deferred until after Apple's motion to dismiss has been resolved.  In the alternative, the Court should enter the proposed scheduling order attached to this Response as Exhibit A.

4

Dated: March 1, 2010                        Respectfully submitted,

                                            */s/Stuart C. Plunkett*

                                            PENELOPE A. PREOVOLOS (*pro hac vice*)
                                            California Bar No.: 87607
                                            STUART C. PLUNKETT (*pro hac vice*)
                                            California Bar No.: 187971
                                            MORRISON & FOERSTER LLP
                                            425 Market Street
                                            San Francisco, California  94105-2482
                                            Telephone: (415) 268-7000
                                            Facsimile: (415) 268-7522
                                            E-mail:  PPreovolos@mofo.com
                                            E-mail:  SPlunkett@mofo.com

                                            and Co-Counsel

                                            KEVIN A. CRASS
                                            Arkansas Bar No.: 84029
                                            FRIDAY, ELDREDGE & CLARK, LLP
                                            400 West Capitol Avenue
                                            Suite 2000
                                            Little Rock, Arkansas 72201-3522
                                            Telephone: (501) 376-2011
                                            Email: crass@fec.net

                                            and

                                            JAMES M. PRATT, JR.
                                            Arkansas Bar No.: 74124
                                            144 Washington Street, Northwest
                                            P.O. Box 938
                                            Camden, Arkansas 71701-0938
                                            Telephone: (870) 836-7328
                                            Email: jamiepratt@cablelynx.com

                                            *Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system, this 1st day of March, 2010.


*/s/ Stuart C. Plunkett*
Stuart C. Plunkett

6